UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 17-CV-6260 |
| | ) | Judge Robert M. Dow, Jr. |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**INTERVENOR'S MOTION TO DISMISS COUNT I
AND SUPPORTING MEMORANDUM OF LAW**

Intervenor, FRATERNAL ORDER OF POLICE, CHICAGO LODGE 7, by and through

its attorneys, Asher, Gittler & D'Alba, Ltd., hereby moves this Honorable Court to dismiss

Count I of the Complaint in the above-captioned matter pursuant to Fed.R.Civ.P. 12(b)(6), and,

in support hereof, states as follows:

**STATEMENT OF FACTS**

This is a case in which Plaintiff, the State of Illinois ("State"), has generally alleged that

Defendant, City of Chicago ("City"), has maintained policies, customs and practices in the

Chicago Police Department that have deprived persons of their rights under 42 U.S.C. § 1983,

the U.S. Constitution, the Illinois Constitution, the Illinois Civil Rights Act of 2003, and the

Illinois Human Rights Act. (Complaint at ¶¶1-2, 205-218). Count I of the State's Complaint

alleges, in relevant part, that "[t]he City and its agents engage in a repeated pattern of using force

against persons in Chicago without lawful justification." (Complaint at ¶206). According to the

State, "[t]his pattern is undertaken pursuant to a policy, custom, or practice that deprives persons

of their rights under the Fourth Amendment to the U.S. Constitution, in violation of 42 U.S.C. §

1983." (Complaint at ¶208).

## ARGUMENT

Count I must be dismissed pursuant to Rule 12(b)(6). This is because the State lacks statutory standing to assert claims pursuant to 42 U.S.C. § 1983.

Questions regarding "statutory standing" are properly evaluated under Rule 12(b)(6), instead of Rule 12(b)(1), because they do not implicate the court's statutory or constitutional power to adjudicate the case. *D.G. v. Diversified Adjustment Serv., Inc.,* No. 11 C 2062, 2011 WL 5506078, at *1 (N.D. Ill. Oct. 18, 2011) (*citing Kohen v. Pacific Inv. Mgmt. Co. LLC,* 571 F.3d 672, 677 (7th Cir.2009); *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 90, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)); *see Siegel v. HSBC Holdings, plc,* 283 F. Supp. 3d 722, 731 (N.D. Ill. 2017) (noting that arguments regarding a party's lack of statutory standing should be brought pursuant to Rule 12(b)(6)); *In re Fluidmaster, Inc.,* 149 F. Supp. 3d 940, 951 (N.D. Ill. 2016) (*citing Wright v. Assoc. Ins. Comps. Inc.,* 29 F.3d 1244, 1248 (7th Cir.1994)) (stating that "[q]uestions of statutory standing are reviewed under Rule 12(b)(6), not Rule 12(b)(1), and the Court's inquiry into statutory standing at the motion to dismiss stage is limited to the pleadings."). *Contra Mason v. Bradley,* 789 F. Supp. 273, 275 (N.D. Ill. 1992) (relying on Rule 12(b)(1) to address the question of whether a party has standing to sue under Section 1983).

Under Rule 12(b)(6), a party may move to dismiss a claim on the ground that the complaint "fails to state a claim upon which relief may be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept the complaint's well-pleaded factual allegations as true. *Transit Exp., Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir. 2001); *Help at Home, Inc. v. Medical Capital, LLC d/b/a MedCorp,* 260 F.3d 748, 752 (7th Cir. 2001). The court will find dismissal of a claim based on Rule 12(b)(6) proper if it appears beyond a doubt that a plaintiff

can prove no set of facts in support of his or her claim which would entitle him or her to relief. *Panaras v. Liquid Carbonic Industries Corp.*, 74 F.3d 786, 791 (7th Cir. 1996). Thus, a plaintiff must allege sufficient facts in the complaint to outline the elements of a cause of action to survive a motion to dismiss pursuant to Rule 12(b)(6). *Ellsworth v. City of Racine*, 774 F.2d 183, 184 (7th Cir. 1985). Although the court must presume all of the well pleaded allegations of the complaint to be true and view those allegations in the light most favorable to the plaintiff when deciding a motion to dismiss, see Help at Home, 260 F.3d at 752, the court should not strain to find inferences not plainly apparent from the face of the complaint. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).

"Statutory standing is simply statutory interpretation: the question it asks is whether Congress has accorded this injured plaintiff the right to sue the defendant to redress his injury." *D.G. ex rel. Tang v. William W. Siegel & Assocs., Attorneys at Law, LLC*, 791 F. Supp. 2d 622, 624 (N.D. Ill. 2011) (*citing Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 295 (3d Cir.2007)); *see Quinn v. Bd. of Educ. of the City of Chicago*, 234 F. Supp. 3d 922, 927 (N.D. Ill. 2017), aff'd sub nom. *Quinn v. Illinois*, 887 F.3d 322 (7th Cir. 2018) (noting that question of statutory standing is "whether a particular plaintiff has been granted a right to sue by the specific statute under which he or she brings suit"). To answer this question, the court first examines the text of the statute and then, if ambiguous, analyzes other indicia of congressional intent. *D.G. ex rel. Tang,* 791 F. Supp. 2d at 624.

