# EXHIBIT E

# Proposed Modifications to Transparency Provisions

Comments Submitted on Behalf of Plaintiffs in *Campbell v. City of Chicago et al.*
*State of Illinois v. City of Chicago*, Case No. 17-cv-6260

*Sample of Campbell* Plaintiffs Edits Related to Transparency

438. OAG acknowledges that the City, CPD, and COPA are working to create an electronic Case Management System ("CMS"). The City, CPD, and COPA will ensure that the CMS maintains <u>and makes available to the general public</u> accurate data regarding the number, classification, and status of all administrative investigations, from the intake process through the final disciplinary decision, if any, and through any grievance process, arbitration, Police Board proceeding or appeal relating to the final disciplinary decision (the "final disposition"). CMS will be maintained by appropriate personnel from the City, CPD, and COPA. The CMS will be fully operational by 2020. <u>The City shall ensure that non-confidential information about misconduct investigations in CMS is made publicly available in real time. The publicly-accessible components of the database shall contain at a minimum the following fields:</u>

<ul>
<li>a. <u>The log or complaint number; date and time of the event at issue in the complaint; date and time the investigative agency learned of the incident; and date the investigation was opened;</u></li>
<li>b. <u>A regularly updated explanation of the status of the complaint, e.g.: complaint received, investigator assigned, active/pending investigation, investigation closed, pending decision, etc.;</u></li>
<li>c. <u>The beat number and location to the block level of the incident;</u></li>
<li>d. <u>The name, badge number, rank, unit of assignment, date of appointment, race, gender, year of birth, and unique officer identifier of the officers who participated in the use of force or were accused of misconduct in the incident;</u></li>
</ul>

e. <u>Excluding whistleblowers, the name, badge number, rank, unit of assignment, date of appointment, race, gender, year of birth, and unique officer identifier of every other officer involved in the incident, including as witnesses;</u>

f. <u>For each officer involved, whether they were on or off duty at the time of the incident, whether they were in uniform or plain clothes; the number of previous log numbers against them within ten years of the incident; and the number of previous sustained log numbers against them within ten years of incident;</u>

g. <u>For each civilian complainant or victim involved in an investigation, the gender, race and age of the individual;</u>

h. <u>The agency conducting any disciplinary investigation of the incident; the name of the investigator responsible for the investigation; if the investigation is referred to a CPD unit, which unit; and the rank, star number, and unique identifier of the officer conducting the investigation;</u>

i. <u>For civilian complaints, whether the complaint was accompanied by a signed affidavit and, if not, the date an override was requested, and whether there was an override;</u>

j. <u>All complaint category codes for the incident;</u>

k. <u>If the investigation is based on an officer's use of a weapon, the following information:</u>

   i. <u>The type of weapon and how it was used (e.g., Taser, shooting with hits, shooting without hits, etc.);</u>

      ii.      The log number, "U" number, or any other tracking numbers associated with the incident, including CR, RD, CB, and event numbers;

      iii.      For each officer who used a weapon:

            a)      The type of weapon used (and if firearm, the type and brand);

            b)      For firearm incidents, the number of shots fired and the range at which the weapon was fired; and

            c)      For Taser incidents, the duration that the device was deployed and the number of cycles;

      iv.      Injuries sustained by any officer on the scene; and

      v.      For each target or victim of the weapon:

            a)      If an animal was targeted or victimized, the type of animal;

            b).      If a person was targeted or victimized:

                i)      The description of any weapon possessed by the person; and

                ii)      The point(s) at which any bullet impacted the person;

      vi.      Any medical care provided;

      vii.      Injuries sustained;

      viii.      Whether a person or animal was killed; and

      ix.      Whether there were offenses charged, and if so, what charges;

l.      Whether video, OEMC recordings, or other related records of the incident

        exists and if so, a link to a pubic website where the material is hosted;

m. <u>If the incident is subject to mediation, whether the mediation ended the investigation, and if so what discipline the officer agreed to serve;</u>

n. <u>The investigator's recommended outcome of the investigation for each complaint (e.g., sustained, not sustained, unfounded, or exonerated), for every officer and every allegation, including the summary report, the list of attachments to the investigation, a link to any additional information on the investigating agency's website, and recommended discipline, if any.</u>

