UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 17-CV-6260 |
| | ) | Judge Robert M. Dow, |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**SUPPLEMENT TO COMMENTS OF THE FRATERNAL ORDER OF POLICE CHICAGO LODGE NO. 7 PROPOSED CONSENT DECREE**

The Fraternal Order of Police Chicago Lodge No. 7 submits the attached comment to a letter of Lovey & Lovey signed by Mr. Matthew Topic. This comment is submitted in support of comments of the Fraternal Order of Police Chicago Lodge No. 7 to proposed consent decree. [Doc. 156].

/s/Joel A. D'Alba
Joel A. D'Alba

Joel A. D'Alba
Asher, Gittler & D'Alba, Ltd.
200 West Jackson, Suite 720
Chicago, Illinois 60606
jad@ulaw.com
(312) 263-1500

UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| STATE OF ILLINOIS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-CV-6260 |
| | ) Judge Robert M. Dow, |
| CITY OF CHICAGO, | ) |
| | ) |
| Defendant. | ) |

## SUPPLEMENT TO COMMENTS OF THE FRATERNAL ORDER OF POLICE CHICAGO LODGE NO. 7 TO PROPOSED CONSENT DECREE

The Fraternal Order of Police Chicago Lodge No. 7 (hereinafter "the Lodge") submits this statement to respond to the letter of Mr. Matthew Topic of Loevy & Loevy dated October 12, 2018, and filed as a sealed document but was filed as an unsealed document on November 26, 2018 by order of this Court. [Doc. 667-1 p. 78].

Mr. Topic suggests that paragraph 688 of the proposed consent decree dealing with the Illinois Freedom of Information Act should be modified. Paragraph 688 proposes, "Nothing in this Agreement is intended to conflict with the Illinois Freedom of Information Act." The suggested revised language is, "Nothing in this consent decree prohibits the release of any records that are subject to disclosure under the Illinois Freedom of Information Act." The use of the apparent double negative words "nothing" and "prohibit" create a possible confusion in the context of non-disclosable information because the suggested sentence only refers to records that are subject to disclosure as distinguished from records that are not to be disclosed under Illinois law.

The proposed language does not account for those statutes which block disclosure of certain employee records. There are at least two other statutes which either require the deletion of records or do not permit the disclosure of disciplinary records that are more than four years old and prohibit the disclosure of employee evaluations:

    1.    Section 8 of the Illinois Personnel Record Review Act provides in pertinent part that an employer, and this includes a public employer, "shall delete disciplinary records, letters of reprimand, or the records of disciplinary action which are more than 4 years old." 820 ILCS 40/1(b) and 40/8. The Illinois Appellate Court has held that Section 8 of the Act prohibits the disclosure of disciplinary records that are more than four years old and that

1

        they are exempt from disclosure under the Freedom of Information Act, 5 ILCS 140, et seq. Johnson v. Joliet Police Department, 2018 IL. App.3d. 170 726, 424 IL. Dec. 245, 248, 107 N.E.3d 964, 967 (3rd Dist. 2018). In Johnson, the court affirmed a circuit court's denial of a request for an employee's disciplinary records that were more than four years old.

2.    Section 11 of the Illinois Personnel Records Review Act provides "that disclosure of performance evaluations under the Freedom of Information Act shall be prohibited." 820 ILCS 40/11.

3.    The Illinois Vehicle Code, 625 ILCS 5/11-212(f) exempts from public inspection any law enforcement officer's identification information compiled pursuant to the Act involving the issuance of a traffic citation or whenever a law enforcement officer stops a motorist for an alleged violation of the Illinois Vehicle Code and completes an uniform stop card, as required by Section 11-212(b). Under Section 11-212(f), the officer's identification shall be considered confidential and exempt from disclosure under Section 7 of the Freedom of Information Act.

This proposal as suggested by Mr. Topic is not sufficiently protective of the rights of officers under these there statutes in that these prohibitions on disclosure should be specifically mentioned in the consent decree. A clearer statement of the rights of employees will be important to ensure that members of the public are not given information which they do not have a right to review. A preferred statement would be:

> Nothing in this Agreement is intended to conflict with the Illinois Freedom of Information Act or other Illinois laws.

Respectfully submitted,

/s/Joel A. D'Alba

Joel A. D'Alba
Asher, Gittler & D'Alba, Ltd.
200 West Jackson, Suite 720
Chicago, Illinois 60606
jad@ulaw.com
(312) 263-1500