2/28/2019 External Order of Police Chicago Lodge #7 Mail - RE: [External] Re: Illinois.gov File Transfer Link - CHICAGO PD BODY CAM REPORT...

Case: 1.17-cv-06260 Document #: 713 Filed: 03/01/19 Page 1 of 2 PageID #:5305



Robert Bartlett <rbartlett@chicagofop.org>

---

## RE: [External] Re: Illinois.gov File Transfer Link - CHICAGO PD BODY CAM REPORT 18-422

**Robert Bartlett** <rbartlett@chicagofop.org>                          Mon, Mar 26, 2018 at 10:01 AM
To: "Raffety, Anthony" <Anthony.Raffety@illinois.gov>

Anthony,

Thank you for the call back.

I attached a list of all the employees who claim to have a Lead Homicide Investigator Certification and Copies they sent of the certifications.

Thank You for your help in this matter.

I look forward to your response.

Fraternally,

Bob Bartlett
[Quoted text hidden]

---

### 2 attachments

 **COPA Lead Homicide Investigator List.xlsx**
14K

 **Lead Homicide Investigator Certificates.pdf**
4082K



EXHIBIT

E

COPA Investigators

| | |
|---|---|
| Jill Ausdenmoore | Scott Crouch |
| Anthony Beckneck | Cynthia Erno |
| David Berland | Matthew E. Haynam |
| Gino Betts | Joshua T. Hunt |
| Mark Clark | Loren A. Seidner |
| Robert Coleman | Elaine Tarver |
| Sherry Daun | Jay Westenesee |
| Jaqueline Hennard | |
| Regina Halloway | |
| Mark javier | |
| Andrea Kersten | |
| Brian Killen | |
| James Lukas | |
| Norelis Martinez | |
| Mark Mitchell | |
| Chantall Morley | |
| James Murphy-Aguilu | |
| Wilbert Neal | |
| Caterina Oliveri | |
| Adam Pfeifer | |
| Erica Sangster | |
| Lakenya White | |
| Christina Chojnacki | |
| Andrew Dalkin | |
| Brian Dollar | |
| Shannon Hayes | |
| Ramona Hendricks | |
| Steffany Hreno | |
| Thomas Kalantzis | |
| Helen O'Shaughnessy | |
| Marie Elena Olvera | |
| Danielle Peterson | |
| Sean Rochford | |
| Jessica Sanchez | |
| Brandon Crase | |

# WICKLANDER–ZULAWSKI & ASSOCIATES

## DOWNERS GROVE, ILLINOIS

### HEREBY CERTIFIES THAT

## *Anthony Beckneck*

has successfully completed the

# WZ SEMINAR FOR
# LEAD HOMICIDE INVESTIGATORS

*May 8-12, 2017*

This seminar has been approved by the Illinois Law Enforcement Training & Standards Board to meet the 40-hour course requirements of Illinois Public Act 96-1111 (SB 3491) for a training program in death and homicide investigation for law enforcement officers of local government agencies.

S. A. Pickett

Stephen Kchelle

Carol A. Gadbois

Co-Chairman

Instructors



**EXHIBIT**

E 1

Case: 1:17-cv-06260 Document #: 715-2 Filed: 03/01/19 Page 1 of 3 PageID #:5308



Robert Bartlett <rbartlett@chicagofop.org>

## RE: [External] Re: Illinois.gov File Transfer Link - CHICAGO PD BODY CAM REPORT 18-422

**Raffety, Anthony** <Anthony.Raffety@illinois.gov>          Tue, Mar 20, 2018 at 8:08 AM
To: Robert Bartlett <rbartlett@chicagofop.org>

Mr. Bartlett,

We received your request: Any certifications for Chicago's Civilian Officer of Police Accountability or their predecessor Independent Police Review Authority for Lead Homicide Investigator and Crash Reconstruction Specialist.

We have no records.



**Anthony Raffety**
Program Manager
**Illinois Law Enforcement Training & Standards Board**
4500 S. Sixth Street Road, Room 173
Springfield, IL 62703-6617
Phone: (217) 782-4540
Fax: (217) 524-5350
Email: Anthony.Raffety@Illinois.gov

**From:** Robert Bartlett <rbartlett@chicagofop.org>
**Sent:** Tuesday, March 20, 2018 8:03 AM
**To:** Raffety, Anthony <Anthony.Raffety@illinois.gov>
**Subject:** [External] Re: Illinois.gov File Transfer Link - CHICAGO PD BODY CAM REPORT

Anthony,

I faxed an additional FOIA request on March 12th.  I have not received a response.

