**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-6260 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pursuant to Federal Rule of Civil Procedure 53, the Court, with the consent of the parties, appoints the Honorable David H. Coar (ret.) to serve as a Master in this case. Please see below for the details of this appointment.

**STATEMENT**

The parties and the Court have concluded that, in view of the complexity of this case, a Master as authorized under the Federal Rules of Civil Procedure should be appointed to perform certain tasks that fall outside the scope of the Monitor's duties or would involve more time-intensive involvement than either the Monitor or the Court can devote to the issue. Under the terms of the decree, the Monitor is tasked with an enormous array of duties across an almost staggering array of topics. She must manage a large team of deputy monitors, subject matter experts, and community engagement specialists. She must collect data and prepare reports at regular intervals and her activities will be highly transparent. This Order does not alter any provision of the Consent Decree, including the responsibilities of the Monitor; it is contemplated that the Master's role will be complementary to the Monitor's. The discrete and sometimes time-sensitive duties assigned to the Master will be carefully defined through a notice, described below, that complies with Fed. R. Civ. P. 53 to ensure clear lines of responsibility and authority. The parties and the Court also have determined that engaging a Master as soon as possible after the effective date of the decree will enable the Master to become intimately involved in the effort to make progress toward implementation of the decree from its outset and thus be able to take up specific assignments quickly and effectively.

The Master shall proceed with all reasonable diligence to perform duties assigned to him. See Fed. R. Civ. P. 53(b)(2). The Master's term of service will end when the Court terminates the appointment. As an agent and officer of the Court, the Master shall have the responsibilities, powers, and protections as set forth in this Order of Appointment.

The Master will be assigned discrete projects by the Court, sometimes on the Court's initiative and other times on the suggestion of the Monitor or the parties. Because the Master's

role may change over time, the duties and responsibilities of the Master may be amended from time to time, with the parties being given notice and an opportunity to be heard prior to any such amendments as contemplated in Rule 53(b)(4). At present, the principal tasks of the Master will be (1) to facilitate dialogue on implementation issues that arise and (2) to assist the parties and other major stakeholders in resolving or at least simplifying those issues that otherwise would delay progress toward implementation of the decree and/or require judicial resolution.

The Master may perform any and all duties assigned by the Court (as well as any ancillary acts required to fully carry out those duties) as permitted by both the Federal Rules of Civil Procedure and Article III of the Constitution. Although Rule 53 contemplates that a Master may serve in an adjudicatory capacity, either as a fact finder, a decision maker, or both, at this time the Court does not envision assigning any such tasks to the Master. Instead, the Master will be a facilitator and problem-solver on specific tasks that fall outside the areas which the Monitor is best suited to handle. Thus, the Master will not file materials on the docket or comment publicly on his work unless specifically instructed otherwise by the Court. The Master will maintain a record of materials provided to the Master by the parties, the Monitor, or others.

When the Court assigns a project to the Master, the Court shall issue a notice containing a description of the scope of such project, the expected timing for its conclusion, the Master's duties for such project, see Fed. R. Civ. P. 53(b)(2)(A), any limits to the Master's authority in carrying out such project, see Fed. R. Civ. P. 53(c), a description of whether the Court requests the Master to provide a report, findings, or recommendations at the conclusion of the project, whether the Master must file any such report, findings, or recommendations on the docket and serve a copy on each party, see Fed. R. Civ. P. 53(e), the nature of the materials to be preserved and filed by the Master, see Fed. R. Civ. P. 53(b)(2)(C), including whether the Master will file with the Court a complete record of the information and documents considered in issuing any report, findings, or recommendations, and if applicable, the time limits, method of filing the record, other procedures, and standards for reviewing the Master's report, findings, or recommendations. See Fed. R. Civ. P. 53(b)(2)(D).

The Master shall have discretion to determine the appropriate procedures for resolution of all assigned matters and shall have the authority to take all appropriate measures to perform his duties fairly and efficiently and regulate all proceedings before him, unless the Court orders otherwise. See Fed. R. Civ. P. 53(c). The provisions of Fed. R. Civ. P. 53(f) shall apply, unless ordered otherwise by the Court.

The Court expects the parties to fully cooperate with the Master as he carries out his duties. If necessary, however, the Master may by order impose upon a party any sanction other than contempt and may recommend a contempt sanction against a party or any other sanction against a non-party. See Fed. R. Civ. P. 53(c)(2).

Given that the Master's focus will not be adjudication, the Master will be authorized to have *ex parte* contacts with the parties and other stakeholders as necessary to carry out his role as facilitator and problem solver. The Master also may have *ex parte* communications with the Court to ensure clarity on each assignment but will not convey to the Court any information that parties and other stakeholders provide in confidence during settlement discussions and do not authorize

the Master to communicate to the Court. Should this order be amended at a future date to designate the Master to perform any adjudicative functions, no *ex parte* communications will be permitted with either the parties or the Court as to those assignments.

The Master will be compensated by the City of Chicago and will submit invoices monthly to the City. The City will promptly forward the invoices to the Court and the State. The Court will meet with the Master and counsel for the City on a bi-annual basis to discuss compensation matters. The first such discussion will take place in the next 30 days, at which time the specific manner of compensation (*i.e.*, task or hourly basis) will be addressed. The Master will be paid a maximum of $150,000 per calendar year, inclusive of incurred expenses, unless the parties and Court agree to another amount. The Master's compensation shall not reduce or draw from any compensation or budget reserved for the Independent Monitor. In making this appointment, the Court has "consider[ed] the fairness of imposing the likely expenses on the parties and [has taken steps to] protect against unreasonable expense or delay." See Fed. R. Civ. P. 53(a)(3).

The Master shall enjoy the same protections as other federal judicial officers performing similar functions, including, but not limited to, protection from being compelled to give testimony and from liability for damages.

This order will take effect on today's date provided that the Master has filed the affidavit required by Rule 53(b)(3)(A) "disclosing whether there is any ground for disqualification under 28 U.S.C. § 455" and the Court has determined no ground for disqualification exists. If the affidavit is not filed as of today's date, the Master's appointment will be effective as of the date the Court has determined no ground for disqualification exists.

Dated: April 1, 2019

                                                    Robert M. Dow, Jr.
                                                    United States District Judge