UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STATE OF ILLINOIS,<br><br>                    Plaintiff,<br>     v.<br><br>CITY OF CHICAGO,<br><br>                    Defendant. | Case No. 17-cv-6260<br>Judge Robert M. Dow Jr. |

**AGREED FED. R. EVID. 502(d) AND CONFIDENTIAL DISCLOSURE ORDER**

Pursuant to Federal Rule of Evidence 502(d) and the Agreed Confidentiality Order in this case ("Confidentiality Order") (Dkt. 31), the parties hereby stipulate to the entry of the following order ("Order"):

1. For the purposes of this Order, the following definitions shall apply:

    A. The "Producing Party" is the party that inadvertently produces a document. This term expressly includes the Monitor and her team, or individuals or entities working for her team (collectively, "the Monitor").

    B. The "Receiving Party" is the party that receives an inadvertently produced document. This term expressly includes the Monitor.

    C. An "inadvertently produced document" or "inadvertent production" is a document or electronically stored information ("ESI") that a party to this litigation provides to the opposing party or the Monitor, but that should have been withheld by the Producing Party, in whole or in part, based on a claim of privilege, work-product protection, confidentiality as defined in the Confidentiality Order, or other restrictions on disclosure, and for which the Producing Party provides the notice required in this Order. This term also expressly includes any document or ESI

24481789.1

that the Monitor provides to any party, but that should have been withheld, in whole or in part, on any of the bases enumerated in this definition.

2.  Pursuant to the agreement of the parties under Federal Rule of Evidence 502(d), the Confidentiality Order, and this order of the Court, no disclosure, production, or exchange of documents or information in this case shall constitute a waiver of any applicable privilege, work-product protection, or confidentiality designation in this or any other federal or state proceeding. This Order applies to any documents or ESI disclosed, exchanged, produced, or discussed whether intentionally or inadvertently, among the parties, the Monitor, their counsel, and/or any of their agents (such as vendors and experts) in the course of this litigation.

3.  This Order applies regardless of whether the documents or ESI describe or relate to actions taken in this litigation, or in any other.

4.  Upon learning of an inadvertent production, the Producing Party shall promptly give the Receiving Party and all counsel of record notice of the inadvertent production. The notice shall identify the document or ESI, or the portion of the document or ESI, that was inadvertently produced, and the first date the document or ESI was produced. If the Party that produced a document or ESI claims that only a portion of the document or ESI was inadvertently produced, the Party shall provide with the notice of inadvertent production a new copy of the document or ESI with the allegedly privileged or confidential portions redacted or appropriately designated.

5.  Upon receiving notice of an inadvertent production or upon determining that a document or ESI received is known to be privileged or confidential, the Receiving Party must promptly return, sequester, or destroy the specific document or ESI and any copies it has, and shall destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged or confidential information. In order to comply with the Illinois State Records Act, 5ILCS 160/1 *et*

24481789.1

*seq.*, when applicable, the Illinois Attorney General's Office will meet the requirements of this paragraph through sequestration. The Receiving Party may not use or disclose the document or ESI until the claim is resolved. If the Receiving Party disclosed the document or information before being notified, it must take reasonable steps to retrieve and prevent further use or distribution of such document or ESI until the claim is resolved.

6. To the extent that any Party or the Monitor obtains any privileged or confidential information, documents, or communications through inadvertent disclosure, the Party or the Monitor will not use such information, documents, or communications in this or any other litigation.

7. If the Receiving Party challenges a claim that a document or ESI is properly privileged or properly designated as confidential, the Receiving Party may, in connection with a good-faith motion to challenge the privilege or confidential designation, make reference to the contents of the document or ESI in any paper submitted to the Court, so long as such filing is made under seal. If requested by the Receiving Party, the Producing Party shall provide such document or ESI to the Court for an in-camera review in conduction with prosecution of a challenge motion.

8. If the Court sustains a claim that a produced document or produced ESI is properly a privileged or confidential document or ESI, the Receiving Party shall, within seven days of the Court's order, return the privileged or confidential document or ESI and any copies it has, destroy any notes relating to the privileged or confidential document or ESI and any electronic copies of the privileged or confidential document or ESI, and advise the Producing Party in writing of the return and destruction. In order to comply with the Illinois State Records Act, 5ILCS 160/1 *et seq.*, when applicable, the Illinois Attorney General's Office will meet the requirements of this paragraph through sequestration.

24481789.1

9.      Nothing in this Order shall be construed to require the production of any document or ESI that a Party or the Monitor contends is protected from disclosure by an applicable privilege or the work-product doctrine.

Dated: 5/2/2019

_____
U.S. District Judge

We so move and agree to abide by the terms of this Order.

| **The State of Illinois** | **The City of Chicago** |
|---|---|
| By: /s/ Shareese Pryor_____ | By: /s/ Allan T. Slagel_____ |
| Shareese Pryor<br>spryor@atg.state.il.us<br>Brent D. Stratton<br>Assistant Attorneys General<br>Office of Illinois Attorney General<br>100 W. Randolph St., 12th Floor<br>Chicago, Illinois 60601<br>(312) 814-3000 | Allan T. Slagel (ARDC #6198470)<br>aslagel@taftlaw.com<br>Elizabeth E. Babbitt (ARDC #6296851)<br>Rachel L. Schaller (ARDC #6306921)<br>Paul J. Coogan (ARDC #6315276)<br>Taft Stettinius & Hollister LLP<br>111 East Wacker Drive, Suite 2800<br>Chicago, Illinois 60601<br>(312) 527-4000<br><br>Tyeesha Dixon<br>tyeesha.dixon@cityofchicago.org<br>Chicago Department of Law<br>121 N. LaSalle Street, 600<br>Chicago, IL 60614<br>(312) 744-1806 |

24481789.1