LAW OFFICES

# ASHER, GITTLER & D'ALBA, LTD.

SUITE 720
200 WEST JACKSON BOULEVARD
CHICAGO, ILLINOIS 60606

TELEPHONE (312) 263-1500
FACSIMILE (312) 263-1520

www.ulaw.com
www.worker-rights.com



June 7, 2019

David A. Johnson
Franczek, P. C.
300 S. Wacker Drive
Suite 3400
Chicago, Illinois 60606

    Re:    Point and Report Requirements of the Consent Decree and related bargaining obligations

Dear Mr. Johnson:

    This is to respond to your letter of June 4, 2019, regarding the discussions that have occurred between representatives of the Lodge and representatives of the police department concerning paragraphs 188-196 of the Consent Decree approved by District Court Judge Robert M. Dow, Jr. on January 31, 2019.

    Paragraph 188 provides that the CPD will develop a training bulletin that provides guidance on weapons discipline, including circumstances in which officers should and should not point a firearm at a person. Paragraph 189 requires the CPD to clarify its policy that an officer is to document when the officer points a weapon at a person "to detain the person" at an investigatory stop or where an arrest has occurred. These circumstances on whether officers are to report the pointing of a firearm are not specified in the Consent Decree paragraphs and should be bargained about with the Lodge. Paragraph 711 of the Consent Decree requires the bargaining obligations of IPLRA to be honored by the City, and they are not to be impaired. The District Court and the Seventh Circuit have both acknowledged the importance of the bargaining obligations that CPD has with respect to subjects arising under the Consent Decree. <u>State of Illinois v. City of Chicago</u> 912 F. 3d 979, 988 (2019); <u>State of Illinois v. City of Chicago</u>, <u>Case No: 17-cv-6260, slip op. at 11-13,</u> (Jan. 31, 2019) (N.D. Ill.).

    The bargaining sessions that have occurred on this subject with representatives of the Lodge and the City have focused on a draft of Department Notice D19-01 with an effective date of July1, 2019, and this bargaining is consistent with the mandatory subjects of bargaining

ASHER, GITTLER & D'ALBA, LTD.

requirement of the Illinois Public Labor Relations Act, ILCS 315/4 and 7. The Lodge believes that under the tripartite Central City analysis, the issue of point and report is a mandatory subject of bargaining. Central City Education Assn. v. Illinois Educational Labor Relations Board, 149 Ill. 2d 496 (1992). The issue of point and report is a matter of terms and conditions of employment for police officers and is not an inherent managerial right within the meaning of Section 4 of the IPLRA. It is an issue about which the CPD is required to bargain over the impact of the point and report requirement. Under the last step of Central City, the benefits of bargaining on this issue outweigh the burdens to the bargaining process. The Lodge is not seeking to remove the point and report paragraphs from the Consent Decree. Rather, it is seeking to bargain about its implementation, the circumstances under which it will be used and the impact on the officers and their related safety concerns.

A similar subject has been found by the National Labor Relations Board to be a mandatory subject of bargaining. Northside Center for Child Development Inc., 310 NLRB 105 (1993). There the question was whether requiring a security guard to carry a weapon is a mandatory subject of bargaining. The Board in that case held that this subject is "plainly germane to the working environment and is not among those managerial decisions, which lie at the core of interpersonal control." In addition, the question of whether the guards will carry guns is a very substantial and significant one. It can affect the safety, and indeed the life of the security guard involved. Questions concerning the safety and lives of unit employees are not insignificant matters" 310 NLRB 105.

The Lodge believes that the intent of your June 4, 2019, letter is to express or to reserve a claim that bargaining is completed and no further bargaining is necessary. Quite to the contrary, the Lodge on several occasions in the last few bargaining sessions has indicated there are more issues to talk about with respect to the point and report requirement of the Consent Decree. In fact, at the most recent meeting the Lodge indicated that it might seek permission of the District Court to extend the time period for final implementation of the point and report requirement in order for bargaining to be completed. To that end, at a status conference with Judge Dow on May 31, 2019, the Lodge advised him of the bargaining that had taken place on this subject and several subjects for which point and report should not be required, e.g., CPD officers enforcing arrest or search warrants with their guns drawn at the ready positon in order to protect their interests. In response, the Court indicated that the Lodge presented information that may not have been considered at the time the Consent Decree was drafted.

It would be inappropriate for the City to unilaterally implement the point and report requirements at this point while bargaining is still proceeding. Bargaining on the issue is not complete because the parties have negotiated on this issue for only a short period of time, there is no mutual or contemporaneous understanding of the parties that good faith negotiations have ended and the Lodge's request for information on this subject has been rejected. Department of Central Management Services v. Illinois Labor Relations Board, slip op at 6-7 and 16-17, 2018 IL App. (4th) 160827, 116 N.E. 2nd 388 (2018). In addition, the collective bargaining agreement pursuant to Section 28.2 in effect requires a status quo period on all wages, bonus and conditions of employment during the period of bargaining. This provision tracks Section 14(l) of the IPLRA. Simply put, collective bargaining negotiations have not been completed.

ASHER, GITTLER & D'ALBA, LTD.

  If the City is suggesting that it has a right to engage in piecemeal implementation of designated issues pursuant to the Consent Decree, the Lodge believes this position is not supported by existing Illinois case law in which the Illinois Appellate Court has held that it was improper for the State of Illinois to implement on a piecemeal basis an issue that arose in collective bargaining negotiations. Department of Central Management Sources v. Illinois Labor Relations Board Case No: 4-16-0827 (March 1, 2017) slip op. at 15-16. In that decision, the court granted a stay of a decision of the Illinois Labor Relations Board that seemingly entitled the state to unilaterally implement one or two issues in collective bargaining negotiations, where a number of other core issues were not yet legitimately at impasse. The court relied upon a Seventh Circuit decision noting that such piecemeal conduct "would have the effect of undermining support for the union that could include the eventual decertification of the union." Duffy Tool and Stamping, L.L.C. v. NLRB 233 Fed 995, 998 (7th Cir. 2000).

  Not only are the parties not at impasse on bargaining on this issue, but there is also an outstanding information request that needs to be resolved. The attached letter to the CPD Director of Management and Labor Affairs section of CPD explains that issue, as does the holding of the Illinois Appellate Court in Department of Central Management Services v. Illinois Labor Relations Board slip op. 16-17, 2018 IL. App.(4th) 160827, 116 NE. 3d. 388 (2018), in which the court held that CMS had committed an unfair labor practice by claiming impasse on several bargaining issues at a time when it had failed to provide information that was relevant to those issues on which the parties had a bargaining disagreement. "It would only make sense that one side cannot clam an impasse in negotiations when they have failed to provide information that could either resolve the issues separating the two sides on better explain why a particular position is taken." Id.

  For these reasons, the Lodge requests that the parties continue to bargain over the issue and that the City not implement unilaterally the Department Notice 19-01.

  Please contact the Lodge at your earliest to resume discussions on this issue.

              Very truly yours,

              *[signature]*

              Joel A. D'Alba

JAD/ssk
Enclosure

cc:  Kevin Graham