UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STATE OF ILLINOIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17-CV-6260 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO SUPLEMENT STATUS REPORT AND MOTION TO EXTEND THE IMPLEMENATION DATE OF PARAS. 358 TO 361 (UNITY OF COMMAND)**

The Fraternal Order of Police Lodge No. 7, by and through its attorneys, files this motion to Supplement the Status Report and Motion to Extend the Implementation Date of Paras. 358 to 351 (Unity of Command) [Doc. 773] with a recently discovered arbitrartion decision of importance to issues raised by the Lodge in this case and states as follows:

1. The Lodge's motion to extend the implementation date presented evidence that an agreement had been reached between the Lodge, other unions and the City of Chicago to allow work schedules to be surveyed on a pilot basis and to implement a new work schedule, <u>Lodge Motion</u>, Exhibit A. [Docket 773].

2. In addition, the Lodge submitted the Declaration of Kevin Graham to indicate the nature of the agreements that had been reached and that the final result of the piloted programs was the agreement contained in the Memorandum of Understanding in the collective bargaining agreements for the 2007 to 2012 contract and the 2012 through 2017 contract. The 2012 to 2017 collective bargaining agreement contained the Memorandum of Understanding for the current

start times for Police Officer districts and the six day off groups that comprise their work schedule

3. The status quo, approximately 22 police districts, have hours fixed as stated on page 5 of Lodge Exhibit A, [Doc. 773-4]. The Lodge's position in this case is that the hours of work in day off groups have been agreed upon.

4. The Lodge seeks to supplement its motion with the arbitration decision of Brian Clauss who adjudicated a grievance arising under the collective bargaining agreement involving a change of hours for a specialized unit of police forensic investigators whose hours had been changed in 2011. The arbitrator denied the grievance on the basis that the Memorandum of Understanding on work schedules did not cover this specialized unit and found that Unit 177 (police forensic investigators) is not in the MOU. Arbitration decision, pp. 10-11.

5. Most significant to the Lodge's positon in this case on determining whether there had been an agreement between the parties to bargain about start times and day off groups is the arbitrator's finding as to the testimony of a senior level administrator of the Chicago Police Department, Commander Donald O'Neill, the Commander of the Management Labor Affairs Section, which is responsible for coordinating collective bargaining matters and the handling of grievances with the unions representing members of the Chicago Police Department.

6. Commander O'Neill testified in the arbitration proceeding that he was a member of the work schedule committee, the very committee that negotiated the Memorandum of Agreement attached to the Lodge's motion as Exhibit B and C [Doc. 773-5 and 773-6]. He testified that the committee's work resulted in several pilot districts participating in alternative work schedules, and he also stated that the original MOU for the pilot program was expanded to

cover much of the Department and that MOU had created the current status quo for hours and day off groups.

7. The arbitrator wrote: "According to Commander O'Neill, the department gave up its management right to change designated start times for units specified in the MOU. Forensic examiners were not included in the MOU's." <u>Arbitration decision</u> p.p. 5-6. The units specified in the MOU are stated in paragraph F on page 129 of the Collective Bargaining Agreement (July 1, 2012 to June 30, 2017) and that is the schedule currently in effect for almost all of the districts in the Bureau of Patrol. Commander O'Neill's testimony rebuts the Department's claim that it has a management right to now change the start time for a large number of Officers covered by the MOU.

For the forgoing reasons, the Lodge requests permission to file this document as Exhibit D to be added to the Status Report and Motion.

Respectfully submitted,

Joel A. D'Alba

Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard - Suite 720
Chicago, Illinois 60606
(312) 263-1500 - Fax: (312) 263-1520
jad@ulaw.com
Attorney No: 50393
IL ARDC#: 0571121