IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STATE OF ILLINOIS, | ) |
| Plaintiff, | ) Case No. 17-cv-6260 |
| v. | ) Judge Robert M. Dow, Jr. |
| CITY OF CHICAGO, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Petitioner's motion to intervene [775] is denied.

**I.    Background**

Martin Preib, a Chicago Police Officer and the Second Vice President of the Fraternal Order of Police, Chicago Lodge No. 7, seeks to intervene in this lawsuit. This Court previously issued a lengthy opinion denying the Lodge's motion to intervene. *State of Illinois v. City of Chicago*, 2018 WL 3920816 (N.D. Ill. Aug. 16, 2018), *aff'd*, 912 F.3d 979 (7th Cir. 2019). The Lodge focused much of its argument for intervention on its concern that provisions of the consent decree into which the parties have now entered might conflict with provisions of its collective bargaining agreement with the City or otherwise impair its collective bargaining rights. That is not Officer Preib' concern, at least as articulated in his motion. Instead, he bases his request to intervene on assertions that (1) the "Department of Justice investigation upon which the lawsuit is predicated is flawed, biased, and corrupt" and (2) "both parties in this lawsuit intentionally ignored" evidence undermining the DOJ's conclusions "in agreeing to a consent decree and in negotiating its substance." [775, at 1.] Officer Preib further submits that the unreliable allegations by DOJ "have been accepted by this Court and others as factually correct." [*Id.* at 3.] He points to a handful of other cases[1] as evidence of "collusion among the media, elected officials and civil rights law firms to reverse convictions that should not have been reversed." [*Id.* at 6.] Evidently Officer Preib would like to become a party to this lawsuit so that he can challenge the assumptions underlying the DOJ report and the evidence presented in these other cases in the hope of providing the Court with a balanced view of policing in Chicago.

Officer Preib acknowledges the Court's prior ruling that the Lodge's motion to intervene was untimely and the Seventh Circuit's affirmance of that ruling. But he contends that the Court's "assumptions about the future course of the litigation" have "turn[ed] out to be radically incorrect" and that the "balance of interests" has "shifted" in favor of permitting intervention. [775, at 6-7.] In his reply brief, Officer Preib specifically points to the election of Mayor Lightfoot as a

---
[1] See, *e.g.*, *Serrano v. Guevara,* No. 17-cv-2869 (N.D. Ill.); *Hood v. City of Chicago*, No. 19-cv-1970 (N.D. Ill.); *Wrice v. Burge*, No. 14-cv-5934 (N.D. Ill.).

watershed moment, after which "something radically changed in the City of Chicago's position it was taking in federal court," including in some of the cases cited in his opening brief, such as *Wrice* and *Serrano*. [799, at 3-4.] According to Officer Preib, the City "is now alleging two contradictory theories about the constitutional policing in the federal courts," and "as a police officer, FOP member, and FOP Board Member [he] has the right to intervene in this lawsuit and confront the [C]ity, Attorney General, the Department of Justice and the Special Monitor" with new information. [775, at 7.]

## II. Legal Standard

Officer Preib says very little about the actual legal standards for intervention in federal lawsuits, which can occur either as of right under Rule 24(a)(2) or permissively under Rule 24(b). See Fed. R. Civ. P. 24. The rule for intervention as of right provides that, "[o]n timely motion, the court must permit anyone to intervene who * * * claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). As the Seventh Circuit has explained, this rule imposes four requirements for intervention of right: "(1) timeliness, (2) an interest relating to the subject matter of the main action, (3) at least potential impairment of that interest if the action is resolved without the intervenor, and (4) lack of adequate representation by existing parties." *Reid L. v. Illinois State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002); see also *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007). "The burden is on the party seeking to intervene of right to show that all four criteria are met." *Reid L.*, 289 F.3d at 1017. "A failure to establish any of these elements is grounds to deny the petition." *Ligas*, 478 F.3d at 773. Rule 24 also provides that a motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

If intervention as of right is not warranted, the Court may, "[o]n timely motion, * * * permit anyone to intervene who * * * has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "A court may allow intervention under Rule 24(b) only if: (1) a claim or defense of the would-be intervenor has 'a question of law or fact in common' with the main action; and (2) the intervention request is timely." *Kostovetsky v. Ambit Energy Holdings, LLC*, 242 F. Supp. 3d 708, 728 (N.D. Ill. 2017) (quoting *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2019)). "Permissive intervention under Rule 24(b) is wholly discretionary and will be reversed only for abuse of discretion." *Sokaogon Chippewa Cmty.*, 214 F.3d at 949.

## III. Discussion

As an initial matter, Officer Preib's motion neither addresses the controlling legal standards nor complies with Rule 24(c)'s requirement that he attach a proposed pleading. These are not insignificant omissions. However, even if the Court were to overlook those shortcomings, Officer Preib offers no compelling argument for intervention at this time.

One of his premises—that the City has accepted the conclusions set out in the DOJ report— is flatly contradicted by the terms of the Consent Decree itself. Specifically, paragraph 5 of the

2

decree [703] states that the City "has denied the claims in the Complaint" and is not "admitting any liability of any sort."

Officer Preib's disagreements with the City's litigation positions in the handful of cases that he cites do not present a valid basis for intervening in this lawsuit.  At any given time the City and its police officers are defendants in dozens, if not hundreds, of cases in this district.  In the Court's experience, the City takes the position that best advances its interests in each individual case—as it should.  No doubt individual police officers and the FOP do not always agree with the City's legal strategies.  Nor do the plaintiffs in those lawsuits, not to mention other non-parties interested in all aspects of policing in Chicago, including many of the advocacy groups that have pushed for the decree.  But the consent decree is not an omnibus vehicle through which any and all individual cases involving Chicago police officers are resolved, and thus any attempt to ground a motion to intervene in this case on a desire to litigate (or re-litigate) other cases is misplaced.

Finally, and most importantly, there are—and will continue to be—ample avenues for concerned citizens like Officer Preib to provide input into the process of implementing this Consent Decree for as long as it takes for the City to come into compliance.  As the Court has previously stated, "the FOP and its members have important interests in this litigation" and are on the "front line" implementing its provisions every day.  See *State of Illinois*, 2018 WL 3920816, at *11.  And, as before (see *id.*), the Court continues to receive—primarily through the Monitor and her team, but also through the FOP itself [see 714, 715, 747, 748, 753, 754, 759, 763, 773, 790, 802]—input on a wide range of issues relating to the decree.  Police officers ranging from rookie officers in training to the Interim Superintendent are involved in the implementation of the decree, and their interactions with the parties, lawyers, and the monitoring team inform the ongoing assessment of the decree on a constant basis.  Given the panoply of data and viewpoints generated through this process, there simply is no chance that Officer Preib's asserted interest in making sure that the Court has a balanced presentation of the evidence on "constitutional policing" in Chicago will be "impair[ed]" if this case proceeds "without the [proposed] intervenor."  *Reid L.*, 289 F.3d at 1017.  As a police officer, union official, researcher, and writer, Officer Preib is free to remain fully engaged in commenting on the decree and its implementation.  But he has not made the case for being accorded party status as an intervenor.

Dated: January 27, 2020

Robert M. Dow, Jr.
United States District Judge