### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| STATE OF ILLINOIS, | |
| Plaintiff, | Case No. 17-cv-6260 |
| v. | Judge Robert M. Dow Jr. |
| CITY OF CHICAGO, | |
| Defendant. | |

## THE CITY OF CHICAGO'S RESPONSE
## TO FOP'S EMERGENCY MOTION

The City of Chicago (the "City"), by and through its undersigned counsel, and in response to the Fraternal Order of Police Chicago Lodge No. 7's (the "FOP") filing styled as an *Emergency Motion to Protect Chicago Police Officers' Wellness, Health, and Safety Pursuant to Local Rule 5.6, or in the alternative, Motion for Limited Intervention* (Dkt. Nos. 841, 845), states as follows:

### INTRODUCTION

Officer health and wellness are of the utmost concern to the City and the Chicago Police Department (the "Department"), and the City remains committed to protecting the health, safety, and welfare of all Chicago police officers, both generally and consistent with the terms of the Consent Decree (Dkt. No. 703). However, the matters the FOP raises in its Motion are contractual labor issues governed by the collective bargaining agreement ("CBA") between the City and the FOP, as well as the Illinois Public Labor Relations Act ("IPLRA"). The Consent Decree is not the mechanism, and this Court is not the appropriate venue, to address issues relating to officer assignments and schedules.

## ARGUMENT

The "Carve Out" provision set forth in Paragraph 711 of the Consent Decree provides that nothing in the Consent Decree "is intended to (a) alter any of the [collective bargaining agreements] between the City and the Unions; or (b) impair or conflict with the collective bargaining rights of employees in those units under the IPLRA," or otherwise obligate the City or the FOP to violate the terms of the CBA or any bargaining obligations under the IPLRA. Dkt. 703, ¶ 711. The IPLRA identifies "hours and other conditions of employment" as matters over which employers and unions are required to bargain collectively. 5 ILCS 315/7. Those are precisely the issues raised by the FOP's Motion. *See* Dkt. No. 845 at 3 (arguing that "[t]he scheduling of Officers for as many as sixteen consecutive days between eight and twelve hours of work" is contrary to the Consent Decree's requirements).

More directly, the issues identified in the FOP's Motion concerning officer schedules and days off fall squarely within the purview of the CBA, and are therefore excluded from the Consent Decree's reach. The CBA provides CPD with the right to "direct the Officers of the Department of Police, including the right to assign work and overtime." FOP 2012 CBA, art. 4D; *see also* FOP 2012 CBA, Section 20.7 (maintaining the Employer's right to "assign Officers for duty at any time and at different times during each twenty-eight (28) day police period" and to adjust designated start times); FOP 2012 CBA, Section 20.9 ("The Employer's right to assign Officers for duty while on regular day-off status is unrestricted and unchallenged."). Additionally, Article 15 of the CBA establishes a Safety Committee "for the purpose of discussing and investigating safety and health issues relating to Officers." FOP 2012 CBA, Section 15.2. The entire CBA is available at https://www.chicago.gov/content/dam/city/depts/dol/Collective%20Bargaining%20Agreement3/ FOPCBA2012-2017_2.20.15.pdf.

The Consent Decree's provisions regarding officer health and wellness do not provide the FOP an avenue for resolving issues that are reserved for collective bargaining. Dkt. 703, ¶ 711. A review of the Consent Decree's provisions on "Officer Wellness and Support" (Section IX) confirms this. That section addresses such issues as support systems for mental health, substance abuse, and concerns relating to stress and trauma, and does not purport to require changes to matters such as hours, shifts, workloads, and assignments.

The appropriate venue to resolve any grievance the FOP may have relating to officers' schedules and hours is the grievance process set forth in the CBA. *See* FOP 2012 CBA, Article 9. This Court is not the forum to conduct such a process. *See, e.g.*, *Carver v. Nall*, 172 F.3d 513, 516 (7th Cir. 1999) (federal court cannot hear an unfair labor practice grievance).

The Superintendent is vested with the authority to manage officer schedules and to assign work and overtime. The plain language of the CBA provides that "[t]he Employer has and will continue to retain the right to operate and manage its affairs in each and every respect." FOP 2012 Collective Bargaining Agreement, art. 4. The Consent Decree does nothing to impair that authority. *See* Dkt. No. 703, ¶¶ 611, 711. To the contrary, the Consent Decree explicitly provides that "[t]he Superintendent of CPD continues to be in charge of the Department." *Id.* ¶ 611. It is the Superintendent, and respectfully not this Court, who is in the best position to adjust officers' schedules so that the Department is equipped to react to and handle exigent circumstances.

Without a basis to involve this Court in this quintessential collective bargaining issue, the FOP's request for limited intervention also fails. Moreover, the FOP provides no basis for this Court to reconsider it prior decisions denying the FOP and other of its representatives leave to intervene as a matter of right. *See State of Ill. v. City of Chicago*, Case No. 17-cv-6260, 2018 WL

3920816 (N.D. Ill. Aug. 16, 2018), *aff'd*, 912 F.3d 979 (7th Cir. 2018); *State of Ill. v. City of Chicago*, Case No. 17-cv-6260, 2020 WL 419417 (N.D. Ill. Jan. 27, 2020).

## **CONCLUSION**

The FOP provides no basis for this Court to adjudicate its purported claims regarding officer work schedules. This is not the proper venue to hear such claims. And, as a non-party to this case, the FOP seeks relief it is not entitled to receive in this litigation. For these reasons, the City respectfully requests that the Court deny FOP's Motion, including its limited request for intervention.

Dated: June 23, 2020

Respectfully submitted,

MARK A. FLESSNER
Corporation Counsel of the
**CITY OF CHICAGO**

By: /s/ Allan T. Slagel
      Special Assistant Corporation Counsel

Allan T. Slagel (ARDC #6198470)
aslagel@taftlaw.com
Elizabeth E. Babbitt (ARDC # 6296851)
ebabbitt@taftlaw.com
Rachel L. Schaller (ARDC # 6306921)
rschaller@taftlaw.com
Paul J. Coogan (ARDC # 6315276)
pcoogan@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
(312) 527-4000

Tyeesha Dixon
tyeesha.dixon@cityofchicago.org
Deputy Corporation Counsel
for Public Safety Reform
121 North LaSalle Street, Room 600
Chicago, Illinois 60614
(312) 744-1806
*Attorneys for Defendant*

27419107.6