August 9, 2020

FILED
AUG 14 2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Independent Monitoring Team

2020 AUG 14 PM 12: 06

There needs to be a stop, to police brutality. Nothing has changed. Instead of getting better under the Consent Decree, they are getting worse. Stop police brutality to women, and children now. It is awful the way these big burly men, snatch women out of cars, stop them on the street, and throw them to the ground face down, put on handcuffs, and without cause. No child should be put on the ground face down, with handcuffs. These are not men, these are cowards abusing their authority. Running up to cars with their batons in the air, and breaking out car windows, is brutal and savage. This incident was totally uncalled for, putting a group of women in danger for no reason, except they wanted to cause harm. When there is absolutely no reason for force, people should be treated like people, and respected as people. There was no reason in either of these given incidents, that if they had been police officers, they would have just walked up and explained why they were approaching these ladies. They could have been asked to stand on the side, or against the car, on sit on the curb, or any more civilized approach than that was done by these police men. The police purposely cause their own problems because they are not trained in proper ways to treat people, or situations. They don't care about people's feelings, rights, or dignity. The Chicago police department missed the majority of the consent decree deadlines in the first year. This means to the people of the city, that they don't care about the consent decree, and are either ignoring it, or they just aren't going to comply with it. They need now, more than ever, to reduce and prevent the need for force. They need more and better community policing. They need a functioning accountability system that is timely, consistent, and fair to all. They need to most of all, stop thinking force, and think, and train, for the sanctity of life for themselves and all others.


Clifola Coleman

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STATE OF ILLINOIS,<br><br>         Plaintiff,<br><br>  v.<br><br>CITY OF CHICAGO,<br><br>         Defendant. | Case No.: 1:17-cv-06260<br><br>Honorable Robert M. Dow Jr. |

## ORDER SETTING LISTENING SESSIONS AND WRITTEN COMMENT PERIOD ON THE CITY OF CHICAGO'S AND THE CHICAGO POLICE DEPARTMENT'S RESPONSES TO PROTESTS AND UNREST UNDER THE CONSENT DECREE

As previously announced, the Court will convene listening sessions on **August 19 and 20, 2020, at 1:00 to 5:00 PM via Zoom video conferencing**—due to the COVID-19 pandemic—to receive oral comments from counsel and members of the public on the City of Chicago's and the Chicago Police Department's recent responses to protests and unrest under the Consent Decree. Before the listening sessions, the Court will receive written comments. This order sets out the parameters for presenting oral and written comments.

## STATEMENT

On June 5, 2020, Monitor Maggie Hickey notified the Court that the Independent Monitoring Team will prepare a special report on the response of the City of Chicago (City) and the Chicago Police Department (CPD) to the protests and unrest since the death of George Floyd in Minneapolis, Minnesota, on May 25, 2020. In preparing the report, the Monitor has been seeking and will continue to seek direct input from a variety of sources, including, but not limited to, members of Chicago's communities, the CPD, and other City entities. Under paragraph 667 of the Consent Decree, the Independent Monitoring Team will also coordinate and confer with the Office of the Inspector General for the City of Chicago (OIG).

To assist the Court, the Monitor, and the OIG in assessing the City and the CPD's response, the Court will hold listening sessions, where members of the public may comment on the recent events. Like almost all court proceedings, these sessions will be held on the record and will be accessible by the public and the news media. In addition, the Court will invite written comments, also to be placed on the record and the public docket for this case. To ensure a fair and orderly process, any person or entity that wishes to provide oral or written comments must comply with the procedures set out in this order.

**Written Comments**: Any person or entity that wishes to provide written comments may do so by filing their document—in letter or legal brief format—with the Clerk of the Court **no later than Thursday, August 20, 2020, at 4:30 PM**. Written submissions may be hand delivered or mailed to:

1

Clerk of Court
United States District Court
Everett McKinley Dirksen Federal Building
219 South Dearborn Street, 20th Floor
Chicago, IL 60604
Re: State of Illinois vs. City of Chicago, Case No. 17-cv-6260

All written submissions will be filed on the Court's public docket in this case and therefore will be publicly available through the Court's Electronic Case Filing system. All written submissions must include the full, printed name(s) of the submitted person(s), **but must not include addresses because addresses will not be made public**. Instead, the submitting person(s) full name(s) and address(es) must be placed on the envelope in which the document is submitted, and the envelopes will be filed under seal. **No e-mails, telephone calls, or anonymous submissions will be accepted or considered**.

