# EXHIBIT 1



CITY OF CHICAGO
✳
POLICE BOARD

# RULES
# OF
# PROCEDURE

Established pursuant to
§2-84-030 of the Municipal Code of Chicago
and
§10-1-18.1 of the Illinois Municipal Code (65 ILCS 5/10-1-18.1)

18 February 2021

MONITOR00237172

# POLICE BOARD
# CITY OF CHICAGO

## RULES OF PROCEDURE
### 18 February 2021

I.  PRE-HEARING PROCEDURE

    A.  Proceedings against an officer or employee (hereinafter referred to as "Respondent") shall be commenced by the filing of written charges with the Police Board by the Superintendent of Police.

    B.  The charges shall set forth the Rule or Rules of Conduct which the Respondent is alleged to have violated and shall include specifications for each such alleged violation.

    C.  The charges and specifications shall be set forth in simple, non-technical language.

    D.  The Superintendent shall be represented at all proceedings before the Board by the Corporation Counsel of the City of Chicago.

    E.  Prior to the time of the initial status hearing each case shall be assigned for hearing to a hearing officer designated by the Board for that purpose (hereinafter referred to as "Hearing Officer").

See ¶534

    F.  At the time the case is assigned for hearing to a Hearing Officer, the date, time and place of the initial status hearing shall also be set.

    G.  A copy of the charges filed, and a notice stating the date, place, and time the initial status hearing will be held, shall be personally served on the Respondent not fewer than five (5) days before the date of the initial status hearing.  Return of service shall be made by a receipt from the Respondent on the retained copy of the charges, or by an affidavit of the officer serving same.  It is the duty of the officer serving the charges to secure service and make a return thereof without delay.

    If personal service of the charges has not been made on the Respondent after good faith and diligent attempts at such service, the Superintendent may file a motion for alternative service of the charges (such as abode service or service by certified U.S. mail). It shall be within the discretion of the Hearing Officer to grant or deny such motion.

    H.  The initial status hearing for each case shall occur no fewer than five (5) days nor more than thirty (30) days after the Respondent is served with the charges.

    I.  At the initial status hearing of each case, the Respondent shall appear in person or through an attorney of the Respondent's own choosing.  Every Respondent shall be entitled to one continuance, which continuance shall be granted at the time of the initial status hearing of each case.

J.  If the Respondent chooses to be represented by an attorney of the Respondent's own choosing, the attorney shall file a written appearance with the Police Board on an appearance form to be provided by the Board.  To facilitate the prompt production of discovery, the written appearance shall be filed at least two (2) days prior to the initial status hearing, if practicable. Once an appearance is on file with the Board all future notices sent by the Board to the attorney of record shall be deemed to be notice to the Respondent.  No attorney may appear before the Board on behalf of any Respondent until a written appearance is on file.

K.  After an initial continuance is granted, no further continuance shall be granted, except upon the agreement of all parties to the case or upon written request filed with the Secretary[1] of the Board setting forth the reason for such request at least five (5) days prior to the date set for hearing. However, the filing of a written request for continuance shall not excuse the Respondent and the Respondent's attorney, if one has been retained, from appearing in person at the designated time and place for the hearing of the charges and the request for such continuance shall be within the discretion of the Hearing Officer to grant or deny.

L.  All status hearings for each case shall be open to the public, except for good cause shown upon the filing of a written motion. It shall be within the discretion of the Hearing Officer to grant or deny such motion.

## II.  DISCOVERY AND OTHER PRE-HEARING MATTERS

A.  On or before the date of the initial status hearing of each case, the Corporation Counsel shall have available for the Respondent's attorney of record a copy of the Complaint Register investigation file pertaining to the charges filed against the Respondent. (If no written appearance by an attorney representing the Respondent is on file before the date of the initial status hearing, this requirement shall not apply.) If the Corporation Counsel's position is that a protective order is required for production and use of the file, the Corporation Counsel shall file prior to the initial status hearing a motion for entry of a protective order. If the Corporation Counsel's position is that there is good cause for not having the file available on or before the date of the initial status hearing, the Corporation Counsel shall file prior to the initial status hearing a motion for additional time to make the file available. It shall be within the discretion of the Hearing Officer to grant or deny the above motions.

*See ¶539*

B.  At the time the Corporation Counsel makes available to the Respondent a copy of the Complaint Register investigation file, the Corporation Counsel shall file with the Secretary of the Board a timeline pertaining to the investigation and the charges filed against the Respondent that lists the date on which:

   1.  The alleged misconduct occurred;

---

[1] The Executive Director of the Police Board serves as the Board's Secretary.

