# EXHIBIT 8

MUNICPAL CODE OF CHICAGO
[Current through Council Journal of December 16, 2020]
[Downloaded on May 25, 2021, from
https://codelibrary.amlegal.com/codes/chicago/latest/overview]

ARTICLE I. ORGANIZATION AND FUNCTIONS (2-84-010 et seq.)

2-84-010  Establishment – Composition and organization.
   There is hereby established an executive department of the municipal government of the city which shall be known as the department of police. The said department shall consist of: captains, lieutenants, sergeants, police officers and such other personnel as the police board deems necessary. All of the foregoing is subject to the appropriations for such positions and compensation therefor as is provided in the annual appropriation ordinance.
   To supplement the police department, the board may appoint such number of civilian crossing guards to regulate traffic in the vicinity of grade schools during such hours of school days as may be required for that purpose.
(Prior code § 11-1; Amend Coun. J. 3-31-04, p. 20916, § 2.1)

2-84-020  Police board – Establishment, membership and organization.
   (a)  There is hereby created a police board consisting of nine members to be appointed by the mayor by and with the advice and consent of the city council. Except in the case of vacancies filled for the remainder of an unexpired term, board members shall be appointed for a term of five years, or until their respective successors are appointed and qualified. Provided, however, that no person shall be eligible for reappointment to the board if such person has served on the board for more than ten years during his or her lifetime. Board members shall be reasonably compensated for their service on the board as provided for in the annual appropriation ordinance.
   (b)  Vacancies shall be filled for the remainder of an unexpired term in the same manner as original appointments.
   (c)  The mayor is authorized to remove any member of the police board for just cause, after written notice to the board member stating with particularity the grounds for such removal and an opportunity for a hearing before the mayor or the mayor's designee. Just cause for such removal shall include, but is not limited to, incompetence, neglect of duty, gross misconduct or criminal conduct of the type that threatens to impair or undermine public confidence in the board, or other acts of nonfeasance, malfeasance or misfeasance in office. If, during any calendar year, a member of the police board fails to attend three or more scheduled meetings of the board, the president of the board shall provide written notice of such fact to the mayor and a rebuttable presumption of neglect of duty shall exist.
   (d)  The mayor shall designate a president and a vice-president from among the members of the board. The president and vice-president shall be

designated to serve in such capacity for a term not to exceed two years, and may be redesignated by the mayor to serve in such capacity for an additional term(s) not to exceed two years. The board shall hold a regular meeting at least once a month. All regular meetings shall be in a public office of the board with reasonable provision for attendance by the public. The superintendent of police or the superintendent's designee and the chief administrator of the independent police review authority or the chief administrator's designee shall be present at all public meetings of the board and shall have the right to take part in the discussions and deliberations but shall have no vote.

(e)  The board shall appoint a secretary who shall not be a member of the board. The secretary shall keep a record of the proceedings and transactions of the board specifying therein the names of the members of the board at all meetings and giving the yeas and nays upon all votes. The secretary shall post and publish all orders, resolutions and notices which the board shall order to be posted and published, and shall perform such other duties as are herein or may be, by order of the board, imposed on the secretary. The yeas and nays of police board members on all votes shall be posted by the secretary on the police board website within ten business days of any such vote and shall remain posted on such website for at least two years.

(f)  The powers of the board shall be exercised by order or resolution adopted by a majority of its members and recorded in the minutes with yeas and nays at length. Such action shall be attested by the signatures of the president or vice-president or two members of the board and by the signature of the secretary of the board.
(Prior code § 11-2; Amend Coun. J. 9-8-11, p. 7259, § 1)

2-84-030  Police board – Powers and duties.
  The board shall exercise the following powers:
  1.  When a vacancy occurs in the position of superintendent of police, to nominate three candidates to fill the position and to submit those nominations to the mayor;
  2.  To adopt rules and regulations for the governance of the police department of the City;
  3.  To serve as a board to hear disciplinary actions for which a suspension for more than the 30 days expressly reserved to the superintendent is recommended, or for removal or discharge involving officers and employees of the police department in the classified civil service of the City; and
  4.  To serve as a board to consider appeals, pursuant to Section 2-84-035, by applicants for a probationary police officer position who have been removed from the Department of Police's eligibility list due to the results of a background investigation.
  ==The board may appoint any member thereof or a hearing officer to hear disciplinary actions.== See ¶534

No officer or employee of the police department in the classified civil service of the city whose appointment has become complete may be removed or discharged, or suspended for more than 30 days except for cause upon written charges and after an opportunity to be heard in his own defense by the police board, or any member or hearing officer designated by it.