Thus, to determine whether the State can even assert a claim as a plaintiff under Section 1983, the Court must consider the text of the statute at issue. Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C.A. § 1983.

Importantly, the Seventh Circuit has already answered the question of whether a State can sue as a plaintiff under Section 1983, and it has answered in the negative. *See State of Illinois v. City of Chicago*, 137 F.3d 474 (7th Cir. 1998).

In *State of Illinois v. City of Chicago*, the State brought a declaratory judgment action seeking dissolution of a regional airport authority created by the Cities of Chicago and Gary, Indiana pursuant to state laws authorizing municipal creation of such an agency in both states. Indiana supported the creation of the authority, but Illinois did not. 137 F.3d at 475. Illinois argued that the airport authority could allow Chicago and Gary to "boss around" the state on issues relating to airports. *Id.* at 476. In noting that the State's claim was simply based on a belief that the powers of government ought to be apportioned to one body rather than another, and that said claim was really a political contention, the Seventh Circuit held that the State failed to identify the source of a right of action in that matter. *Id.* at 476-477. In rejecting the statutory bases offered by the State to establish that it had a right to assert a cause of action against the City of Chicago, the Court stated that although Section 1983 offered "the usual basis of constitutional litigation," Section 1983 "is unavailable to Illinois, for a state is not a 'person' under that statute...and therefore can be neither plaintiff nor defendant in a § 1983 case." *Id.* at 477 (*citing Arizonans for Official English v. Arizona*, 520 U.S. 43, 117 S.Ct. 1055, 1069–70, 137

4

L.Ed.2d 170 (1997); *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304,

105 L.Ed.2d 45 (1989)).

The 4th Circuit has also upheld the rule that States cannot be plaintiffs under Section

1983. *Virginia Office for Prot. & Advocacy v. Reinhard*, 405 F.3d 185, 190 (4th Cir. 2005). In

that matter, the Virginia Office for Protection and Advocacy (VOPA), an independent Virginia

state agency established to protect the rights of the mentally ill, brought an action under Section

1983 against the Commissioner of the Virginia Department of Mental Health, Mental

Retardation, and Substance Abuse Services ("Department of Mental Health"). *Id.* at 185-187.

In its suit, VOPA sought a declaration that the Department of Mental Health had violated the

Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C.A. §§ 10801–10827, by

failing to provide VOPA with a list of names and contact information of Department clients who

had not been discharged within 30 days of being deemed ready for discharge by their treatment

teams. *Id.* at 187. The district court entered a preliminary injunction ordering the

Commissioner to provide the information sought by VOPA and the parties subsequently reached

a settlement of the merits. *Id.* Thereafter, VOPA sought and obtained an award of attorneys'

fees from the district court on the ground that it was a prevailing party under Section 1983. *Id.* at

187-188.

On appeal, the Commissioner contended that the district court erred in awarding fees to

VOPA because, as a state agency, VOPA was not entitled to assert a claim under Section 1983.

*Id.* at 188. The Fourth Circuit agreed, finding that VOPA failed to present any evidence of

statutory intent to allow suits by state sovereigns under Section 1983 in order to overcome the

general presumption that "person" in that statute does not include the sovereign. *Id.* at 190. The

Fourth Circuit noted that Section 1983 was enacted as part of the Civil Rights Act of 1871, the

primary objective of which was to override the corrupting influence of the Ku Klux Klan and its sympathizers on governments and law enforcement agencies of the Southern States. *Id.* The Court stated that there was no evidence that Congress sought to protect the rights of sovereign state entities as well. *Id.* Further, the Court noted that the U.S. Supreme Court has already declared in *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), that Congress did not intend for "person" in Section 1983 to include a state for purposes of determining who may be sued, and that there was no reason to construe "person" differently in the same statute for purposes of determining who can and cannot be a plaintiff. *Id.*

Section 1983 protects "any citizen of the United States or other person within the jurisdiction thereof" against "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. *State of Illinois* and *Virginia Office for Prot. & Advocacy* plainly establish that the State lacks a cause of action to assert as a plaintiff under Section 1983 because it is not a "person" under 42 U.S.C. § 1983. For this reason, Count I in this matter, a claim that is unquestionably made by the State pursuant to Section 1983, must, as a matter of law, be summarily dismissed.

## CONCLUSION

For the foregoing reasons, Intervenor FRATERNAL ORDER OF POLICE, CHICAGO LODGE 7, hereby requests that this Honorable Court enter an order (1) dismissing Count I of the State's Complaint in its entirety, with prejudice, and (2) awarding Intervenor all other relief deemed just and equitable.

Respectfully Submitted,

/s/ Joel A. D'Alba

/s/ Ryan A. Hagerty

6

Joel A. D'Alba
Ryan A. Hagerty
Asher, Gittler & D'Alba, Ltd.
200 W. Jackson Blvd., Suite 720
Chicago, IL 60606
312/263-1500 (phone)
312/263-1520 (fax)
jad@ulaw.com
rah@ulaw.com

*Attorneys for Fraternal Order of Police,*
*Chicago Lodge 7*