o. <u>The date that the outcome and recommendation of discipline was presented to the Office of the Superintendent;</u>

p. <u>The date that the Superintendent made a determination about the complaint, including the recommended outcome and discipline;</u>

q. <u>If the Superintendent disagreed with the investigating agency, all information related to the disagreement, including the dates that the disagreement was communicated to relevant parties, their responses and the dates of those responses, and the ultimate resolution of the disagreement.</u>

r. <u>If the officer challenges the discipline through union arbitration, the following information;</u>

    i. <u>The date of the dispute was referred to arbitration and the date of the arbitration.</u>

    ii. <u>The name of the arbitrator.</u>

    iii. <u>The names of the City representatives in the arbitration;</u>

   iv. <u>The date that the arbitration was resolved; and</u>

   v. <u>The outcome of the arbitration, including whether any discipline was recommended and, if so, what discipline along with a link to the arbitrator's written opinion, including the reasons for the ruling.</u>

 s. <u>If the case is brought before the Police Board, the following information:</u>

   i. <u>The date the dispute was referred to the Police Board;</u>

   ii. <u>The charges filed by the attorneys pursuing the case, including a link to the charging document;</u>

   iii. <u>The date scheduled for pre-hearing motions and the date that those motions are heard;</u>

   iv. <u>The date(s) scheduled for the hearing and the date(s) it occurs;</u>

   v. <u>The name of the hearing officer and the names of the lawyers representing the City;</u>

   vi. <u>The Police Board's determination and the date the determination was made; and</u>

   vii. <u>The votes of each of the Police Board members and a link to a public website with the written decision.</u>

 t. <u>If the officer seeks administrative review of the decision in the Circuit Court of Cook County, the following information:</u>

   i. <u>The date the administrative review was filed;</u>

   ii. <u>The case number of the administrative review;</u>

   iii. <u>The names of the attorneys representing the City;</u>

      iv. <u>The outcome, including a link to any order or opinion; and</u>

      v. <u>If there are appeals to the Illinois Appellate Court or Illinois Supreme Court, the following:</u>

       a) <u>The date the appeal is filed;</u>

       b) <u>The case number of the appeal;</u>

       c) <u>The names of the attorneys representing the City; and</u>

       d) <u>The outcome, including a link to any order or opinion.</u>

    u. <u>The discipline actually imposed on the officer and the date the discipline was imposed.</u>

500. For all misconduct investigations, BIA or COPA will publish the Administrative Summary Report within ~~60~~ <u>5 business</u> days of the ~~final disciplinary decision~~ <u>completion of the investigation.</u>

501. <u>The City will update and publish information about the status of each misconduct investigation in real time, including</u> ~~Within 60 days of the final disposition, the City will publish:~~ the charges filed and the discipline recommended; the written decision(s), if any, related to the final disposition; and the discipline imposed. When available, the City will publish the date on which the discipline is scheduled to be imposed.

506. COPA, BIA, ~~and~~ the Accountability Sergeants<u>, and OIG</u> will have access to the CMS as necessary to undertake their respective duties. <u>The City will make all non-confidential information in CMS concerning misconduct complaints, investigations, and their dispositions available to the public electronically on the web.</u>

509. For each complaint, the CMS will separately track, and have capacity to

conduct searches and generate reports sufficient to identify and analyze trends relating to, at a minimum, the following:

    a. allegations of discriminatory policing based on an individual's membership or perceived membership in an identifiable group, based upon, but not limited to: race, physical or mental disability, gender, gender identity, sexual orientation, religion, and age;

    b. allegations of unlawful stop, search, citation, or arrest practices;

    c. allegations of excessive force;

    d. allegations of misconduct arising during an interaction with individuals in crisis;

    e. allegations of retaliation against non-CPD members;

    f. allegations of conduct alleged to have occurred in retaliation for engaging in First Amendment protected activities, such as lawful demonstrations, protected speech, observing or filming police activity, or criticizing an officer or the officer's conduct;

    g. allegations of officer-involved gender-based violence, domestic violence, or sexual misconduct;