Is there anyway to check to see if your FOIA department did receive it.

It was a request for Lead homicide investigator certifications.



EXHIBIT
F

Thank You for your time,


Bob Bartlett


On Wed, Mar 14, 2018 at 7:52 AM, <anthony.raffety@illinois.gov> wrote:

You have a file (Chicago P.D..pdf) waiting for you, sent by anthony.raffety@illinois.gov.

Message from sender: FOIA Request #18-423

To download the file, simply click this link https://fileT.illinois.gov/filet/download.asp?key=
68aFolLFCuOTofoqCPvNr5aiOdnVP4Eb

If you are unsure of the sender, or question the file, validate with the sender anthony.raffety@illinois.gov  before
downloading


--

Robert Bartlett

FOP Lodge 7

Field Representative

Legal Defense Chair

(312) 733-7776 EXT 227

1412 W. Washington Boulevard

Chicago, IL. 60607


The information transmitted by this email is intended only for the person or entity to which it is addressed. This email
may contain proprietary, business-confidential and/or privileged material. If you are not the intended recipient of this
message, be aware that any use, review, retransmission, distribution, reproduction or any action taken in reliance upon
this message is strictly prohibited. If you received this in error, please contact the sender and delete the material from
all computers.


State of Illinois - CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be
attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff
communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in
error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof,
including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work
product privilege, or any other exemption from disclosure.



Robert Bartlett <rbartlett@chicagofop.org>

---

## RE: [External] Re: Illinois.gov File Transfer Link - CHICAGO PD BODY CAM REPORT 18-422

**Raffety, Anthony** <Anthony.Raffety@illinois.gov>
To: Robert Bartlett <rbartlett@chicagofop.org>
Cc: "Petty, Ellen" <Ellen.Petty@illinois.gov>

Mon, Mar 26, 2018 at 4:05 PM

I found no Board certifications for Lead Homicide Investigator training for any of the names on your list. The LHI certificates that you sent me are not Board certified certificates. If they were, they would have a certificate number on them.

The attachments are the only two individuals that I have law enforcement records for, but I would still like to cross reference them (Peterson and Pfeifer) with DOBs, if you have them. Also, I need a DOB for Mark Mitchell due to multiple results.



**Anthony Raffety**
Program Manager
Illinois Law Enforcement Training & Standards Board
4500 S. Sixth Street Road, Room 173
Springfield, IL 62703-6617
Phone: (217) 782-4540
Fax: (217) 524-5350
Email: Anthony.Raffety@illinois.gov

**From:** Robert Bartlett <rbartlett@chicagofop.org>
**Sent:** Monday, March 26, 2018 10:01 AM
**To:** Raffety, Anthony <Anthony.Raffety@illinois.gov>

[Quoted text hidden]

[Quoted text hidden]

---

**2 attachments**

 **Peterson.pdf**
595K

 **Pfeifer.pdf**
582K



D'Alba, Joel <jad@ulaw.com>

## Fwd: [External] Re: Illinois.gov File Transfer Link - CHICAGO PD BODY CAM REPORT 18-422

7 messages

Mon, Feb 25, 2019 at 5:23 PM

**From:** "Petty, Ellen" <Ellen.Petty@illinois.gov>
**Date:** September 10, 2018 at 1:58:43 PM CDT
**To:** Robert Bartlett <rbartlett@chicagofop.org>
**Subject:** RE: [External] Re: Illinois.gov File Transfer Link - CHICAGO PD BODY CAM REPORT 18-422

Thank you!

*Ellen Petty*

*Personal Assistant to the Executive Director*

*Illinois Law Enforcement Training and Standards Board*

**From:** Robert Bartlett <rbartlett@chicagofop.org>
**Sent:** Monday, September 10, 2018 1:44 PM
**To:** Petty, Ellen <Ellen.Petty@illinois.gov>
**Cc:** Kevin Graham <kgraham@chicagofop.org>
**Subject:** Re: [External] Re: Illinois.gov File Transfer Link - CHICAGO PD BODY CAM REPORT 18-422

On Mon, Sep 10, 2018 at 1:01 PM, Petty, Ellen <Ellen.Petty@illinois.gov> wrote:

Mr. Bartlett,

Good afternoon.