**Oral Comments at the Listening Sessions**: The Court will hold listening sessions on Wednesday, August 19, and Thursday, August 20, **between 1:00 PM and 5:00 PM each day** (with occasional breaks). Given the current public health emergency from the COVID-19 pandemic, the Court will host these listening sessions via Zoom video conferencing. *See* U.S. District Court for the Northern District of Illinois, Fifth Amended General Order 20-0012: In Re: Coronavirus Covid-19 Public Emergency (July 10, 2020), *available at* https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_clerksoffice/rules/admin/pdf-orders/Fifth%20Amended%20General%20Order%2020-0012.Final.pdf.

On the first day of the hearing, a representative from each of the Parties to the Consent Decree—the City and the Office of the Illinois Attorney General—and the Coalition will be given an opportunity to speak first.[1] After the Parties and the Coalition speak, members of the public will be given an opportunity to speak.

Members of the public who wish to speak at the listening sessions may register for each corresponding day using the following links (the Court and the Monitor will only use the information gathered from the registration process to determine speakers and facilitate the listening sessions):

- Wednesday, August 19, 2020, between 1:00 PM and 5:00 PM
  https://schiffhardin.zoom.us/webinar/register/WN_y8lpTYLCTkSOCE7I8obhYg

- Thursday, August 20, 2020 between 1:00 PM and 5:00 PM
  https://schiffhardin.zoom.us/webinar/register/WN_BjIOhyhdTSeOQYEXmOEkBQ

---

[1] The "Coalition" is defined as the plaintiff organizations in the *Campbell* lawsuit and the plaintiffs in the *Communities United* lawsuit, as well as other civil rights and community organizations in Chicago. *See* Consent Decree Paragraphs 709. The Parties entered into a Memorandum of Agreement with the Coalition, which provides the Coalition with certain rights under the Consent Decree. *See id.*

You may register for both days, but people who are selected will only receive one slot. People may only register on their own behalf. Anyone who needs assistance registering may contact the Independent Monitoring Team at contact@cpdmonitoringteam.com.

People who wish to speak must register **by 4:30 PM Wednesday, August 12, 2020**. **On Friday, August 14, 2020**, the Monitor will notify people who have registered to speak via email in regard to whether they secured a time slot. See below for more information on the process. Anyone who registered to speak but could not be accommodated due to the number of requests may submit in writing a copy of the remarks that they had planned with the Clerk—following the instructions above—**no later than 4:30 PM on Friday, August 28, 2020**.

Only a limited number of speaker slots will be available each day. **To accommodate as many speakers as possible, each speaker will be strictly limited to three minutes.** Only one person may speak during each time slot, except for interpreters who may join the speaker. If a speaker requires an interpreter, the Court may adjust the speaker's time beyond the time limit, as appropriate. If more people sign up to speak at the listening sessions than time permits, the Court will randomly determine the speakers using a computer program. All speakers must state their names, state any organization they represent (if applicable), and direct their comments to the Court. The Court hopes to hear from everyone who registers to speak, but the hearing will conclude at the designated time on both days even if all registered speakers have not been heard. In recognition of the possibility that the Court will not be able to accommodate all potential speakers—some of whom may not be available on either of the designated hearing dates—the Court has placed no page limitations on the written submissions.

Due to space limitations, people who do not have an opportunity to speak and/or who would like to view the listening sessions may do so via live stream on YouTube. (People who wish to speak at the listening session must consent to this live stream during registration.) Shortly before each listening session begins on each day, people who register for the listening session—and who do not receive a time slot in which to speak—will receive a link to the live stream on YouTube. Likewise, shortly before each session begins, the Monitor will also post this link on the Independent Monitoring Team website at https://cpdmonitoringteam.com/ for non-registrants. The live stream video on YouTube will no longer be available at the conclusion of each listening session. People may, however, order transcripts of the listening session from the US District Court for the Northern District of Illinois at https://www.ilnd.uscourts.gov/transcript-order-form.aspx.

**Court Rules**: Court proceedings may not be recorded, photographed, broadcast, or transmitted. Proper courtroom decorum must be maintained at all times by the speakers. In fairness to all speakers, any non-speakers (other than the judge) will be muted on the Zoom video conference. The Court and the Monitor may remove anyone from the Zoom video conference who violates the rules of the listening session.

## ACCESS COORDINATION

Any speaker who needs accommodations must identify the need for accommodations during registration. The Court has requested a Communication Access Real-time Translation (CART) provider and an American Sign Language interpreter to be present during the listening sessions. The Court is not authorized to provide foreign language interpreters at government

3

expense in civil cases. Any selected speaker who requires an interpreter may secure their own interpreter, and have the interpreter join them during their presentation. Anyone with any questions regarding these or other accommodations may contact the Independent Monitoring Team at listeningsessions@cpdmonitoringteam.com.

Dated: August 4, 2020

Robert M. Dow, Jr.
United States District Judge