2. The investigating agency received the complaint or notification for investigation;

3. The accused officer was relieved of police powers, if ordered;

4. The Summary Report was completed at the conclusion of the investigation;

5. A supplemental Summary Report was completed following additional investigation, if any;

6. The investigating agency submitted its disciplinary recommendation to the Superintendent;

7. The Superintendent sent a response to the investigating agency's disciplinary recommendation; and

8. The Superintendent made his/her final disciplinary decision.

C. Prior to the hearing on charges filed with the Board, the Respondent upon written request made prior to the hearing and filed with the Secretary of the Board and the Office of the Corporation Counsel, shall be entitled to:

1. Any and all written statements made by the Respondent concerning the charges filed, which are within the custody and control of the Department of Police or any independent investigating agency that conducted the Complaint Register investigation pertaining to the charges filed against the Respondent (such as the Civilian Office of Police Accountability or the Office of the Inspector General);

2. Any and all oral statements made by the Respondent concerning the charges filed which have been reduced to writing or summaries of which have been reduced to writing which are within the custody and control of the Department of Police or any independent investigating agency;

3. Any and all oral statements of the Respondent concerning the charges filed which have been in any way mechanically recorded and which are within the custody and control of the Department of Police or any independent investigating agency;

4. Any and all written statements or written summaries of oral statements of any witness to be produced by the Superintendent in the Department's case-in-chief at the hearing of said charges;

5. Results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the particular case which are within the custody and control of the Department of Police or any independent investigating agency; and

6. Any evidence within the custody or control of the Department of Police or any

independent investigating agency which is favorable to the Respondent in terms of guilt or innocence to the charges filed against the Respondent.

D. The Corporation Counsel and the Respondent shall be given access to the Respondent's complete disciplinary file[2] and will have the opportunity to move for entry into the record of proceedings any relevant aspect of the Respondent's disciplinary file, as permitted by law and any applicable collective bargaining agreements. It shall be within the discretion of the Hearing Officer to rule on any such motion; such rulings shall be subject to review by the Board.

> See ¶536

E. Prior to a hearing on the charges, the Superintendent and the Respondent may enter into a stipulation in which the Respondent and the Superintendent agree to recommend a specific disciplinary action, including a specific term of suspension ("Stipulation"). The following procedures shall govern such Stipulations.

1. The parties shall file with the Board a written Stipulation that discloses all terms of the Stipulation.

2. Before the Board accepts a Stipulation, the Board must determine that there is a factual basis for the Stipulation. In doing so, the Board may require the parties to provide the factual basis for the charges and a summary of what evidence would be tendered at a hearing on the charges. The Board may also require the parties to provide a summary of exculpatory and inculpatory evidence, as well as facts in aggravation or mitigation. The Board requires that, as officers of the court, counsel for the Superintendent and the Respondent present a complete and fulsome summary of the information known to them.

3. If the Civilian Office of Police Accountability conducted the Complaint Register investigation pertaining to the charges filed against the Respondent, the Stipulation shall include as an exhibit documentation showing that the Chief Administrator of the Civilian Office of Police Accountability does not object to the Stipulation.

4. At any time prior to Board rendering its findings and decision, the Board may in its discretion reject the Stipulation and order the parties to proceed to a hearing on the charges.

5. Either the Superintendent or the Respondent may withdraw the Stipulation before the Board renders its findings and decision. After the Board renders its findings and decision, neither party may withdraw the Stipulation.

F. Any and all other motions which the parties desire to make shall be filed in writing with the Secretary of the Board prior to the hearing on said charges. The Hearing Officer shall rule on all motions filed prior to the hearing, which ruling shall be subject to review by the Board. However, it is within the discretion of the Hearing Officer to defer ruling on

---

[2]See Appendix A below regarding access to the Respondent's complete disciplinary file.

any motion filed prior to the hearing, and to refer said motion to the Board for determination.

G.   Any motion filed fewer than five (5) days prior to the date set for hearing on the charges or the receipt of any documents or information in response to any motion filed fewer than five (5) days prior to the date set for hearing shall not constitute grounds for a requested continuance of the hearing on said charges, unless specific justification for such late filing is presented.  The Hearing Officer shall then consider such justification in ruling on such requested continuance.  It shall otherwise be the duty of the parties to file any and all motions within the time prescribed by these Rules of Procedure, by order of the Hearing Officer prior to the hearing or, in the absence of such a rule or order, not fewer than five (5) days prior to the date set for hearing.