Before any such officer or employee may be interrogated or examined by or before the police board, or any member or hearing officer designated by it, or departmental agent or investigator, the results of which hearing, interrogation or examination may be the basis for filing charges seeking his removal or discharge, he must be advised in writing as to what specific improper or illegal act he is alleged to have committed; he must be advised in writing that his admissions made in the course of the hearing, interrogation or examination may be used as the basis for charges seeking his removal or discharge; and he must be advised in writing that he has the right to counsel of his own choosing present to advise him at any hearing, interrogation or examination; and a complete record of any hearing, interrogation or examination shall be made and a complete transcript thereof made available to such officer or employee without charge and without delay.

Upon the filing of charges for which removal or discharge or suspension of more than 30 days is recommended, a hearing before the police board, or any member or hearing officer designated by it shall be held.

The police board shall establish rules of procedure not inconsistent with this section respecting notice of charges and the conduct of the hearings before the police board, or any member or hearing officer designated by it. The police board, or any member or hearing officer designated by it, is not bound by formal or technical rules of evidence, but hearsay evidence is inadmissible. The person against whom charges have been filed may appear before the police board, or any member or hearing officer designated by it, with counsel of his own choice and defend himself; shall have the right to be confronted by his accusers; may cross-examine any witness giving evidence against him; and may by counsel present witnesses and evidence in his own behalf.

The police board, or any member or hearing officer designated by it, may administer oaths and secure by its subpoena both the attendance and testimony of witnesses and the production of relevant books and papers. All proceedings before the police board, or any member or hearing officer designated by it, shall be recorded. No continuance may be granted after a hearing has begun unless all parties to the hearing agree thereto. The findings and decision of the police board, including an explanation of those findings and decision, when approved by said board, shall be certified to the superintendent and shall forthwith be enforced by said superintendent. Such findings and decision, including an explanation of the reasons for such findings and decision, shall be posted by the secretary on the police board website within ten business days of the date of certification of such findings and decision to the superintendent, and shall remain posted on such website

for at least two years. If any member of the police board dissents from the board's findings and decision, such member shall state the reasons for his or her dissent. Such dissents shall be posted by the secretary on the police board website within ten business days of the date of certification of the board's findings and decision to the superintendent, and shall remain posted on such website for at least two years.

In the designation of hearing officers, the police board shall select only attorneys licensed to practice in the State of Illinois, with a minimum of five years' experience. ==Hearing officers shall conduct disciplinary hearings in accordance with the provisions of this chapter and the rules of procedures established by the police board.== The hearing officer may take judicial notice, rule on offers of proof, receive relevant evidence during the hearing and certify the record and make findings of fact, conclusions of law and recommendations to the police board following the hearing. [See ¶534]

A majority of the members of the police board must concur in the entry of any disciplinary recommendation or action. In the event that three members of the board must recuse themselves pursuant to the provisions of Section 2-78-130, a majority of the remaining members of the police board must concur in the entry of the disciplinary recommendation or action.

==No member of the board may participate in any disciplinary recommendation or action without having read the record upon which said recommendation or action is based.== [See ¶535]

Nothing in this section limits the power of the superintendent to suspend a subordinate for a reasonable period, not exceeding 30 days.

In designating the nominees for the position of superintendent of police, the board shall be governed solely by the professional and executive qualifications required for the position which shall be without reference to the residence of the nominees. If none of the nominees accept appointment, the board shall submit new lists of three nominees until the position is filled.

The board's power to adopt rules and regulations for the governance of the police department does not include authority to administer or direct the operations of the police department or the superintendent of police, except as provided in Section 12.1 of "An Act to regulate the civil service of cities" approved March 20, 1895, as amended. The board in its discretion shall have the authority to make recommendations to the superintendent of police and to the chairman of the city council committee on public safety or its successor committee concerning revisions in policy and operating procedures to increase the efficiency of the department of police. Such recommendations shall be posted on the police board website within two business days of the date on which such recommendation is made to the superintendent and shall remain posted on such website for a period of at least two years.
(Prior code § 11-3; Amend Coun. J. 7-19-07, p. 3588, § 2; Amend Coun. J. 9-8-11, p. 7259, § 2; Amend Coun. J. 4-13-16, p. 22636, §§ 1 – 3; Amend Coun. J. 11-21-17, p. 61913, § 2; Amend Coun. J. 11-26-19, p. 11390, Art. VII, § 1)