    h. allegations of CPD member substance and/or alcohol abuse; ~~and~~

    i. the self-reported demographic information of complainants, including race, physical or mental disability, gender, gender identity, sexual orientation, religion, and age;

    j. <u>the demographic information of accused officers, including race, gender, and year of birth;</u>

    k.   <u>the address, beat, and district of underlying incident;</u>

    l.   <u>affidavit overrides;</u>

    m.   <u>disagreements between COPA and the Superintendent on investigatory findings and discipline, Police Board hearings, and arbitrations;</u>

    n.   <u>the types of cases subject to mediation and mediation outcomes; and</u>

    o.   <u>the length of investigation remains open.</u>

554. OAG acknowledges that the City adopted a policy relating to the public release of video footage capturing weapons discharges and incidents involving death or serious bodily injury. Consistent with applicable law, the City will <u>modify its June 2016 Video Release policy,</u> ~~continue~~ to ensure COPA publicly releases such video footage <u>within 48 hours of officer weapons discharges and incidents involving death or serious bodily injury, subject to exceptional circumstances, where it is documented in writing how the release would compromise the integrity of an investigation, but in no event shall such video be withheld for longer than 14 days</u> ~~pursuant to the June 2016 Video Release Policy for the City of Chicago~~. The Video Release Policy will not supersede or otherwise limit the City's legal obligations pursuant to state and federal transparency laws, including the Illinois Freedom of Information Act, 5 ILCS 140/1 *et seq*.

571. CPD must have an electronic system that accurately and reliably tracks <u>and publicly reports on at least a monthly basis</u> all data derived from reportable use of force incidents, including:

    a.   the response by CPD members during the incident, including the

        type(s) of force used;

b.  the date, time, location, and district of the incident;

c.  whether a foot or vehicle pursuit occurred that is associated with the incident;

d.  the actual or, if unavailable, perceived race, ethnicity, age, and gender of the subject;

e.  the name, <u>gender, race, year of birth,</u> watch, employee number, and unit and beat of assignment of any CPD member(s) who used force;

f.  CPD units identified in the incident report as being on the scene of the use of force incident;

g.  whether the incident occurred during an officer-initiated contact or a call for service;

h.  the subject's mental health or medical condition, use of drugs or alcohol, ability to understand verbal commands, or disability, as perceived by the CPD member(s) at the time force was used;

i.  the subject's actions that led to the CPD member's use of force;

j.  whether the CPD member perceived that the subject possessed a weapon and, if so, what type(s);

k.  whether the subject possessed a weapon and, if so, what type(s);

l.  whether reportable force was used against a subject that was handcuffed or otherwise in physical restraints;

m.  any injuries sustained by CPD members;

n.  any injuries sustained or alleged by the subject(s) and any medical treatment that was offered or performed on the scene of the incident;

      o. for each weapon discharged by an officer, including firearms, Tasers, and OC Devices, the number of discharges per weapon; and

      p. whether the subject was charged with an offense and, if so, which offense(s).

581. Beginning within 180 days of the Effective Date, CPD will publish on at least a monthly basis aggregated and incident-level data, excluding personal identifying information (e.g., name, address, contact information) <u>of subjects and civilian witnesses</u>, regarding reportable use of force incidents via a publicly accessible, web-based data platform.

582. The publicly accessible, web-based data platform will enable visitors to:

a. identify where reportable uses of force occur through interactive maps depicting incident frequencies at a citywide, district, neighborhood, and ward level;

b. <u>identify the officers involved in the reportable use of force, including the race, ethnicity, year of birth, gender, and unit of assignment of the officer;</u>

c. <u>identify the stated reason for the reportable use of force, and weapons used, and whether the use of force resulted in an arrest or other outcome, including all injuries;</u>

d. <u>identify the results of any supervisor review and investigation by COPA and/or BIA;</u>

e. identify the frequency, in the aggregate and by type, of reportable uses of force at the citywide, district, neighborhood, and ward level through graphs, charts, and other data visualizations; and

      f.      review aggregate demographic information about the race, ethnicity, age, and gender of persons subjected to reportable uses of force at the citywide, district, neighborhood, and ward level through graphs, charts, and other data visualizations.