Director Fischer has asked me to contact you to obtain a phone number for President Graham to discuss speaking at the meeting in Chicago next week.

Thank you,



2/28/2019

Case: 1:17-cv-06260 Document #: 715-3 Filed: 03/01/19 Page 2 of 3 PageID #:5312
Asher, Gittler & D'Alba, Ltd. Mail - Fwd: [External] Re: Illinois.gov File Transfer Link - CHICAGO PD BODY CAM REPORT 18-422

*Ellen Petty*

*Personal Assistant to the Executive Director*

*Illinois Law Enforcement Training and Standards Board*

**From:** Robert Bartlett <rbartlett@chicagofop.org>
**Sent:** Wednesday, September 5, 2018 3:45 PM
**To:** Petty, Ellen <Ellen.Petty@illinois.gov>
**Subject:** Re: [External] Re: Illinois.gov File Transfer Link - CHICAGO PD BODY CAM REPORT 18-422

Ms. Petty,

I'd like to thank you again for your help in the past.

I hopping you can again assist me.

The Chicago FOP President, Kevin Graham, would like to address the Board at their quarterly meeting this month when they are here in Chicago. He is interested in addressing them regarding the issues steaming from Chicago Office of Police Accountability(COPA). Their authority to investigated Officer Involved Deaths. An authority they have no legal authority to posses and the problems it is and can cause.

I know they allow time for public input but think this issue would take longer then the allotted three minutes.

If you could put me into contact with the right individual to inquire if there is time for President Graham to address the board it would be greatly appreciated.

Thank You.

Bob Bartlett

On Tue, Mar 27, 2018 at 8:38 AM, Petty, Ellen <Ellen.Petty@illinois.gov> wrote:

Mr. Bartlett,

I would like to expand a little bit on Mr. Raffety's response to you.

In order for someone to be a certified Lead Homicide Investigator, they must first be a certified law enforcement officer who is currently working as a sworn full time or part time law enforcement officer for a recognized local law enforcement agency. Second, they must have attended a state certified 40 hour Lead Homicide Investigator course through one of the Mobile Team Units around the state, and then they

must attend 32 hours of additional LHI certified training every 4 years thereafter to maintain their certification. All certified LHIs receive an MTU certificate, a State of Illinois certificate, AND a numbered ILETSB certificate from this office. That final numbered certificate is where they get their official LHI number which identifies them as a state certified Lead Homicide Investigator.

While Wicklander-Zulawski is one of the vendors who have been approved by ILETSB to provide the 40 hour LHI certification course through the MTUs, that certification is only valid for courses offered through the MTUs. If they should provide that same class, outside of the MTU system that reports to ILETSB, it is not certified, and those who attend the course are not certified Lead Homicide Investigators.

For instance, if a law enforcement officer becomes certified as an LHI while he is working for a police agency, and he then retires and takes a private security job not affiliated with a law enforcement agency, his LHI certification is no longer valid, because he is no longer employed as a sworn law enforcement officer. However, in that same scenario, if he were to leave his department to go work for another law enforcement agency, his LHI certification would remain intact.

If a civilian person were to attend a 40 hour LHI course, they have simply attended 40 hours of instruction in that topic, because as a civilian, they are ineligible to become a certified Lead Homicide Investigator. We do not track civilians who may have received this training – only certified law enforcement officers who are eligible to be state certified.

I hope this helps to clarify the matter of who can and cannot be a state certified Lead Homicide Investigator, for future reference.

*Ellen Petty*

*Personal Assistant to the Executive Director*

*Illinois Law Enforcement Training and Standards Board*

**From:** Raffety, Anthony
**Sent:** Monday, March 26, 2018 4:05 PM
**To:** Robert Bartlett <rbartlett@chicagofop.org>
**Cc:** Petty, Ellen <Ellen.Petty@illinois.gov>
**Subject:** RE: [External] Re: Illinois.gov File Transfer Link - CHICAGO PD BODY CAM REPORT 18-422



# Illinois Law Enforcement Training and Standards Board

**Bruce Rauner, Governor**
**Brent Fischer, Executive Director**

Phone: 217/782-4540
Fax: 217/524-5350
TDD: 866-740-3933

October 25, 2018

President Kevin Graham
Fraternal Order of Police
Chicago Lodge #7
1412 West Washington Blvd.
Chicago, IL 60607

Re: COPA authorities

Dear President Graham:

The ILETSB has a longstanding history of recognizing COPA and its predecessor, IPRA, as a civilian staffed office of the Chicago municipal government. The current form of its enabling ordinance allows for its employees to conduct investigations, but does not allow for the making of arrests, the authority to carry firearms, or convey general police powers. Because of this, the Board has customarily denied any official forms of appointment to law enforcement positions by the Chief Administrator of COPA and such, employees are denied participation in basic academy or MTU-sponsored courses.