H.   All filings specified in Articles I – III of these rules of procedure must be filed either (1) in person at the Office of the Police Board during business hours, (2) by certified mail (the date of the postmark of the certified mailing will be considered the date of filing), or (3) by electronic mail.[3]

I.   Within the time prescribed by order of the Hearing Officer prior to the hearing or, in the absence of such an order, not fewer than five (5) days prior to the date set for hearing, any party intending to call a witness giving expert testimony at the hearing shall provide to the other party the following information in writing as to each such witness:

  1.   The subject matter on which the witness will testify;

  2.   The conclusions and opinions of the witness; and

  3.   The qualifications of the witness.

The Hearing Officer may require such additional disclosures as to expert witnesses as he or she deems appropriate.

For purposes of this rule, a witness giving expert testimony shall be the same as a "Controlled Expert Witness" as that term is used in Illinois Supreme Court Rule 213(f)(3).

J.   A pre-hearing conference may be held at any time by the Hearing Officer whenever he/ she deems that such a conference may aid in the disposition of the case or preparation for the evidentiary hearing. The parties will be notified of the date and time of a pre- hearing conference at a regularly scheduled status hearing or by written notice. All pre- hearing conferences shall be held at the office of the Police Board and shall be closed to the public. Counsel (or any other representative of the parties) who will actually try the case and parties who are unrepresented must be present, but parties represented by counsel need not appear (unless ordered to do so by the Hearing Officer). At the pre- hearing conference, counsel must be prepared to discuss the issues that will be tried, the

---

[3] See Appendix B below for the procedures for filing documents via electronic mail.

witnesses who will be called and the testimony of each witness at the hearing, and the exhibits that will be offered into evidence.

At the pre-hearing conference, the Hearing Officer shall have the discretion to require counsel to consider and discuss the following:

1. Formulation and simplification of the issues for the hearing;

2. Stipulations as to issues, evidence, or exhibits that will avoid unnecessary proof;

3. Evidentiary issues that may arise at the hearing;

4. The identity of the witnesses to be called, and the subject matter and the facts relating to the subject matter on which they will testify (counsel shall bring to the pre-hearing conference a written list of the witnesses to be called in the case in chief);

5. Limitations on the number or type of witnesses to be called in order to avoid unnecessary proof or cumulative evidence;

6. The identity of any expert witnesses to be called and the subject matter on which they will testify, as well as any other information disclosed pursuant to Section II-G above;

7. The availability of the witnesses to be called (counsel shall bring to the pre-hearing conference information as to the dates on which each witness is available to testify);

8. The exhibits each party intends to offer or use at the hearing and possible objections to such exhibits (counsel shall exchange copies of such exhibits prior to or at the pre-hearing conference, and shall bring to the pre-hearing conference a written list of the exhibits to be offered into evidence in the case in chief);

9. Any demonstrative aids to be used at the hearing;

10. The Respondent's complimentary and disciplinary record to be considered by the Police Board, and any issues pertaining to such record (the Hearing Officer shall inquire as to whether either party requested, received, and reviewed the Respondent's complete disciplinary file and, if so, whether either party plans to move for entry into the record any relevant aspect of the disciplinary file pursuant to Section II.D. above; if either party states that they have not requested the complete disciplinary file, the Hearing Officer will inquire as to whether the party is intentionally waiving the right to do so);

11. The timeline filed pursuant to Section II-B above; and

See ¶536

12. Such other matters that the Hearing Officer determines may facilitate the just, speedy, and efficient disposition of the case.

The results of the pre-hearing conference shall be set forth in a written Order to be entered by the Hearing Officer.

All counsel are required to fully participate in the pre-hearing conference, provide all information requested by the Hearing Officer in connection with sub-paragraphs 1-12 set forth above, and comply with the Hearing Officer's written pre-hearing conference Order. If any counsel fails to fully participate in such a pre-hearing conference or provide the information requested by the Hearing Officer, the Hearing Officer or the Police Board may issue sanctions against such party and/or its counsel, including but not limited to dismissal of the case, entry of an adverse judgment in the case, limitation of the scope of a witness's testimony at the hearing, or exclusion of the testimony of a witness or evidence.

## III. HEARING PROCEDURE

A. Any party shall obtain the presence of witnesses and the production of books and records for any hearing by the service of a subpoena for same issued by the Board. Subpoenas may be obtained by request made to the Secretary of the Board. No continuance shall be granted to any party for the failure for a witness to appear at any hearing unless such witness shall have been previously served with a subpoena, or unless such party demonstrates a good faith attempt to have served a subpoena on any such witness.

B. The Hearing Officer (or authorized designee) shall administer oaths for the purpose of receiving sworn testimony at any hearing or proceeding conducted by the Board. Any officer authorized by law to administer oaths shall be authorized to administer oaths for the purpose of receiving sworn testimony at any hearing of charges before the Board.