Section 10.11 of the Police Training Act provides that "Only law enforcement officers who successfully complete the (lead homicide investigator) training program may be assigned as lead investigators in death and homicide investigations." 50 ICLS 7-5/10.11 Additionally, Section 2 of the Act defines "Law enforcement officer" as "any police officer of a local governmental agency who is primarily responsible for prevention or detection of crime and the enforcement of the criminal code, traffic, or highway laws of this State or any political subdivision of this State..." 50 ILCS 705/2.

Because COPA employees are not police officers of the Chicago Police Department and are not primarily responsible for the prevention and detection of crime, they are not "law enforcement officers" and are therefore ineligible to serve as lead investigators in death and homicide investigations. While the Board does not revoke any certifications or withdraw prior approvals when an officer leaves their law enforcement employment, the ability to serve as a lead homicide investigator ceases upon receipt of their specific forms of separation. This means that any officer who was properly LHI certified while working as a law enforcement officer will continue to hold such certification upon retirement or separation, but no longer has the authority to serve in that capacity.

We understand that the technical nature of police certification can be confusing. However, we trust that this explanation of our analysis clarifies the Board's position on the role of COPA (IPRA) moving forward.

Sincerely,

Brent Fischer
Executive Director



EXHIBIT

H

4500 South 6th Street Road • Room 173 • Springfield, IL 62703
*Printed on Recycled Paper*

*House*

# AGREEMENT

## BETWEEN

## THE CITY OF CHICAGO

### AND

## FRATERNAL ORDER OF POLICE
## CHICAGO LODGE No. 7



**232 E. OHIO STREET**
**CHICAGO, ILLINOIS**
**Tel.: 467-6336**

JANUARY 1, 1981 thru JULY 1, 1983

EXHIBIT 1

EXHIBIT

I

## TABLE OF CONTENTS

| ARTICLE | PAGE |
|---|---|
| 1. PREAMBLE | 1 |
| 2. RECOGNITION | 1 |
| 3. LODGE SECURITY | 2- 3 |
| 4. MANAGEMENT RIGHTS | 3- 4 |
| 5. NO STRIKE | 4- 5 |
| 6. BILL OF RIGHTS | 5- 8 |
| 7. SUMMARY PUNISHMENT | 8- 9 |
| 8. EMPLOYEE SECURITY | 9-10 |
| 9. GRIEVANCE PROCEDURE | 10-14 |
| 10. NON-DISCRIMINATION | 14-15 |
| 11. HOLIDAYS | 15-16 |
| 12. DENTAL PLAN | 16 |
| 13. LAYOFFS - RE-EMPLOYMENT | 16-17 |
| 14. BULLETIN BOARDS | 17 |
| 15. SAFETY ISSUES | 17-18 |
| 16. SECONDARY EMPLOYMENT | 18 |
| 17. FOP REPRESENTATIVES | 18-20 |
| 18. DISABILITY INCOME | 20 |
| 19. BEREAVEMENT LEAVE | 20 |
| 20. HOURS AND OVERTIME | 21-22 |
| 21. UNIFORMS | 22 |
| 22. INDEMNIFICATION | 23 |
| 23. SENIORITY | 23-24 |
| 24. EDUCATIONAL REIMBURSEMENT | 24-25 |
| 25. LIFE INSURANCE | 25-26 |
| 26. WAGES | 26-27 |
| 27. RESIDENCY | 27 |
| 28. DURATION ENFORCEMENT AND DISPUTE RESOLUTION | 28-33 |
| 29. COMPLETE AGREEMENT | 33 |
| 30. SAVINGS CLAUSE | 33-34 |
| MEMO OF UNDERSTANDING | 35 |