C. The Superintendent shall present evidence in support of the charges filed, and the Respondent may then offer evidence in defense or mitigation. If the Respondent offers evidence in defense or mitigation, the Superintendent may then follow with evidence in rebuttal, including evidence in aggravation that rebuts evidence the Respondent offered in

See ¶534

mitigation. The evidentiary hearing shall be transcribed and video-recorded in its entirety.

The evidentiary hearing shall be open to the public, except for good cause shown upon the filing of a written motion. Such motion shall be filed not fewer than thirty (30) days prior to the evidentiary hearing. The Hearing Officer shall refer the motion to the Board for determination.

It shall be within the discretion of the Hearing Officer to rule on the relevance and extent of any evidence offered; such rulings shall be subject to review by the Board.

Unless the Board, in its discretion, sets the matter for additional proceedings pursuant to

Police Board
Rules of Procedure

18 February 2021
Page 7 of 19

17-cv-06260

MONITOR00237179

Section H below, all evidence and arguments shall be presented prior to the case being taken under advisement by the Board, which shall then read and review the complete record of proceedings and view the video recording of the entire evidentiary hearing without limitation; while the Board shall review at one time all evidence and arguments presented, the Board shall consider any evidence in mitigation and aggravation solely for the purpose of determining the disciplinary action to be imposed, if any.

D. The testimony of all witnesses, whether offered by the Superintendent or Respondent, shall be subject to cross-examination. The Hearing Officer shall not be bound by the formal or technical rules of evidence; however, hearsay evidence shall not be admissible during the hearing, unless an Illinois statute or rule of evidence provides otherwise.

E. The Hearing Officer shall allow time at the close of the evidence for closing arguments. Counsel for the Superintendent will give the opening argument, which will be followed by the Respondent. Following the Respondent's closing argument, the Counsel for the Superintendent shall be given time for rebuttal argument. If Counsel for the Superintendent waives argument but the Respondent does not, Counsel for the Superintendent will be given opportunity for a rebuttal argument. If, however, the Respondent waives closing argument, the Counsel for the Superintendent shall not be given opportunity to make a rebuttal argument.

F. If the Respondent does not appear or absents her/himself from any proceedings conducted by the Board, the Hearing Officer may proceed with the hearing in the absence of the Respondent.

See ¶535

G. Following the close of all evidence and arguments, the Hearing Officer shall prepare a written report that sets forth evidence presented at the hearing: (1) in support of the charges filed; (2) in defense or mitigation; and (3) in rebuttal, including evidence and aggravation, if any. The Hearing Officer's report shall also include information relating to witness credibility.

The Police Board may, at its discretion, direct the Hearing Officer to additionally prepare a written report and recommendation that set forth findings of fact and conclusions of law, including any findings related to witness credibility.

Counsel for the Superintendent and the Respondent shall have fourteen (14) days to review the Hearing Officer's report and any recommendation, and file a written response, which shall be limited to addressing any material omissions or inaccuracies in the Hearing Officer's report or recommendation.

The Hearing Officer's report and any recommendation and the parties' written responses to the same shall be made part of the record of proceedings, and shall be reviewed by the Police Board.

H. Following the fourteen-day deadline for filing a response to the Hearing Officer's report, the case will be taken under advisement by the Police Board. Prior to any vote by a

Police Board
Rules of Procedure

18 February 2021
Page 8 of 19

17-cv-06260

MONITOR00237180

Board member following any disciplinary hearing, <mark>the Board member is required to read and review the complete record of proceedings[4] and view the video recording of the entire evidentiary hearing (and certify that he/she has done so).</mark>

<div style="border:1px solid">See ¶535</div>

All rulings by the Hearing Officer shall be subject to review by the Board. In due course, the Board will render its findings and decision as provided by law.

The Board may, in its discretion, after finding a Respondent guilty of one or more rule violations, set the matter for additional proceedings for the purpose of determining administrative action. The Superintendent and the Respondent, or through counsel, may submit any information concerning the Respondent's past work performance or other relevant information in mitigation or aggravation which would assist the Police Board in determining administrative action required. Witnesses may appear on behalf of the Superintendent or the Respondent to give sworn testimony.

Pursuant thereto, the Police Board shall issue its written findings and decision including penalty, if any.

I. The findings and decision of the Police Board shall be preserved by the Secretary of the Board, who shall notify the Superintendent and the Respondent of the Board's action.

J. The Secretary of the Board shall forward the findings and decision of the Board to the Superintendent for enforcement of the Board's action. If the findings and decision is such that the Respondent is guilty of the charges filed and removal, discharge or suspension is ordered, such order shall become effective forthwith.

K. Following the issuance of the Board's findings and decision, the record of proceedings shall be available to the public upon request, except that information that is legally exempt from disclosure may be redacted or not made available.