## BOARD OF DIRECTORS

JOHN M. DINEEN, President

| | |
|---|---|
| VICE PRESIDENTS | FINANCIAL SECRETARY |
| MIKE NICOLETTI | JOHN GRIZZOFFI, SR. |
| TONY FINNELLY | |
| DICK LIS | SERGEANTS-AT-ARMS |
| | TONY BELMONTE |
| TREASURER | WALLY SIEMIENIAK |
| BILL NOLAN | RAY TALIMONCHUK |
| RECORDING SECRETARY | |
| JIM LIS | |

## TRUSTEES

| | |
|---|---|
| JOHN BRENNAN | HERB LITZ |
| ED DOJUTREK | PAUL NIELSEN |
| JOHN DUFFY | GEORGE PATTON, SR. |
| BILL FOSTER | BOB PODGORNY |
| JIM GOFF | RON SHOGREN |
| ED HAND | TOM SKELLY |
| KEN HAUSER | MIKE SULLIVAN |
| VERNE JOHNSON | DINO VERRE |
| HERB KORDECK | |

## ATTEND GENERAL MEETINGS
## 4th WEDNESDAY OF THE MONTH

## ARTICLE 1

### PREAMBLE

This Agreement is entered into by and between the City of Chicago, an Illinois municipal corporation ((herein referred to as the "Employer") and the Fraternal Order of Police, Chicago Lodge No. 7 (hereinafter referred to as the "Lodge").

It is the purpose of this Agreement and it is the intent of the parties hereto to establish and promote mutual harmonious understanding and relationships between the Employer and the Lodge to promote departmental efficiency and effectiveness, to establish wages, hours, standards and other terms and conditions of employment of officers covered by this Agreement, and to provide for the equitable and peaceful adjustment and resolution of differences which may arise from time to time over the negotiations, interpretation and application of this Agreement.

In consideration of the mutual promises, covenants and Agreement contained herein, the parties hereto, by their duly-authorized representatives and/or agents, do mutually covenant and agree as follows:

## ARTICLE 2

### RECOGNITION

The Employer recognizes the Lodge as the sole and exclusive collective bargaining representative for all sworn police officers below the rank of sergeant (herein referred to as "officer"), excluding probationary officers employed by the Employer in its Department of Police, provided said probationary period shall not extend beyond the present twelve (12)-month period.

The normal probationary period shall consist of twelve (12) months of actual presence during active duty. Consequently, time absence from duty or not served, for any reason, shall not apply toward satisfaction of the probationary period. During the probationary period an officer is not entitled to any rights, privileges or benefits under this agreement.

— 1 —

## ARTICLE 3
## LODGE SECURITY

### Section 3.1 Maintenance of Membership and Agency Shop.

A. Each officer who on the effective date of this Agreement is a member of the Lodge, and each officer who becomes a member after that date, shall, as a condition of employment, maintain his membership in good standing in the Lodge during the term of this agreement.

B. Any present officer who is not a member of the Lodge shall, as a condition of employment, be required to pay a fair share (not to exceed the amount of Lodge dues) of the cost of the collective bargaining process and contract administration. All officers hired on or after the effective date of this Agreement and who have not made application for membership shall, on or after the thirtieth day following the completion of their probationary period, also be required to pay a fair share of the cost of the collective bargaining process and contract administration.

### Section 3.2 Lodge Presentation At Orientation.

The Employer shall grant the Lodge an opportunity during the orientation of new officers to present the benefits of membership in the Lodge.

### Section 3.3 Dues Deduction.

With respect to any officer on whose behalf the Employer receives written authorization in a form agreed upon by the Lodge and the Employer, the Employer shall deduct from the wages of the officer the dues and/or financial obligations uniformly required and shall forward the full amount to the Lodge by the tenth (10th) day of the month following the month in which the deductions are made. The amounts deducted shall be in accordance with a schedule to be submitted to the Employer by the Lodge. Authorization for such deduction shall be irrevocable unless revoked by written notice to the Employer and the Lodge during the fifteen (15)-day period prior to the expiration of this contract. The

— 2 —

Employer will not similarly deduct the dues of any other organization as to officers covered by this agreement.

Section 3.4 Indemnity.

The Lodge shall indemnify and save the Employer harmless against any and all claims, demands, suits or other forms of liability that shall arise out of or by reason of action taken by the Employer for the purpose of complying with the above provisions of this Article, or in reliance on any list, notices, certification or assignment furnished under any of such provisions.