L. At all times during the Police Board's pre-hearing, discovery, and hearing process, all counsel shall conduct themselves in a civil, courteous, and respectful manner; shall abstain from abusive, hostile, or obstructive conduct; and shall not engage in conduct that brings disorder or disruption to Police Board proceedings.

The Hearing Officer or the Police Board may impose sanctions against any counsel who violates this Rule, and against counsel's client, including but not limited to dismissal of the case, entry of an adverse judgment, limitation or exclusion of testimony or other evidence, or such other sanction as the Hearing Officer or the Police Board may deem appropriate.

---

[4] See Appendix C below for a listing of the contents of the record of proceedings that shall be provided to the Board members.

## IV. SUSPENSION REVIEW PROCEDURES

### A. NOTICE

In all cases in which the Superintendent of Police has ordered a member to be suspended for a period of time, no fewer than six (6) days nor more than thirty (30) days, the member of the Department to be suspended will be served with a notice stating the length of suspension and the reason therefor. The notice will also set forth the various options available to the Department member to have the suspension reviewed.

### B. PROCEDURES

1. To have the proposed suspension reviewed by the Police Board, the member must file a request within three business days of being properly notified of the suspension and the right to request Police Board review. Failure to file within the period allotted constitutes a waiver of the member's right to review. Requests for review must be filed in person at the Office of the Police Board during business hours, or by certified mail (the date of the postmark of the certified mailing will be considered the date of filing).

2. Upon the filing of the request for review the member will receive a time-stamped copy of the request indicating that the request was filed within the period allotted. A time-stamped copy will be forwarded to the Superintendent of Police; a copy will also be sent to any independent investigating agency that conducted the Complaint Register investigation (such as the Civilian Office of Police Accountability or the Office of the Inspector General).

3. At the time of the filing or within five business days thereafter the member may also submit a written memorandum delineating specific reasons for which the review was requested and documentary evidence, if any. If the member submits a written memorandum and/or documentary evidence, the Superintendent and the investigating agency shall each have an opportunity to provide a written response and/or documentary evidence. Upon receiving the copy of the request for review, the Superintendent and/or the investigating agency may also file a written memorandum concerning the matter.

4. Upon receipt of the investigation file and the material noted in item 3 above, the Secretary of the Police Board will assign the review of the file and above material to a Hearing Officer of the Police Board within one calendar week.

5. The Hearing Officer must complete the review within one calendar week of being assigned the review, and upon completion of the review will submit a written report to each member of the Police Board indicating the specific allegations against the member, the evidence contained in the file and above material supporting the allegations as well as information in the file and above material indicating evidence not supporting the allegations.

6. The Police Board in executive session will consider the report of the Hearing Officer who has reviewed the file and will vote either to sustain, reduce the length of, or reverse the suspension ordered by the Superintendent. A majority vote by the Police Board will be required to render its findings and decision. However, the Police Board may in its discretion order a hearing before the Hearing Officer prior to making a determination to sustain, reduce the length of, or reverse the suspension ordered by the Superintendent.

7. Any member of the Police Board may personally examine the investigative file and the material noted in item 3 above on her/his own initiative before the findings and decision are rendered by the Police Board.

8. Upon completion of deliberation, the Police Board will cause the Secretary of the Police Board to prepare the written findings and decision and forward copies to the Superintendent of Police and to the member who has requested the review.

9. Upon receipt of the findings and decision of the Police Board affirming the Superintendent's order, the Superintendent of Police may then immediately implement the suspension.

## C. EMERGENCY PROCEDURES

1. The member shall be served with a notice of suspension including an express finding by the Superintendent of Police that the public safety, or the good of the Department or both require the immediate suspension of the member.

2. No later than seven (7) days after service of the notice of emergency suspension a Police Board Hearing Officer shall review the order of the Superintendent together with the reasons therefor and shall at that time preliminarily affirm or reverse such order. If the order is reversed, the member shall be reinstated and paid for any period under suspension as a result of the order. If the order is preliminarily affirmed, the Police Board shall within thirty (30) days of such affirmance review such order and may in its discretion, afford the member an opportunity to receive a hearing pursuant to the Rules of Procedure of the Police Board.

3. If the Police Board, upon hearing, determines that the emergency suspension was unwarranted, the Police Board shall order the member reinstated and paid for any period under suspension as a result of the order.

## D. SUSPENSION ACCOMPANIED BY FILING OF CHARGES

The procedures contained in Article IV do not apply to any suspension implemented by the Superintendent of Police which is accompanied by the filing of charges with the Police Board seeking a member's discharge or suspension in excess of thirty (30) days,

except that no later than seven (7) days after service of the notice of suspension a Police Board hearing officer other than the one to whom the case is assigned shall review the order of the Superintendent together with the reasons therefor (that is, the charges and the Summary Report of the investigation that led to the charges) and shall at that time determine whether suspension pending the disposition of charges is warranted. Review of the suspension implemented by the Superintendent of Police in such instances will be considered in connection with the hearing before the Police Board.