## ARTICLE 4
## MANAGEMENT RIGHTS

The Employer has and will continue to retain the right to operate and manage its affairs in each and every respect. The rights reserved to the sole discretion of the Employer shall include, but not be limited to, rights:

(a) to determine the organization and operations of the Department of Police;

(b) to determine and change the purpose, composition and function of each of its constituent departments, and subdivisions;

(c) to set standards for the services to be offered to the public;

(d) to direct the officers of the Department of Police, including the right to assign work and overtime;

(e) to hire, examine, classify, select, promote, restore to career service positions, train, transfer, assign and schedule officers;

(f) to increase, reduce or change, modify or alter the composition and size of the work force, including the right to relieve employees from duties because of lack of work or funds or other proper reasons;

— 5 —

(g) to contract out work when essential in the exercise of police power;

(h) to establish work schedules and to determine the starting and quitting time, and the number of hours to be worked;

(i) to establish, modify, combine or abolish job positions and classifications;

(j) to add, delete or alter methods of operation, equipment or facilities;

(k) to determine the locations, methods, means, and personnel by which operations are to be conducted, including the right to determine whether goods or services are to be made, provided or purchased;

(l) to establish, implement and maintain an effective internal control program;

(m) to suspend, demote, discharge, or take other disciplinary action against officers for just cause; and

(n) to add, delete or alter policies, procedures, rules and regulations.

Inherent managerial functions, prerogatives and policy-making rights, whether listed above or not, which the Employer has not expressly restricted by a specific provision of this agreement are not in any way, directly or indirectly, subject to the grievance and arbitration procedures contained herein, provided that no right is exercised contrary to or inconsistent with other terms of this Agreement.

## ARTICLE 5
## NO STRIKE

### Section 5.1 No Strike Commitment.

Neither the Lodge nor any officer will call, institute, authorize, participate in, sanction, encourage, or ratify any strike, work stoppage, or other concerted refusal to perform duties by any officer or officer group, or the concerted interference with, in whole or in part, the full, faithful and proper performance of the duties

— 6 —

## ARTICLE 6 SECTION 6.1 J

AN OFFICER UNDER INTERROGATION SHALL HAVE THE RIGHT TO BE REPRESENTED BY COUNSEL OF HIS OWN CHOICE AND TO HAVE THAT COUNSEL PRESENT AT ALL TIMES DURING THE INTERROGATION, AND/OR AT THE REQUEST OF THE OFFICER UNDER INTERROGATION, HE SHALL HAVE THE RIGHT TO BE REPRESENTED BY A REPRESENTATIVE OF THE LODGE, WHO SHALL BE EITHER A POLICE OFFICER ON LEAVE TO WORK FOR THE LODGE OR A RETIRED POLICE OFFICER WORKING FOR THE LODGE. THE INTERROGATION SHALL BE SUSPENDED FOR A REASONABLE TIME UNTIL REPRESENTATION CAN BE OBTAINED.

FRATERNAL ORDER OF POLICE
LODGE REPRESENTATIVES:

JOHN DINEEN, PRESIDENT

_____

_____

_____

_____

24 HOUR TELEPHONE — 467-6336

DISTRICT OR UNIT REPRESENTATIVE:

_____

TELEPHONE NUMBER: _____

WATCH REPRESENTATIVE:

_____

TELEPHONE NUMBER: _____

of employment with the Employer. Neither the Lodge nor any officer shall refuse to cross any picket line, by whomever established.

Section 5.2    Resumption of Operations.

In the event of action prohibited by Section 5.1 above, the Lodge immediately shall disavow such action and request the officers to return to work, and shall use its best efforts to achieve a prompt resumption of normal operations. The Lodge, including its officials and agents, shall not be liable for any damages, direct or indirect, upon complying with the requirements of this Section.

Section 5.3    Union Liability.

Upon the failure of the Lodge to comply with the provisions of Section 5.2 above, any agent or official of the Lodge who is an officer covered by this Agreement may be subject to the provisions of Section 6.4 below.

Section 5.4    Discipline of Strikers.

Any officer who violates the provisions of Section 5.1 of this Article shall be subject to immediate discharge. Any action taken by the Employer against any officer who participates in action prohibited by Section 5.1 above shall not be considered as a violation of this Agreement and shall not be subject to the provisions of the grievance procedure; except that the issue of whether an officer in fact participated in a prohibited action shall be subject to the grievance and arbitration procedure.