## V. APPLICATION OF RULES OF PROCEDURE

A. At the time the Respondent is served with charges filed against her/him by the Superintendent as provided herein, the Respondent shall also be given a copy of these Rules of Procedure.

B. All time limitation contained in these Rules regarding continuances and motions shall be subject to exception in cases of extreme hardship, unusual circumstances or other justification. Any deviation therefrom shall be within the discretion of the Hearing Officer designated to conduct the hearing, and whose ruling shall be subject to review by the Board at the time the case is taken under advisement.

## VI. REVIEWS OF DISCIPLINARY-RELATED RECOMMENDATIONS UNDER THE CIVILIAN OFFICE OF POLICE ACCOUNTABILITY ORDINANCE

Chapter 2-78 of the Municipal Code of Chicago relating to the Civilian Office of Police Accountability ("COPA") imposes on the Police Board certain duties when a disagreement arises between the COPA Chief Administrator ("Chief Administrator") and the Superintendent of Police ("Superintendent") over the recommended discipline for Police Department ("Department") members under investigation for violating Department rules. In particular, §2-78-130(a)(iii) of the COPA Ordinance assigns a member of the Police Board a role in resolving any such disagreement. The following Rules of Procedure set forth the method by which the Police Board will perform such duties under §2-78-130(a)(iii) of the COPA Ordinance.

A. To perform its duties under the COPA Ordinance, the Police Board shall designate from its membership one member to review disciplinary recommendations ("Reviewing Member"). The Reviewing Member shall be selected from a randomly-generated list of Board members. The Reviewing Member so selected shall consider one request for review; the next Board member on the list shall consider the next request for review, and so on. Substitution of the Reviewing Member may be made from time to time, as authorized by the Police Board, in the event that the Reviewing Member becomes unavailable to perform the functions required of a Reviewing Member.

B. A request for review of a disciplinary recommendation ("Request for Review") by the Chief Administrator shall be sent to the Office of the Police Board and to the attention of

the Executive Director of the Police Board. The Request for Review shall consist solely of: (1) the recommendation of discipline issued by the Chief Administrator (recommended findings for each allegation of misconduct and recommended disciplinary action), (2) the Superintendent's written response to the Chief Administrator's recommendation of discipline, addressing each allegation and the recommended disciplinary action, and (3) the Chief Administrator's written objections to the Superintendent's response. The Request for Review shall be accompanied by a certificate from the Chief Administrator stating: (1) the date on which the Chief Administrator issued the recommendation of discipline, (2) the date on which the Chief Administrator received the Superintendent's written response, (3) the date(s) on which the Chief Administrator and Superintendent met to discuss the Superintendent's response, as required under the COPA Ordinance, (4) the date and method by which the Chief Administrator sent the Request for Review to the Office of the Police Board, and (5) pursuant to §2-78-130, a certification from the Chief Administrator that the Superintendent was provided notice that the Chief Administrator had referred a particular matter for a Request for Review to the Office of the Police Board ("Certificate"). In addition, the Chief Administrator shall promptly send to the Superintendent a notice and a copy of the Certificate and all Request for Review material that was sent to the Office of the Police Board.

C. Upon receipt, the Executive Director of the Police Board will prepare for and forward to the Reviewing Member a Request for Review file consisting solely of: (1) the recommendation of discipline issued by the Chief Administrator, (2) the Superintendent's written response to the Chief Administrator's recommendation of discipline, (3) the Chief Administrator's written objections to the Superintendent's response, and (4) the Certificate. The file shall indicate the date of receipt of the Request for Review.

D. Within 10 business days of receipt, the Reviewing Member shall review the Request for Review file. Upon completion of this review, the Reviewing Member may, in her/his discretion, request that the Chief Administrator and the Superintendent present additional documentation or present oral or written arguments in support of their respective positions. Any such request by the Reviewing Member shall be in writing, shall be served upon the Chief Administrator and the Superintendent, and shall identify the additional information or actions requested. The additional information or documentation requested shall be provided, and any argument scheduled, within a reasonably prompt period of time, as determined by the Reviewing Member. The Reviewing Member may impose reasonable limitations on the presentation of additional documentation or argument. The Chief Administrator and Superintendent shall serve each other with copies of any additional documentation submitted to the Reviewing Member.