## ARTICLE 6
## BILL OF RIGHTS

Section 6.1    Conduct Of Disciplinary Investigation.

Whenever an officer covered by this Agreement is the subject of a Disciplinary Investigation other than Summary Punishment, the interrogation will be conducted in the following manner:

A.    The interrogation of the officer, other than in the initial stage of the investigation shall be scheduled at a reasonable time, preferably

— 5 —

while the officer is on duty, or if feasible, during daylight hours.

B. The interrogation, depending upon the allegation, will normally take place at either the officer's unit of assignment, the Office of Professional Standards, the Internal Affairs Division, or other appropriate location.

C. Prior to an interrogation, the officer under investigation shall be informed of the identity of the person in charge of the investigation, the interrogation officer and the identity of all persons present during the interrogation. When a formal statement is being taken, all questions directed to the officer under interrogation shall be asked by and through one interrogator.

D. No anonymous complaint made against an officer shall be made the subject of a Complaint Register investigation unless the allegation is of a criminal nature.

E. Immediately prior to the interrogation of an officer under investigation, he shall be informed in writing of the nature of the complaint and the names of all complainants.

F. The length of interrogation sessions will be reasonable, with reasonable interruptions permitted for personal necessities, meals, telephone calls and rest.

G. An officer under interrogation shall not be threatened with transfer, dismissal or disciplinary action or promised a reward as an inducement to provide information relating to the incident under investigation or for exercising any rights contained herein.

H. An officer under investigation will be provided without unnecessary delay, with a copy of any written statement he has made.

I. If the allegation under investigation indicates a recommendation for separation is probable against the officer the officer will be given the statutory administrative proceedings rights, or

— 6 —

if the allegation indicates criminal prosecution is probable against the officer the officer will be given the constitutional rights concerning self-incrimination prior to the commencement of interrogation.

J.  An officer under interrogation shall have the right to be represented by counsel of his own choice and to have that counsel present at all times during the interrogation, and/or at the request of the officer under interrogation, he shall have the right to be represented by a representative of the Lodge, who shall be either a police officer on leave to work for the Lodge or a retired police officer working for the Lodge. The interrogation shall be suspended for a reasonable time until representation can be obtained.

### Section 6.2   Non-adoption Of Ordinance.

The City of Chicago shall not adopt any ordinance and the Chicago Police Department shall not adopt any regulation which prohibits the right of an officer to bring suit arising out of his duties as an officer.

### Section 6.3   Photo Dissemination

No photo of an officer under investigation shall be made available to the media prior to a conviction for a criminal offense or prior to a decision being rendered by the Police Board.

### Section 6.4   Compulsion Of Testimony.

The Chicago Police Department shall not compel an officer under investigation to speak or testify before, or to be questioned by any nongovernmental agency relating to any matter or issue under investigation.

### Section 6.5   Auto-residency Card.

No officer shall be required to submit the information now required in an Auto-Residency Card as it applies to any other member of his family or household.

— 7 —

Section 6.8   Polygraph

When a polygraph exam is deemed necessary, the complainant will be requested to take a polygraph exam first.

If the complainant refuses to take a polygraph exam, the accused police officer will not be required to take a polygraph exam. If the complainant takes the polygraph exam and the results indicate deception, the accused officer may be required to take a polygraph exam covering those issues wherein the examiner determines that the complainant is truthful.

When the polygraph is used, the accused member will be advised 24 hours prior to the administering of the tests, in writing, of any questions to which the Department will require an answer.

If the officer under investigation requests to take a polygraph exam, he may do so.

In cases where the complainant is unknown or anonymous, an officer will not be ordered to take a polygraph exam.

## ARTICLE 7
## SUMMARY PUNISHMENT

Section 7.1   Administration Of Summary Punishment.

It is agreed that the provisions contained elsewhere in this Agreement shall not apply to Summary Punishment action, which action shall be considered as an alternative to formal disciplinary procedures, provided that in each such action the following shall apply:

A.   The summary punishment which may be administered is limited to:

1.   reprimand;

2.   excusing a member for a minimum of one day to a maximum of three days without pay.

In lieu of days off without pay, an officer may be permitted to utilize accumulated compensatory time or to work regular days off without pay to satisfy the summary punishment.

— 6 —