E. The Reviewing Member shall consider the Request for Review file, and the requested additional documentation and argument, if any, for the purpose of determining whether the Superintendent has met the Superintendent's burden of overcoming the Chief Administrator's recommendation for discipline. In making that determination, the Reviewing Member shall consider and determine whether the Superintendent's proposed

disposition is more reasonable and appropriate than the Chief Administrator's recommendation based on the nature of the misconduct alleged and the information contained in the Request for Review file. If, in the opinion of the Reviewing Member, the Superintendent's response did not meet the Superintendent's burden to overcome the Chief Administrator's recommendation for discipline, the Chief Administrator's recommendation shall be deemed accepted by the Superintendent, as provided by the COPA Ordinance. If, in the opinion of the Reviewing Member, the Superintendent met the burden to overcome the Chief Administrator's recommendation for discipline, the Superintendent's response shall be implemented, as provided by the COPA Ordinance. The Reviewing Member shall notify in writing the Chief Administrator and Superintendent of the Reviewing Member's determination, which shall be announced at the next regular public meeting of the Police Board, and shall be promptly posted on the Police Board's website.

F.  The Reviewing Member shall recuse her/himself from any future involvement by the full Police Board with respect to the disciplinary matter before the Reviewing Member.

## VII. APPLICANT APPEALS

Chapter 2-84 of the Municipal Code of Chicago grants the Police Board the power to consider appeals by applicants for a probationary police officer position who have been removed from the Department of Police's eligibility list due to the results of a background examination. Section 2-84-035 of the Code and the following rules set forth the procedure by which the Police Board will consider such appeals.

A.  The applicant shall be given written notice by the Department of Police ("Department") of the Department's decision to remove the applicant from the eligibility list, along with the reason(s) for the disqualification decision.

B.  The applicant may, no later than sixty (60) calendar days from the date on the notice, appeal the decision of the Department by filing with the Police Board ("Board") a written request specifying why the Department erred in the factual determinations underlying the disqualification decision, or bringing to the Board's attention additional facts directly related to the reason(s) for the disqualification decision ("Appeal"). The Appeal must contain all facts, evidence, or arguments in support of the applicant's contention that the Department erred; any omitted facts, evidence, or arguments are deemed waived.

If an applicant wishes to timely obtain a copy of their background-investigation file to aid in the preparation of an Appeal, the applicant must request the file, in writing, from the Department within twenty-one (21) calendar days from the date on the notice. If the applicant makes such a request within this twenty-one (21) day period, the Department shall have no more than fourteen (14) calendar days thereafter to make the applicant's file available for review and copying by the applicant. If the applicant does not make such a request within this twenty-one (21) day period, the Department will make the file available for review and copying by the applicant as soon as reasonably possible, but the

Department is not required to do so within fourteen (14) days of the applicant's request, and the Department may not be able to do so before the expiration of the sixty (60) day period.

If an applicant does not file a timely appeal as provided above, such applicant shall be deemed to have waived the right to appeal the Department's decision to remove the applicant from the eligibility list.

C. Upon receipt of the Appeal, the Executive Director of the Board shall assign the Appeal to an appeals officer of the Board ("Appeals Officer").

D. Within seven (7) calendar days of receipt of the Appeal, the Board shall forward to the Department a complete copy of the Appeal.

E. Within forty-five (45) calendar days of receipt of a copy of the Appeal, the Department shall file with the Board: (1) a complete copy of the notice to the applicant along with the reason(s) for the disqualification decision (the material specified in Section A above), and (2) its written response to the Appeal ("Response"), if any. If the Department elects to not file a Response, it will be deemed to stand on the bases for disqualification and evidence in support thereof already of record. If the Department elects to file a Response, it shall serve a copy of the Response on the applicant. The material specified in Section A above and the Response must contain all facts, evidence, or arguments in support of the Department's position; any omitted facts, evidence, or arguments are deemed waived.

F. The applicant may file with the Board a written reply to the Department's response ("Reply"). Such Reply must be filed no later than thirty (30) calendar days of the applicant's receipt of a copy of the Department's response. If the applicant elects to file a Reply, they shall serve a copy of the Reply on the Department. The Reply must be limited to addressing arguments in the Response and may not include new facts, evidence, or arguments.

G. All filings specified above must be filed either: (1) in person at the Office of the Police Board during business hours, (2) by certified mail (the date of the postmark of the certified mailing will be considered the date of filing), or (3) by electronic mail.

H. The applicant shall have the burden of showing, by a preponderance of the evidence, that the Department's decision to remove the applicant from the eligibility list was erroneous.

I. Based on a review of the Appeal, the Response (if any), and the Reply (if any), the Appeals Officer shall make findings of fact, conclusions of law, and recommendations to the Board, all of which shall be communicated in writing to the Board. The Appeals Officer's findings, conclusions, and recommendations shall be subject to review by the Board, but the Board shall be the final decision-making authority regarding the Appeal.

J. Any member of the Board may personally examine the filings specified above before final findings and a decision are rendered by the Board. Members of the Board, however,

Police Board
Rules of Procedure

18 February 2021
Page 15 of 19

17-cv-06260

MONITOR00237187

are not required to examine such filings and instead may rely on the Appeals Officer's findings, conclusions, and recommendations as a representative summary of the filings themselves.

K. In due course, the Board shall render final findings and a decision as provided by law. A vote by a majority of the members of the Board shall be required to render final findings and a decision. The Board shall issue its final findings and decision in writing, which shall be preserved by the Executive Director of the Board and a copy promptly forwarded to the applicant and to the Department. A copy of the written findings and decision shall be posted on the Board's website within five (5) business days of being issued.

L. If the Board decides to reinstate an applicant to the Department's eligibility list, such order shall become effective forthwith.

Police Board
Rules of Procedure

18 February 2021
Page 16 of 19

17-cv-06260

MONITOR00237188

APPENDIX A

See ¶536

RESPONDENT'S COMPLETE DISCIPLINARY FILE

The Respondent's "complete disciplinary file" consists of (a) a listing of all complaints of alleged misconduct made against the Respondent, and (b) records showing all disciplinary actions taken against the Respondent and the cause of each disciplinary action.

The Superintendent possesses and maintains the Respondent's complete disciplinary file. The following procedures are created to give access to this file.

1.  The Corporation Counsel shall be given access to the Respondent's complete disciplinary file upon written request to the Superintendent.

2.  The Respondent shall be given access to her/his complete disciplinary file upon written request pursuant to CPD Employee Resource E01-03—Personnel Records and the Illinois Personnel Record Review Act (820 ILCS 40).

3.  The Executive Director of the Police Board shall retrieve the written decision of any prior Police Board disciplinary case against the Respondent and shall provide a copy of any such decision to the Corporation Counsel and the Respondent at the initial status hearing of the current disciplinary case against the Respondent. Also at the initial status hearing, the Executive Director and/or the Hearing Officer shall notify the parties of the procedures set forth in items 1 and 2 above for requesting access to the Respondent's complete disciplinary file from the Chicago Police Department.

Police Board
Rules of Procedure

18 February 2021
Page 17 of 19

17-cv-06260

MONITOR00237189

APPENDIX B

PROCEDURES FOR FILING DOCUMENTS VIA ELECTRONIC MAIL

Parties to a matter before the Police Board may file documents pertaining to the matter via electronic mail. The procedures set forth below must be followed or the Board may not accept the filing.

1. Documents shall be submitted as e-mail attachments in Portable Document Format (pdf), and all print shall be clearly readable.

2. The e-mail that transmits the attachment(s) shall be addressed to both the Board's executive director and administrative assistant. All other parties shall be copied (using the "cc:" function) on the e-mail.

3. The Board's executive director or administrative assistant and all parties copied on the email shall confirm receipt of the filing by replying to the sender and all recipients within one business day[5] of receiving the filing. It is the responsibility of the sender to promptly notify the Board's executive director or administrative assistant if the sender does not receive this confirmation within one business day.

4. A document is considered filed on the date it appears in the e-mail inbox of the Board's executive director or administrative assistant.

A document filed according to the above procedures need not be filed by any other means.

---

[5] A "business day" is a regular day of the week (Monday through Friday) when City offices are open; Saturdays, Sundays, and City holidays are not business days.

Police Board
Rules of Procedure

18 February 2021
Page 18 of 19

<div style="border:1px solid black; display:inline-block; padding:4px;">See ¶535</div>

# APPENDIX C

## RECORD OF PROCEEDINGS OF DISCIPLINARY CASES

The record of proceedings of disciplinary cases consists of the following items:

1. Charges and Specifications filed with the Board by the Superintendent of Police, and the Notice to the Respondent;

2. Filings by the parties;

3. Orders entered by the Hearing Officer and/or the Board;

4. Transcripts of proceedings (status hearings, pre-hearing conference, and evidentiary hearing);

5. Stipulations and exhibits (including demonstrative exhibits) made part of the record by the Hearing Officer and/or the Board;

6. Hearing Officer's report and any recommendation and the parties' written responses to the same; and

7. Board's Findings and Decision.

<div style="text-align:center;">###</div>

<div style="text-align:center;">
Published: 1 November 1975<br>
Amended: 15 June 2006, 19 June 2008, 19 March 2009, 19 November 2009,<br>
16 April 2015, 19 January 2017, 20 July 2017, 22 March 2018, 18 July 2019.<br>
19 November 2020, and 18 February 2021.
</div>