# EXHIBIT 18
# (PART 1)

Police Board
City of Chicago

Consent Decree Paragraph No. 535, Discovery in Police Board Disciplinary Cases

Records Regarding Discovery for Three Disciplinary Cases Recently Filed with the Board

Police Board Case No. 21 PB 2989, Tomescu
- Charges filed: 4/06/2021
- Initial status hearing: 4/26/2021 (see pp. 3-8 re production of CR file and discovery)
- Respondent's Motion for Discovery filed: 4/21/2021
- Superintendent's Response to Motion for Discovery filed: 5/12/2021

Police Board Case No. 21 PB 2990, Taylor and Lanier
- Charges filed: 4/06/2021
- Initial status hearing: 4/26/2021 (see pp. 4-8 re production of CR file and discovery)
- Respondent Taylor's Motion for Discovery filed: 4/21/2021
- Respondent Lanier's Motion for Discovery filed: 4/26/2021
- Superintendent's Response to Taylor's Motion for Discovery filed: 5/20/2021
- Superintendent's Response to Lanier's Motion for Discovery filed: 5/20/2021

Police Board Case No. 21 PB 2991, Bogard and Butler
- Charges filed: 4/06/2021
- Initial status hearing: 4/26/2021 (see pp. 5-7 re production of CR file and discovery)
- Superintendent's Notice of Production of CR File filed: 4/28/2021
- Respondent Bogard's Motion for Discovery filed: 4/26/2021
- Respondent Butler's Motion for Discovery filed: 4/12/2021
- Superintendent's Response to Bogard's Motion for Discovery filed: 5/28/2021
- Superintendent's Response to Butler's Motion for Discovery filed: 4/28/2021

MONITOR00237197

## CHARGES AGAINST POLICE OFFICER LIVIUS TOMESCU

Police Officer Livius Tomescu ("Officer Tomescu"), Star No. 19503, is charged with violating the following rules contained in Article V of the Rules and Regulations of the Chicago Police Department, which were in full force and effect on the date of the alleged violations:

Rule 1: Violation of any law or ordinance.

Rule 2: Any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department.

Rule 3: Any failure to promote the Department's efforts to implement its policy or accomplish its goals.

Rule 4: Any conduct or action taken to use the official position for personal gain or influence.

Rule 6: Disobedience of an order or directive, whether written or oral.

Rule 8: Disrespect to or maltreatment of any person, while on or off duty.

Rule 14: Making a false report, written or oral.

Rule 41: Disseminating, releasing, altering, defacing or removing any Department record or information concerning police matters except as provided by Department orders.

## SPECIFICATIONS

1. On one or more occasions, including on or about July 31, 2018, and/or August 7, 2018, and/or September 27, 2018, Officer Tomescu accessed one or more documents in Chicago Police Department ("CPD") Recruit Rafia Iqbal's ("Iqbal") CPD personnel and/or background investigation file, including Iqbal's Personal History Questionnaire and/or Kentech Consulting, Inc. Background Investigative Report, without an official police purpose and/or for personal purposes. Officer Tomescu thereby violated:

    a. Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department.

    b. Rule 4, which prohibits any conduct or action taken to use the official position for personal gain or influence.

2. On one or more occasions, including on or about July 31, 2018, and/or August 7, 2018, Officer Tomescu disseminated one or more documents from CPD Recruit Iqbal's CPD per-

sonnel and/or background investigation file, including Iqbal's Personal History Question-naire and/or Kentech Consulting, Inc. Background Investigative Report, by emailing said document(s) to Iqbal's personal email address without an official police purpose and/or for personal purposes. Officer Tomescu thereby violated:

    a.    Rule 2, which prohibits any action or conduct which impedes the Depart-ment's efforts to achieve its policy and goals or brings discredit upon the Department.

    b.    Rule 4, which prohibits any conduct or action taken to use the official posi-tion for personal gain or influence.

    c.    Rule 6, which prohibits disobedience of an order or directive, whether writ-ten or oral, when he violated section sections IV(A)(1), V(B)(1)(f), and/or V(B)(2) of CPD General Order G09-01-03, "Use of the Internet" (eff. Jan. 12, 2010) and/or section II(B) of CPD Special Order S09-05, "Department Reports, Publications, Survey Responses and Official Statistics" (eff. Aug. 14, 2003).

    d.    Rule 41, which prohibits disseminating, releasing, altering, defacing or re-moving any Department record or information concerning police matters ex-cept as provided by Department orders.

3.    On one or more occasions, including on or about July 31, 2018, and/or September 27, 2018, Officer Tomescu conducted one or more Law Enforcement Agencies Data System ("LEADS") inquiries of the name and/or personal information of Arqum Usmani ("Us-mani") without an official police purpose and/or for personal purposes. Officer Tomescu thereby violated:

    a.    Rule 1, which prohibits violation of any law or ordinance, when he violated section 1240.80(a) of the Illinois Administrative Code, (20 Ill. Adm. Code 1240.80(a) (1999)), entitled "Dissemination of Data Obtained Through LEADS."

    b.    Rule 2, which prohibits any action or conduct which impedes the Depart-ment's efforts to achieve its policy and goals or brings discredit upon the Department.

    c.    Rule 3, which prohibits any failure to promote the Department's efforts to implement its policy or accomplish its goals.

    d.    Rule 4, which prohibits any conduct or action taken to use the official posi-tion for personal gain or influence.

    e.    Rule 6, which prohibits disobedience of an order or directive, whether writ-ten or oral, when he violated section VI(A)(2) of CPD General Order G09-

01-01, "Access to Computerized Data, Dissemination and Retention of Computer Data" (eff. Feb. 3, 2012) and/or sections IV(A)(1), V(B)(1)(e), V(B)(1)(f), and/or V(B)(2) of CPD Order G09-01-03, "Use of the Internet" (eff. Jan. 12, 2010).

4. On or about August 23, 2018, Officer Tomescu conducted one or more LEADS inquiries on the name and/or personal information of CPD Recruit Iqbal without an official police purpose and/or for personal purposes. Officer Tomescu thereby violated:

   a. Rule 1, which prohibits violation of any law or ordinance, when he violated section 1240.80(a) of the Illinois Administrative Code, (20 Ill. Adm. Code 1240.80(a) (1999)), entitled "Dissemination of Data Obtained Through LEADS."

   b. Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department.

   c. Rule 3, which prohibits any failure to promote the Department's efforts to implement its policy or accomplish its goals.

   d. Rule 4, which prohibits any conduct or action taken to use the official position for personal gain or influence.

   e. Rule 6, which prohibits disobedience of an order or directive, whether written or oral, when he violated section VI(A)(2) of CPD General Order G09-01-01, "Access to Computerized Data, Dissemination and Retention of Computer Data" (eff. Feb. 3, 2012) and/or sections IV(A)(1), V(B)(1)(e), V(B)(1)(f), and/or V(B)(2) of CPD General Order G09-01-03, "Use of the Internet" (eff. Jan. 12, 2010).

5. On or about September 27, 2018, Officer Tomescu contacted Usmani via telephone, identified himself to Usmani as a CPD police officer, and asked Usmani questions about CPD Recruit Iqbal, all without an official police purpose and/or for personal purposes. Officer Tomescu thereby violated:

   a. Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department.

   b. Rule 3, which prohibits any failure to promote the Department's efforts to implement its policy or accomplish its goals.

   c. Rule 4, which prohibits any conduct or action taken to use the official position for personal gain or influence.

3

MONITOR00237200

6.   On or about October 1, 2018, Officer Tomescu left one or more voicemails for and/or made one or more telephone calls to CPD Recruit Burckel, during which Officer Tomescu identified himself as a police officer in CPD-HRD and threatened to have Burckel expelled and/or terminated from CPD's training academy and/or demanded that Burckel apologize to CPD Recruit Iqbal in front of other CPD recruits. Officer Tomescu thereby violated:

   a.   Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department.

   b.   Rule 3, which prohibits any failure to promote the Department's efforts to implement its policy or accomplish its goals.

   c.   Rule 4, which prohibits any conduct or action taken to use the official position for personal gain or influence.

   d.   Rule 8, which prohibits disrespect to or maltreatment of any person, while on or off duty.

7.   On or about October 1, 2018, and while speaking to CPD Recruit Colton Sodt ("Sodt") on the telephone, Officer Tomescu threatened to have Sodt expelled and/or terminated from CPD's training academy and/or demanded that Sodt apologize to CPD Recruit Iqbal in front of other CPD recruits. Officer Tomescu thereby violated:

   a.   Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department.

   b.   Rule 3, which prohibits any failure to promote the Department's efforts to implement its policy or accomplish its goals.

   c.   Rule 8, which prohibits disrespect to or maltreatment of any person, while on or off duty.

8.   On or about October 8, 2018, Officer Tomescu sent CPD Recruit Iqbal one or more text messages in which Officer Tomescu made one or more threatening, harassing, and/or derogatory comments, including, but not limited, to threatening to tell CPD's Internal Affairs Division that Iqbal lied about her age on her employment application to CPD; stating, "[y]ou thought you were going to throw me under the bus, I'm taking you with me!"; stating, "[i]mmigration office will be my next stop after the IAD interview. That interview will also involve your sister and your brother"; and/or threatening to introduce himself to Iqbal's family without Iqbal's permission. Officer Tomescu thereby violated:

   a.   Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department.

4

      b.     Rule 3, which prohibits any failure to promote the Department's efforts to implement its policy or accomplish its goals.

      c.     Rule 8, which prohibits disrespect to or maltreatment of any person, while on or off duty.

9.     On or about October 8, 2018, Officer Tomescu used information he obtained while conducting a background investigation of CPD Applicant Sohail Bhatti while Officer Tomescu was assigned to CPD-HRD, namely, personal telephone number(s) and/or email address(es), to contact Bhatti and/or his wife, Rabia Iqbal, via telephone and/or email for personal purposes. Officer Tomescu thereby violated:

      a.     Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department.

      b.     Rule 3, which prohibits any failure to promote the Department's efforts to implement its policy or accomplish its goals.

      c.     Rule 4, which prohibits any conduct or action taken to use the official position for personal gain or influence.

10.    On or about November 8, 2018, at or near 3510 South Michigan Avenue, Chicago, Illinois and during an interview with CPD's Bureau of Internal Affairs ("CPD-BIA"), Officer Tomescu falsely stated that he obtained CPD Recruit Burckel's phone number from CPD Recruit Iqbal's cellular phone, or used words to that effect. Officer Tomescu thereby violated:

      a.     Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department.

      b.     Rule 14, which prohibits making a false report, written or oral.

11.    On or about November 8, 2018, at or near 3510 South Michigan Avenue, Chicago, Illinois and during an interview with CPD-BIA, Officer Tomescu falsely denied accessing CPD Recruit Iqbal's CPD personnel and/or background investigation file, or used words to that effect. Officer Tomescu thereby violated:

      a.     Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department.

      b.     Rule 14, which prohibits making a false report, written or oral.

MONITOR00237202

Based on the foregoing charges and specifications, the Superintendent recommends that Police Officer Livius Tomescu, Star No. 19503, be discharged from the Chicago Police Department.

*DAVID O. BROWN* (signature)

DAVID O. BROWN
Superintendent of Police

APPROVED AS TO FORM

/S/ Johanna Tran
Johanna Tran
Assistant Corporation Counsel
Labor Division

FILED: April 06, 2021
POLICE BOARD
Case No. 21 PB 2989

6

HEARING
April 26, 2021

BEFORE THE POLICE BOARD
OF THE CITY OF CHICAGO

IN THE MATTER OF CHARGES  )
FILED AGAINST             )   Case No. 21 PB 2989
P.O. LIVIUS TOMESCU       )


REPORT OF PROCEEDINGS (Via teleconference)

had at the status in the above-entitled matter before

MS. APRIL PERRY, HEARING OFFICER, taken on April 26,

2021, at the hour of 10:40 o'clock a.m.

\* \* \* \* \* \* \* \* \*

REMOTE APPEARANCES:


MS. JOHANNA TRAN,
(Via teleconference),
MS. MARIA VUOLO-MILAN,
(Via teleconference),

         on behalf of the Superintendent;

MR. JAMES McKAY,
(Via teleconference),

         on behalf of Respondent Tomescu;

POLICE BOARD OF THE CITY OF CHICAGO
MR. MAX CAPRONI, Executive Director,
(Via teleconference.)

HEARING
April 26, 2021

```
1        HEARING OFFICER PERRY:  The next case up is

2   Police Board Case Number 21 PB 2989 regarding the

3   charges against Respondent Officer Livius Tomescu.

4   That's, L-i-v-i-u-s; Tomescu, T-o-m-e-s-c-u.  This is

5   April Perry, the Hearing Officer assigned to the

6   case, and we're proceeding via conference call due to

7   the pandemic.

8            Counsels for the Superintendant, could you

9   please introduce yourselves spelling your name for

10  the court reporter.

11       MS. TRAN:  Good morning.  This is Johanna Tran,

12  T-r-a-n, on behalf of the Superintendent.

13       MS. VUOLO-MILAN:  Good morning.  This is Maria

14  Vuolo-Milan, V-u-o-l-o, dash, M-i-l-a-n, also on

15  behalf of the Superintendent.

16       HEARING OFFICER PERRY:  Counsel for the

17  Respondent?

18       MR. McKAY:  Good morning, your Honor.  This is

19  James McKay, M-c-K-a-y.  I'm appearing on behalf of

20  Officer Livius Tomescu.

21       HEARING OFFICER PERRY:  Thank you, Mr. McKay.  Is

22  Officer Tomescu present on the line?

23       MR. McKAY:  I don't believe so, your Honor.

24  Actually I advised him I would handle it for him.  I
```

HEARING
April 26, 2021

1    could get him if need be.

2        HEARING OFFICER PERRY:  No, certainly fine for

3    him not to appear, we just like to know if we can for

4    the record whether or not they appear.

5            I want to thank you, Mr. McKay, for filing

6    your appearance on behalf of Officer Tomescu at least

7    two days prior to the hearing in accordance with the

8    rules.  And I see I think, Mr. McKay, the Respondent

9    was personally served the charges on April 8th, is

10   that right?

11       MR. McKAY:  I believe so, yes, Judge.

12       HEARING OFFICER PERRY:  Thank you.  And you also

13   filed a motion for discovery, so thank you for filing

14   that.

15       MR. McKAY:  You're welcome.

16       HEARING OFFICER PERRY:  Counsel for the

17   Superintendant, have you tendered the CR file to

18   Counsel for Respondent or do you have it available to

19   tender?

20       MS. TRAN:  This is Johanna Tran.  The CR file is

21   currently being redacted.  There are some things that

22   I'm going to try to work through I think with

23   Mr. McKay, but it should be ready for tendering by

24   the end of the week.

HEARING
April 26, 2021

1      HEARING OFFICER PERRY:  All right.  If you could

2    please work with Mr. McKay on that and get it

3    tendered by Friday, that would be great.  And thank

4    you for filing yours online with the Board already.

5        Ms. Tran, how long do you need to respond to

6    Respondent's motion for discovery?

7      MS. TRAN:  If I could, can I have a little bit

8    longer just because I do have a hearing this week,

9    and then I do have another motion next week, if I can

10   have maybe until May 12th, some time like that?

11     HEARING OFFICER PERRY:  All right.  May 12th to

12   respond to the motion for discovery is fine.

13     MS. TRAN:  Thank you.

14     HEARING OFFICER PERRY:  And let's go ahead and

15   set the status for about a week after that so that

16   everyone can review what's been tendered and come

17   with any other issues that next week.  How does May

18   18th sound for the next status?

19     MR. McKAY:  Judge, this is Jim McKay.  A couple

20   things.  I have no objection if Johanna needs more

21   time to tender the complete CR file, but I would ask

22   this; if we by agreement can enter a protective

23   order, I would ask that the records be tendered

24   whenever she can and have these records tendered in

HEARING
April 26, 2021

1    an unredacted form.

2        The protective order in place would protect

3    anybody named in these reports from dissemination to

4    third parties, so I would just ask for protective

5    order and ask that these reports be unredacted, and

6    I'm certainly agreeable in allowing Johanna to do

7    this in plenty of time, certainly past May 12th.

8      HEARING OFFICER PERRY:  Well, she was actually

9    looking I think to tender the CR investigative file

10    to you by Friday, that's what I heard, is that right?

11      MR. McKAY:  Yes, but what I'm asking for, your

12    Honor, is unredacted reports.  Joanna indicated she

13    wants to redact them.  I ask that we don't do that,

14    we just enter an agreed protective order, which makes

15    that point moot.

16      HEARING OFFICER PERRY:  What types of material

17    are you planning to redact out, Ms. Tran?

18      MS. TRAN:  Thank you, so at this time -- I'm just

19    going off the list now if I could just have one

20    second.

21        At this time, regarding redactions would be

22    social security numbers, employee numbers, driver's

23    license numbers, driver's license numbers, license

24    plate numbers, financial information and medical

1    records.

2            The reason that I was hoping to speak with

3    Mr. McKay regarding the redactions is because we have

4    to address this issue on a few other cases that

5    Mr. McKay and I are working on.

6            The Superintendant's position is that we are

7    in agreement with tendering unredacted some

8    information, but the information that I just

9    indicated, we are planning to continue to redact that

10   information as there's no purpose or use that

11   Mr. McKay can make for it.

12           There are various documents that I've cited

13   to previously regarding why the Superintendent takes

14   that position regarding the CR files, so that's the

15   information that we're currently seeking to redact.

16       HEARING OFFICER PERRY:  Mr. McKay, do you have a

17   problem with social security numbers being redacted?

18       MR. McKAY:  Social, maybe not.  The only reason,

19   the only reason, your Honor, that I need unredacted

20   reports is to locate or my investigator locate these

21   witnesses so we can interview them before the

22   hearing, that's it.

23           A protective order makes all of this moot

24   because it bars myself, my investigator, Johanna and

 1      her staff from disseminating this information to

 2      third parties.

 3              And more importantly, the Supreme Court

 4      Rules that are in place regarding information that is

 5      private only applies to filings, so you know, as far

 6      as discovery, it is to be kept by the parties and the

 7      parties keep it private, but there's to be no filings

 8      which can be made a matter of public record that

 9      would include this personal contact information.  So

10      that's the only reason.

11              A social security number may be necessary to

12      locate a witness.  If there's addresses and phone

13      numbers, then maybe not, but it's just hard to say at

14      this point since this is the first time up and I

15      don't know yet how many witnesses, if any, we need to

16      interview before the hearing.

17          HEARING OFFICER PERRY:  Well, I believe

18      Ms. Tran's original suggestion was that you and she

19      talk off line and see what you can agree on and what

20      you can't.  Why don't we let you have some time to do

21      that.  I suspect there's going to be common ground

22      here that you'll be able to reach.

23              If you find that you have not gotten the

24      information that you need, we can certainly revisit

HEARING
April 26, 2021

1    it when we talk next.

2         MR. McKAY:  Sounds good, fair enough.  Thank you.

3         HEARING OFFICER PERRY:  How about May 12th for

4    the date by which anyone can file any additional

5    discovery motions.  If we still have problems

6    proceeding, Ms. Tran will plan to get you everything

7    by Friday, which gives you two weeks to review it and

8    work out with her any problems that may still exist.

9    And then a status on May 17th -- I'm sorry, May 18th

10   at 10:00 a.m.

11        Is there anything else we'd like to work out

12   today?

13        MR. McKAY:  How about an agreed protective order?

14        MS. TRAN:  I have no objection to a protective

15   order, Jim.  I can draft one.

16        MR. McKAY:  Thanks, Johanna.

17        MS. TRAN:  No problem.

18        I did want to advise you, Madam Hearing

19   Officer, I do have a hearing on May 18th, so what

20   time is the status going to be?

21        HEARING OFFICER PERRY:  Well, what time do you

22   want it to be?

23        MS. TRAN:  My hearing starts at 11:00 a.m., so if

24   we can do it before then.

HEARING
April 26, 2021

 1          HEARING OFFICER PERRY:  10:00 a.m. would be

 2     great.

 3          MS. TRAN:  Thank you.

 4          HEARING OFFICER PERRY:  All right.  Just a couple

 5     of housekeeping matters before we conclude.  I'd like

 6     to note for the record that Mr. Caproni has sent both

 7     parties the Report of Review of Suspension of

 8     Respondent accompanied by the filing of charges as

 9     well as the reports of Respondent's complimentary and

10     disciplinary history that were generated just prior

11     to charges in this case were filed.

12          I assume because you are both repeat players

13     here that you are familiar with Appendix A to the

14     Rules of Procedure and how you can get the complete

15     disciplinary files for Officer Tomescu if you want

16     it, so I would encourage you to work together on that

17     as well.

18          I'm sure you both know, if you want to use

19     experts, it's better to start getting those in line

20     sooner rather than later since our cases tend to move

21     very quickly, so if anyone does want an expert,

22     please start working on that now.

23          Max, did I get everything I was supposed to

24     get here?

HEARING
April 26, 2021

```
1        MR. CAPRONI:  I believe you did, yes.  Thank you.

2        HEARING OFFICER PERRY:  Anything else from

3    Counsels for Superintendent?

4        MS. TRAN:  Not from Johanna.  I'm not sure if my

5    partner, Maria, has anything to add.

6        MS. VUOLO-MILAN:  This is Maria.  Nothing from my

7    end either.  Thank you.

8        HEARING OFFICER PERRY:  Thank you both.

9            Counsel for Respondent?

10       MR. McKAY:  Nothing on behalf of Officer Tomescu.

11       HEARING OFFICER PERRY:  All right.  And I will be

12   happy to review any protective orders that you all

13   agree on, and anytime you want to submit those is

14   fine.  Thanks to everyone.

15       MS. TRAN:  Thank you so much.  Have a good day

16   everyone.

17       MR. McKAY:  Thank you, have a nice day.

18           (WHICH WERE ALL THE PROCEEDINGS HAD.)

19

20

21

22

23

24
```

HEARING
April 26, 2021

```
 1        STATE OF ILLINOIS    )
                               )  ss:
 2        COUNTY OF W I L L    )

 3

 4             I, NANCY DECOLA EATINGER, a Certified

 5        Shorthand Reporter, do hereby certify:

 6             That said proceedings were taken remotely

 7        before me at the time and places therein set forth

 8        and were taken down by me in shorthand and thereafter

 9        transcribed into typewriting;

10             I further certify that I am neither

11        counsel for, nor related to, any party to said

12        proceedings and not in any way interested in the

13        outcome thereof.

14             In witness whereof, I have hereunto

15        subscribed my name.

16        Dated:  April 28, 2021

17

18        _____

19        Nancy DeCola Eatinger
          CSR No. 084-003451

20

21

22

23

24
```

## THE POLICE BOARD OF THE CITY OF CHICAGO

IN THE MATTER OF CHARGES )
AGAINST )
                                          )
OFFICER LIVIUS TOMESCU, Star # 19503 )   CASE NO. 21 PB 2989
                                          )
               Respondent. )

## NOTICE OF FILING

To:  Max Caproni,                      Johanna Tran
      Executive Director, Police Board    City of Chicago Law Department
      max.caproni@cityofchicago.org     johanna.tran@cityofchicago.org
      jazmyne.rollins@cityofchicago.org

     PLEASE TAKE NOTICE that on **April 21, 2021 at 10:15am at 2 North LaSalle St., Suite M800, Chicago, Il 60602,** I filed before the Police Board of the City of Chicago the attached pleadings on behalf of the Respondent, a copy of which is served upon you:

**Appearance**
**Motion for Discovery**

_____
     James P. McKay, Jr.

## CERTIFICATE OF SERVICE

     I hereby certify that on April 21, 2021, I electronically served this Notice and the attached Respondent's pleading mentioned above to the above parties via their respective email addresses.

_____
     James P. McKay, Jr.

1

James P. McKay, Jr.
Of Counsel
Tomasik Kotin Kasserman
161 North Clark Street, Suite 3050
Chicago, Il 60601
(312) 605-8800 - office
(312) 605-8808 – fax
(312) 835-8052 - cell
jpmckaylaw@gmail.com
jim@tkklaw.com

MONITOR00237216

**THE POLICE BOARD OF THE CITY OF CHICAGO**

| | | |
|---|---|---|
| IN THE MATTER OF CHARGES | ) | |
| AGAINST | ) | |
| | ) | |
| OFFICER LIVIUS TOMESCU, Star #19503 | ) | Case No.   21 PB 2989 |
| | ) | |
| Respondent | ) | |

**APPEARANCE**

To:  Max Caproni, Executive Director of the Chicago Police Board
     max.caproni@cityof chicago.org
     jazymyne.rollins@cityofchicago.org

     Johanna Tran, City of Chicago Law Department
     johanna.tran@cityofchicago.org

     The undersigned attorney does hereby enter his appearance on behalf of the Respondent, Officer Livius Tomescu in the above captioned matter, this 21st day of April 2021.

                                        /x/ James P. McKay, Jr.
                                        _____
                                        James P. McKay, Jr.
                                        Attorney for Officer Livius Tomescu

James P. McKay, Jr.
Of Counsel
Tomasik Kotin Kasserman
161 North Clark Street
Suite 3050
Chicago, Il 60601
Office (312) 605-8800
Facsimile (312) 605-8808
Cell (312) 835-8052
jpmckaylaw@gmail.com
jim@tkklaw.com

# THE POLICE BOARD OF THE CITY OF CHICAGO

| | | |
|---|---|---|
| IN THE MATTER OF CHARGES | ) | |
| AGAINST | ) | |
| | ) | |
| OFFICER LIVIUS TOMESCU | ) | CASE NO.  21 PB 2989 |
| | ) | |
| Respondent | ) | |

## MOTION FOR DISCOVERY

NOW COMES the Respondent, Officer Livius Tomescu, by and through his attorney, James P. McKay, Jr., and moves this Honorable Police Board to order the City of Chicago, Department of Law and any appointed Assistant Corporation Counsel, to disclose and produce the following items of discovery, including but not limited to:

1. Any and all written statements made by the Respondent concerning the charges filed, which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability, the Independent Police Review Authority and the Corporation Counsel's Office.

2. Any and all oral statements made by the Respondent concerning the charges filed which have been reduced to writing or summaries of which have been reduced to writing which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability, the Independent Police Review Authority and the Corporation Counsel's Office.

3. Any and all oral statements of the Respondent concerning the charges filed which have been in any way mechanically recorded and which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability, the Independent Police Review Authority and the Corporation Counsel's Office.

4. Any and all recorded statements, written statements or written summaries of oral statements of any witness to be produced by the City and the Superintendent in the prosecution's case-in-chief at the hearing of said charges, including but not limited to statements of Rafia Iqbal, Mark Burckel, Colton Sodt, Sohail Bhatti, and Arqum Usmani.

5. Results or reports of physical or mental examinations and medical examinations of any witness in this case, including any toxicology reports, and reports of scientific tests, experiments and forensic computer searches made in connection with this particular case which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability, the Independent Police Review Authority and the Corporation Counsel's Office and the identity and reports of any expert witnesses or treaters the City, the Superintendent and the prosecution plans on calling at the hearing.

6. Any evidence within the custody or control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability, the Independent Police Review

1

Authority and the  Corporation Counsel's Office which is favorable to the Respondent in terms of guilt or innocence to the charges filed against the Respondent, including but not limited to:

a) Any and all unredacted written documentation, notes, memos, affidavits, emails and text messages for any communication between the Bureau of Internal Affairs, the Civilian Office of Police Accountability, the City of Chicago, Department of Law and the Superintendent of Police and his counsel regarding Officer Livius Tomescu and other individuals in this case from September 1, 2018 to the present;

b) A complete set of the unredacted Chicago Police reports and any other agency's unredacted reports listed under Log #s 1091232 and 1091329;

c) Any and all video recordings, audio recordings, and unredacted computer searches, emails and text messages recovered or utilized in this case;

d) A complete copy of Officer Livius Tomescu's personnel file and a list of all awards, accommodations, etc. he earned with the Chicago Police Department.

e) All unredacted CPD disciplinary records, complaints, criminal histories and/or reports of Rafia Iqbal, Mark Burckel, Colton Sodt and Sohail Bhatti;

f) All unredacted documentation from 18 OP 77815;

g) All unredacted cell phone records, including text messages of Officer Livius Tomescu, Rafia Iqbal and any other witness in this case.

7. A list of witnesses the City, the Superintendent and the Department of Law may call at the hearing, their unredacted last known addresses, phone numbers, other identifying relevant information including any criminal history they may have and whether there are any cases pending against any of the witnesses.

8. A complete copy of the reports listed under Log Number 1091232 and 1091329 including any findings made regarding said Log Numbers.

9. Any and all recordings, photographs or video tapes, and exhibits which the City, the Superintendent and the prosecution have in their possession, whether they plan on introducing them into evidence at the hearing or not.

10. Any and all police reports, GPRs, notes, memorandum, inventory reports, search warrants and documents prepared by Sgt. Emmet Welch or anyone else in this case, including but not limited to the Chicago Police Department's Bureau of Internal Affairs.

2

MONITOR00237219

WHEREFORE, the Respondent respectfully requests this Honorable Police Board to enter an Order requiring the City of Chicago, Department of Law and any appointed Assistant Corporation Counsel to disclose and tender all of the above discovery requests at the earliest reasonable time possible.

Respectfully submitted,

/x/ James P. McKay, Jr.

James P. McKay, Jr.
Attorney for the Respondent
Officer Livius Tomescu

James P. McKay, Jr.
Of Counsel, Tomasik Kotin Kasserman
161 North Clark Street
Suite 3050
Chicago, Il 60601
Office: (312) 605-8800
Facsimile: (312) 605-8808
Cell: (312) 835-8052
jpmckaylaw@gmail.com
jim@tkklaw.com

3

MONITOR00237220

**BEFORE THE POLICE BOARD**
**OF**
**THE CITY OF CHICAGO**

| | | |
|---|---|---|
| IN THE MATTER OF CHARGES | ) | |
| AGAINST | ) | |
| | ) | |
| OFFICER LIVIUS TOMESCU, | ) | No. 21 PB 2989 |
| | ) | |
| Respondent. | ) | |

To:     James P. McKay Jr. (jpmckaylaw@gmail.com)
        Of Counsel
        Tomasik Kotin Kasserman
        161 N. Clark Street, Suite 3050
        Chicago, IL 60601

<u>**NOTICE OF FILING**</u>

PLEASE TAKE NOTICE that on May 12, 2021, I caused to be filed electronically with the Police Board of the City of Chicago the attached **Superintendent's Answer to Discovery**.

Dated at Chicago, Illinois, this 12th day of May, 2021.


                                        /S/ Johanna Tran
                                        Assistant Corporation Counsel

<u>**CERTIFICATE OF SERVICE**</u>

I, Johanna Tran, hereby certify that on May 12, 2021, I electronically served copies of both this **Notice** and the **Superintendent's Answer to Discovery** on the person identified above via email.

                                        /S/ Johanna Tran
                                        Assistant Corporation Counsel
                                        Johanna.Tran@Cityofchicago.org

Celia Meza
Acting Corporation Counsel of the City of Chicago
2 North LaSalle Street
Suite 660
Chicago, Illinois 60602
312-742-7034

**BEFORE THE POLICE BOARD**
**OF**
**THE CITY OF CHICAGO**

| | | |
|---|---|---|
| **IN THE MATTER OF CHARGES** | ) | |
| **AGAINST** | ) | |
| | ) | |
| **OFFICER LIVIUS TOMESCU,** | ) | **No. 21 PB 2989** |
| | ) | |
| **Respondent.** | ) | |

## SUPERINTENDENT'S ANSWER TO DISCOVERY

NOW COMES the Superintendent of Police of the City of Chicago, David O. Brown, by his attorney, Celia Meza, Acting Corporation Counsel of the City of Chicago, and responds as follows to Respondent Tomescu's Motion for Discovery.

1. Any and all written statements made by the Respondent concerning the charges filed, which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability, the Independent Police Review Authority and the Corporation Counsel's Office.

   **Response:** The Superintendent objects to this request to the extent that it seeks material that is beyond the discovery provisions of the Police Board Rules of Procedure. Without waiving any objections, see the CR file tendered by the Superintendent for any material that might be responsive to this request.

2. Any and all oral statements made by the Respondent concerning the charges filed, which have been reduced to writing or summaries of which have been reduced to writing which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability, the Independent Police Review Authority and the Corporation Counsel's Office.

   **Response:** The Superintendent objects to this request to the extent that it requests material that is beyond the discovery provisions of the Police Board Rules of Procedure. Without waiving any objections, see the CR file tendered by the Superintendent for any material that might be responsive to this request.

3. Any and all oral statements of the Respondent concerning the charges filed which

2

have been in any way mechanically recorded and which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability, the Independent Police Review Authority and the Corporation Counsel's Office.

**Response:** The Superintendent objects to this request to the extent that it requests material that is beyond the discovery provisions of the Police Board Rules of Procedure. Without waiving any objections, see the CR file tendered by the Superintendent for any material that might be responsive to this request.

4. Any and all recorded statements, written statements or written summaries of oral statements of any witness to be produced by the City and the Superintendent in the prosecution's case-in-chief at the hearing of said charges, including but not limited to statements of Rafia Iqbal, Mark Burckel, Colton Sodt, Sohail Bhatti, and Arqum Usmani.

**Response:** The Superintendent objects to this request to the extent that it requests material that is beyond the discovery provisions of the Police Board Rules of Procedure. Without waiving any objections, see the CR file tendered by the Superintendent for any material that might be responsive to this request.

5. Results or reports of physical or mental examinations, medical examinations of any witness in this case, including any toxicology reports, and reports of scientific tests, experiments and forensic computer searches made in connection with this particular case which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability, the Independent Police Review Authority and the Corporation Counsel's Office and the identity and reports of any expert witnesses or treaters the City, the Superintendent and the prosecution plans on calling at the hearing.

**Response:** The Superintendent objects to this request to the extent that it requests material that is beyond the discovery provisions of the Police Board Rules of Procedure. Without waiving any objections, see the CR file tendered by the Superintendent for any material that might be responsive to this request. The Superintendent will tender the identity and reports of any expert witnesses or treaters pursuant to the time period set forth in the relevant provisions of the Police Board Rules of Procedure.

6. Any evidence within the custody or control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability, the Independent Police Review Authority and the Corporation Counsel's Office which is favorable to the Respondent in terms of guilt or innocence to the charges filed against the Respondent, including but not limited to:

**Response:** The Superintendent objects to this request to the extent that it requests material that is beyond the discovery provisions of the Police Board Rules of Procedure. The Superintendent further objects to the phrase "favorable to the Respondent in terms of guilt or innocence" as vague, ambiguous and subject to multiple interpretations. Furthermore,

the Superintendent objects to this request as overly broad, and burdensome. Without waiving any objections, see the CR file tendered by the Superintendent for any material that might be responsive to this request.

a) Any and all unredacted written documentation, notes, memos, affidavits, emails and text messages for any communication between the Bureau of Internal Affairs, the Civilian Office of Police Accountability, the City of Chicago, Department of Law and the Superintendent of Police and his counsel regarding Officer Livius Tomescu and other individuals in this case from September 1, 2018 to the present;

**Response:** The Superintendent objects to this request as beyond the discovery provisions of the Police Board Rules of Procedure, vague, overly broad, and burdensome. Additionally, it requests documents that are protected by the deliberative process privilege, attorney-client privilege or work-product doctrine.

b) A complete set of the Chicago Police reports and any other agency's unredacted reports listed under Log #s 1091232 and 1091329;

**Response:** See the CR file already tendered. Additionally, the Superintendent has tendered CR file 1091329.

c) Any and all video recordings, audio recordings, and unredacted computer searches, emails and text messages recovered or utilized in this case;

**Response:** See the CR file already tendered. The investigation continues.

d) A complete copy of Officer Livius Tomescu's personnel file and a list of all awards, accommodations, etc. he earned with the Chicago Police Department.

**Response:** A copy of Respondent's personnel file has been requested by the Superintendent and will be tendered upon receipt. Additionally, on information and belief, a copy of Respondent's complimentary and disciplinary history will be provided to all parties by the Police Board.

e) All unredacted CPD disciplinary records, complaints, criminal histories and/or reports of Rafia Iqbal, Mark Burckel, Colton Sodt and Sohail Bhatti;

**Response:** The Superintendent objects to this request as it seeks material that is beyond the discovery provisions of the Police Board Rules of Procedure and irrelevant to the present matter. Furthermore, Respondent does not articulate any permissible purpose for his request of Rafia Iqbal's, Mark Burckel's, Colton Sodt's or Sohail Bhatti's disciplinary records.

f) All unredacted documentation from 18 OP 77815;

**Response:** The Superintendent objects to this request as it seeks material that is beyond

3

the discovery provisions of the Police Board Rules of Procedure and is not limited to items within the care custody or control of the Civilian Office of Police Accountability, the Independent Police Review Authority and/or the Chicago Police Department. Furthermore, Respondent has the same access to the Clerk of the Circuit Court to obtain documentation related to 18 OP 77815.

g) All unredacted cell phone records, including text messages of Officer Livius Tomescu, Rafia Iqbal and any other witness in this case

**Response:** The Superintendent objects to this request as it seeks material that is beyond the discovery provisions of the Police Board Rules of Procedure. Without waiving any objections, see the CR file.

7. A list of witnesses the City, the Superintendent and the Department of Law may call at the hearing, their unredacted last known addresses, phone numbers, other identifying relevant information including any criminal history they may have and whether there are any cases pending against any of the witnesses.

**Response:** The Superintendent objects to this request as beyond the discovery provisions of the Police Board Rules of Procedure. The Superintendent will produce a witness list pursuant to the Police Board Rules of Procedure at the pre-hearing conference.

8. A complete copy of the reports listed under Log Number 1091232 and 1091329 including any findings made regarding said Log Numbers.

**Response:** The Superintendent objects to this request as vague, ambiguous and subject to multiple interpretations. Additionally, Respondent's request is not in such detail as to sufficiently apprise the Superintendent as to which "reports" and "findings" are being requested. Without waiving any objects, see the CR file and the newly tendered CR file 1091329.

9. Any and all recordings, photographs or video tapes, and exhibits which the City, the Superintendent and the prosecution have in their possession, whether they plan on introducing them into evidence at the hearing or not.

**Response:** The Superintendent objects to this request as beyond the discovery provisions of the Police Board Rules of Procedure, vague, overly broad, and burdensome. Without waiving any objections, see the CR file.

10. Any and all police reports, GPRs, notes, memorandum, inventory reports, search warrants and documents prepared by Sgt. Emmet Welch or anyone else in this case, including but not limited to the Chicago Police Department's Bureau of Internal Affairs.

**Response:** The Superintendent objects to this request to the extent that it seeks material beyond the discovery provisions of the Police Board Rules of Procedure and not within the custody or control of the Chicago Police Department. The Superintendent further objects

4

MONITOR00237225

to this request as vague, overly broad and burdensome. Additionally, the Superintendent further objects to this request to the extent that it seeks documents that are protected by deliberative process privilege, attorney-client privilege, or work-product doctrine. Without waiving any objections, see the CR file.

The investigation continues.

Respectfully submitted,

Celia Meza
Acting Corporation Counsel

By:     /s/ Johanna Tran
        Assistant Corporation Counsel

City of Chicago, Department of Law
Labor Division
2 N. LaSalle St., Ste. 660
Chicago, IL 60602

5

                                                                MONITOR00237226

## CHARGES AGAINST POLICE OFFICER DAVID TAYLOR

Police Officer David Taylor, Star Number 18525, is charged with violating the following rules contained in Article V of the Rules and Regulations of the Chicago Police Department (the "Department"), which were in full force and effect on the date(s) of the alleged violations:

Rule 2:    Any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department

Rule 6:    Disobedience of an order or directive, whether written or oral

Rule 10:    Inattention to duty

Rule 11:    Incompetency or inefficiency in the performance of duty

Rule 38:    Unlawful or unnecessary use or display of a weapon

1. On or about July 3, 2018, at approximately 8:04 p.m., at or near 4730 W. Fulton Street, Chicago, Illinois, Police Officer David Taylor used deadly force that was not necessary to prevent death or great bodily harm from an imminent threat posed to Officer Taylor or another person, and was not necessary to prevent an arrest from being defeated where the person to be arrested posed an imminent threat of death or great bodily harm to Officer Taylor or another person unless arrested without delay, when he fired one or more shots at Terrell Eason, thereby violating

   a. Rule 2 (any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department)

   b. Rule 6 (disobedience of a direct order, whether oral or written) (General Order 03-02—Use of Force); and

   c. Rule 38 (Unlawful or unnecessary use or display of a weapon).

2. On or about July 3, 2018, at approximately 8:04 p.m., at or near 4730 W. Fulton Street, Chicago, Illinois, Police Officer David Taylor fired one or more shots in the direction of Terrell Eason, without justification, thereby violating

   a. Rule 2 (any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department)

   b. Rule 10 (inattention to duty);

   c. Rule 11 (incompetency or inefficiency in the performance of a duty); and

   d. Rule 38 (Unlawful or unnecessary use or display of a weapon).

*ACTIVE 56188782v1*

3. On or about July 3, 2018, at approximately 8:04 p.m., at or near 4730 W. Fulton Street, Chicago, Illinois, while responding to an incident documented under RD #JB334215, Police Office David Taylor failed to activate his body worn camera in a timely manner, thereby violating

   a. Rule 2 (any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department)

   b. Rule 6 (disobedience of a direct order, whether oral or written) (Special Order S03-14—Body Worn Cameras); and

   c. Rule 10 (Inattention to duty).

Based on the foregoing charges and specifications, the Superintendent recommends that Officer David Taylor, Star Number 18525, be separated from the Chicago Police Department.

> FILED: April 06, 2021
> POLICE BOARD
> Case No. 21 PB 2990-1

## CHARGES AGAINST POLICE OFFICER LARRY LANIER

Police Officer Larry Lanier, Star Number 16195, is charged with violating the following rules contained in Article V of the Rules and Regulations of the Chicago Police Department (the "Department"), which were in full force and effect on the date(s) of the alleged violations:

Rule 2:    Any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department

Rule 6:    Disobedience of an order or directive, whether written or oral

Rule 10:    Inattention to duty

Rule 11:    Incompetency or inefficiency in the performance of duty

Rule 38:    Unlawfully or unnecessarily using or displaying a weapon

1. On or about July 3, 2018, at approximately 8:04 p.m., at or near 4730 W. Fulton Street, Chicago, Illinois, Police Officer Larry Lanier used deadly force that was not necessary to prevent death or great bodily harm from an imminent threat posed to Officer Lanier or another person, and was not necessary to prevent an arrest from being defeated where the person to be arrested posed an imminent threat of death or great bodily harm to Officer Lanier or another person unless arrested without delay, when he fired one or more shots at Terrell Eason, thereby violating

    a. Rule 2 (any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department);

    b. Rule 6 (disobedience of a direct order, whether oral or written) (General Order 03-02—Use of Force); and

    c. Rule 38 (Unlawful or unnecessary use or display of a weapon).

2. On or about July 3, 2018, at approximately 8:04 p.m., at or near 4730 W. Fulton Street, Chicago, Illinois, Police Officer Larry Lanier fired one or more shots in the direction of Terrell Eason, without justification, thereby violating

    a. Rule 2 (any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department)

    b. Rule 10 (inattention to duty);

    c. Rule 11 (incompetency or inefficiency in the performance of a duty); and

    d. Rule 38 (Unlawful or unnecessary use or display of a weapon).

*ACTIVE 56188782v1*

3. On or about July 3, 2018, at approximately 8:04 p.m., while responding to an incident documented under RD #JB334215, Police Office Larry Lanier failed to activate his body worn camera in a timely manner, thereby violating

   a. Rule 2 (any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department);

   b. Rule 6 (disobedience of a direct order, whether oral or written) (Special Order S03-14—Body Worn Cameras); and

   c. Rule 10 (Inattention to duty).

Based on the foregoing charges and specifications, the Superintendent recommends that Officer Larry Lanier, Star Number 16195, be separated from the Chicago Police Department.

DAVID BROWN
Superintendent of Police

APPROVED AS TO FORM

ELIZABETH S. RALPH
JULIA D. RIEDEL EMFINGER
CHRISTINE DULANEY
Special Assistant Corporation Counsel

FILED: April 06, 2021
POLICE BOARD
Case No. 21 PB 2990-2

*ACTIVE 56188782v1*

HEARING
April 26, 2021

BEFORE THE POLICE BOARD
OF THE CITY OF CHICAGO


IN THE MATTER OF CHARGES )
FILED AGAINST            )
P.O. DAVID TAYLOR        )   Case No.  21 PB 2990-1
P.O. LARRY LANIER        )   Case No.  21 PB 2990-2


        REPORT OF PROCEEDINGS (Via teleconference)

had at the status in the above-entitled matter before

MS. LAUREN FREEMAN, HEARING OFFICER, taken on April

26, 2021, at the hour of 10:13 o'clock a.m.

            *  *  *  *  *  *  *  *  *

REMOTE APPEARANCES:

MS. ELIZABETH M. RALPH,
(Via teleconference),
MS. JULIA RIEDEL EMFINGER
(Via teleconference),

        on behalf of the Superintendent;

MR. JAMES McKAY,
(Via teleconference),

        on behalf of Respondent Taylor;

MR. JAMES THOMPSON,
(Via teleconference),

        on behalf of Respondent Lanier;

POLICE BOARD OF THE CITY OF CHICAGO
MR. MAX CAPRONI, Executive Director,
(Via teleconference.)

HEARING
April 26, 2021

1       HEARING OFFICER FREEMAN:  This is Police Board

2    Case Number 21 PB 2990, Case 1 and 2 regarding the

3    charges against Respondent Officer David Taylor and

4    Larry Lanier, and Lanier is spelled, L-a-n-i-e-r.

5            I'm Lauren Freeman, the Hearing Officer

6    assigned to this case, and we're proceeding via

7    conference call due to the ongoing COVID-19 pandemic.

8            Counsel for the Superintendent, can you

9    please introduce yourself and spell your name for the

10   court reporter followed by Counsel for Respondent

11   Taylor and then Counsel for Respondent Lanier?

12       MS. RALPH:  Good morning.  This is Elizabeth

13   Ralph from Greenberg Traurig on behalf of the

14   Superintendent.  Last name is, R-a-l-p-h.

15       MS. EMFINGER:  Good morning.  This is Julia

16   Emfinger also from Greenberg Traurig on behalf of the

17   Superintendent.  Last name is E, as in echo; m, as in

18   Mary; f, as in Frank, i-n-g-e-r.

19       MR. McKAY:  Good morning, your Honor.  This is

20   James McKay.  Last name is, M-c-K-a-y.  I'm appearing

21   on behalf of Officer David Taylor.

22       HEARING OFFICER FREEMAN:  Mr. Thompson?  Counsel

23   for Respondent Taylor?

24       MR. THOMPSON:  Sorry, good morning.  Was I cut

1   off?

2     HEARING OFFICER FREEMAN:  Yeah.  Can you please

3   introduce yourself and spell your name for the court

4   reporter?

5     MR. THOMPSON:  Sure.  James Thompson,

6   T-h-o-m-p-s-o-n, Counsel on behalf of Officer Larry

7   Lanier.

8     HEARING OFFICER FREEMAN:  Thank you, very much.

9   And Mr. Thompson, have you filed an appearance on

10  behalf of --

11     MR. THOMPSON:  I have not -- I'm sorry, go ahead.

12     HEARING OFFICER FREEMAN:  On behalf of your

13  client?

14     MR. THOMPSON:  This is Jim Thompson.  I was

15  informed this morning we have not, so we will file

16  that immediately after the conference call.

17     HEARING OFFICER FREEMAN:  Okay, thank you.

18       And Mr. McKay, you filed your appearance on

19  behalf of Officer Taylor, and that was two or more

20  days prior to today's date in accordance with the

21  Board rules, correct?

22     MR. McKAY:  Yes, Judge.  I filed it on April 21st

23  along with my motion for discovery.

24     HEARING OFFICER FREEMAN:  And Counsels for

HEARING
April 26, 2021

```
 1   Officer Lanier and Officer Taylor, your clients were

 2   personally served with the charges as indicated on

 3   their notice on April 8th, which was five or more

 4   days prior to this initial status, correct,

 5   Mr. McKay?

 6        MR. McKAY:  Yes, Judge.

 7        HEARING OFFICER FREEMAN:  And Mr. Thompson?

 8        MR. THOMPSON:  Yes, Judge.

 9        HEARING OFFICER FREEMAN:  Okay.  So Mr. Thompson,

10   if you could file your appearance in the next couple

11   of days, today would be great.  The Board rules

12   actually say that you have to have an appearance on

13   file to represent your client, so we're going to

14   continue with this, but just make sure that your

15   appearance is filed by -- before Thursday, okay?

16        MR. THOMPSON:  Sure, we'll get it on file today.

17        HEARING OFFICER FREEMAN:  Okay, thank you.

18            And Counsel for the Superintendant, have you

19   tendered the CR files to either Counsel or do you

20   have it available for them?

21        MS. RALPH:  Yes, this is Elizabeth Ralph.  We

22   have not tendered the CR file yet.  We are going to

23   be seeking entry of an agreed protective order prior

24   to producing the CR file so that we can designate
```

HEARING
April 26, 2021

1   certain documents.

2          Mr. McKay has already signed off on that

3   agreed protective order, and I just sent it to

4   Mr. Thompson during this call, so once we get that

5   squared away, we're prepared to produce the CR files

6   right away.

7       HEARING OFFICER FREEMAN:  Okay, great.  So if you

8   could produce those files by Thursday.  I'm assuming

9   Mr. Thompson will file his appearance by then.

10      MR. THOMPSON:  I'm sorry to hold everybody up.  I

11  will have that on file today and execute the

12  protective order.

13      HEARING OFFICER FREEMAN:  That's okay, no

14  problem.

15         And then Counsel for Respondent Taylor,

16  Mr. McKay, you indicated that you filed your motion

17  for discovery, correct?

18      MR. McKAY:  Yes, that is correct.

19      HEARING OFFICER FREEMAN:  Thank you.

20         And Mr. Thompson, when you file your

21  appearance, you are going to file your motion for

22  discovery also, is that correct?

23      MR. THOMPSON:  That's correct, we'll do that

24  simultaneously.

HEARING
April 26, 2021

 1      HEARING OFFICER FREEMAN:  Okay.  So I'm going to

 2   give the Superintendent about three weeks to respond

 3   to your motions for discovery, so that would be April

 4   20th, and then I'm going to --

 5      MR. THOMPSON:  I think you mean May 20th.

 6      HEARING OFFICER FREEMAN:  Sorry, May 20th.  And

 7   then I'm going to give the Respondents about a week

 8   after that so they can review any additional

 9   materials that the Superintendent tenders in response

10   to those motions that are in addition to the CR file.

11         So let's set this case for status about a

12   week after that and meet up again on May 27th.

13         Is that a good date for you -- at 10:00 a.m.

14   Is that a good date and time for you, Ms. Ralph and

15   Ms. Emfinger?

16      MS. EMFINGER:  Yes, that works for me.

17      MS. RALPH:  Let me look at -- that works for me

18   as well.

19      HEARING OFFICER FREEMAN:  Okay.  How about you,

20   Mr. McKay?

21      MR. McKAY:  Your Honor, if it's by phone, yes.

22   If it's in person or by Zoom, no.  I'll be in a

23   courtroom at 9:00 a.m. up in Lake County, but I

24   should be finished by 10:00.  I can certainly call in

HEARING
April 26, 2021

1    at 10:00 o'clock.

2        HEARING OFFICER FREEMAN:  Yeah, it's by phone.

3        MR. McKAY:  Okay.

4        HEARING OFFICER FREEMAN:  And how is that for

5    you, Mr. Thompson?

6        MR. THOMPSON:  That's good, Judge.

7        HEARING OFFICER FREEMAN:  Is that all right,

8    Mr. Caproni?

9        MR. CAPRONI:  Yes.

10       HEARING OFFICER FREEMAN:  Is that date and time

11   okay?

12       MR. CAPRONI:  Yes, Thursday, May 27th at 10:00

13   a.m. is fine.

14       HEARING OFFICER FREEMAN:  Okay.  Mr. Thompson and

15   Mr. McKay, if you determine that you'll be seeking

16   any further discovery beyond what was initially

17   tendered in the CR file, I'm going to ask you to

18   please file your supplemental motions for discovery a

19   day or two before that day, so let's say by April

20   25th -- no, April 26th, and on the next status

21   hearing --

22       MR. THOMPSON:  You mean May?

23       HEARING OFFICER FREEMAN:  I'm sorry, gosh, I keep

24   doing that.

HEARING
April 26, 2021

1        So for the next status hearing, Mr. McKay

2   and Mr. Thompson, you should be in a position to

3   indicate whether you're voiding any additional

4   discovery or whether you filed a supplemental motion

5   or whether we're in a position to schedule this case

6   for hearing and prehearing conference.

7        And also by the next status date I would

8   like it if you could reach out to your witnesses to

9   find out what their availability will be in July and

10  August for hearing.

11       In addition, Mr. Caproni has sent all of the

12  parties reports of the Respondents' complimentary and

13  disciplinary histories that were generated just

14  before the charges in this case were filed.  There

15  have been no prior Police Board cases against either

16  Respondent that the Board is aware of.

17       Also, as set forth in the new amendments to

18  the Police Board rules in Appendix A, the Corporation

19  Counsel shall be given access to the Respondent's

20  complete disciplinary file upon written request to

21  the Superintendant, and each Respondent shall be

22  given access to his own disciplinary file if

23  requested in writing.

24       I'd also like to caution you, the

HEARING
April 26, 2021

```
1    Respondents and Counsel for the Superintendent, that

2    if any of you decide that you may want to use experts

3    in this case, I suggest that you begin the process of

4    retaining them as soon as possible because these

5    cases move a lot faster than civil or criminal cases,

6    and you'll need to disclose them in advance of the

7    prehearing conference.

8              So is that all understood, Ms. Ralph and

9    Ms. Emfinger?

10        MS. RALPH:  Yes, understood, Ms. Freeman.

11        HEARING OFFICER FREEMAN:  Mr. McKay on behalf of

12   Respondent Taylor?

13        MR. McKAY:  Yes, it's understood, and further I

14   would initially disclose that I will be seeking an

15   expert, so I will have them identified well before

16   May 26th.

17        HEARING OFFICER FREEMAN:  Excellent, thank you.

18              And Mr. Thompson, understood?

19        MR. THOMPSON:  Understood.

20        HEARING OFFICER FREEMAN:  And is there anything

21   further we need to address right now, Counsel for the

22   Superintendent?

23        MS. RALPH:  Not on behalf of the Superintendent.

24        HEARING OFFICER FREEMAN:  Mr. McKay?
```

HEARING
April 26, 2021

1      MR. McKAY:  Not on behalf of Officer David

2   Taylor.

3      HEARING OFFICER FREEMAN:  And Mr. Thompson?

4      MR. THOMPSON:  Nothing from Officer Lanier.

5      HEARING OFFICER FREEMAN:  All right, great.

6   Thank you.

7           So that concludes our business on this case

8   today, so I will be speaking with you all again on

9   the 27th at 10:00 a.m.  Thank you, very much.

10  Everybody please stay healthy.

11           (WHICH WERE ALL THE PROCEEDINGS HAD.)

12

13

14

15

16

17

18

19

20

21

22

23

24

HEARING
April 26, 2021

```
1    STATE OF ILLINOIS      )
                            )  ss:
2    COUNTY OF W I L L      )

3

4              I, NANCY DECOLA EATINGER, a Certified

5    Shorthand Reporter, do hereby certify:

6              That said proceedings were taken remotely

7    before me at the time and places therein set forth

8    and were taken down by me in shorthand and thereafter

9    transcribed into typewriting;

10             I further certify that I am neither

11   counsel for, nor related to, any party to said

12   proceedings and not in any way interested in the

13   outcome thereof.

14             In witness whereof, I have hereunto

15   subscribed my name.

16   Dated:  April 28, 2021

17

18   _____
     Nancy DeCola Eatinger
19   CSR No. 084-003451

20

21

22

23

24
```

# THE POLICE BOARD OF THE CITY OF CHICAGO

| | | |
|---|---|---|
| IN THE MATTER OF CHARGES | ) | |
| AGAINST | ) | |
| | ) | |
| OFFICER DAVID TAYLOR, Star # 18525 | ) | CASE NO. 21 PB 2990-1 |
| | ) | |
| Respondent. | ) | |

## NOTICE OF FILING

To: Max Caproni,
Executive Director, Police Board
max.caproni@cityofchicago.org
jazmyne.rollins@cityofchicago.org

    PLEASE TAKE NOTICE that on **April 21, 2021 at 10:15am at 2 North LaSalle St., Suite M800, Chicago, Il 60602,** I filed before the Police Board of the City of Chicago the attached pleadings on behalf of the Respondent, a copy of which is served upon you:

**Appearance**
**Motion for Discovery**


_____
James P. McKay, Jr.


## CERTIFICATE OF SERVICE

    I hereby certify that on April 21, 2021, I electronically served this Notice and the attached Respondent's pleading mentioned above to the above parties via their respective email addresses.

_____
James P. McKay, Jr.


1

                                    MONITOR00237242

James P. McKay, Jr.
Of Counsel
Tomasik Kotin Kasserman
161 North Clark Street, Suite 3050
Chicago, Il 60601
(312) 605-8800 - office
(312) 605-8808 – fax
(312) 835-8052 - cell
jpmckaylaw@gmail.com
jim@tkklaw.com

2

MONITOR00237243

**THE POLICE BOARD OF THE CITY OF CHICAGO**

| | | |
|---|---|---|
| IN THE MATTER OF CHARGES AGAINST | ) ) ) | |
| OFFICER DAVID TAYLOR, Star # 18525, | ) ) | Case No.   21 PB 2990-1 |
| Respondent | ) ) | |

**APPEARANCE**

To:  Max Caproni, Executive Director of the Chicago Police Board
      max.caproni@cityofchicago.org
      jazymyne.rollins@cityofchicago.org

     The undersigned attorney does hereby enter his appearance on behalf of the Respondent, Officer David Taylor in the above captioned matter, this 21st day of April 2021.

/x/ James P. McKay, Jr.
_____
James P. McKay, Jr.
Attorney for Officer David Taylor

James P. McKay, Jr.
Of Counsel
Tomasik Kotin Kasserman
161 North Clark Street
Suite 3050
Chicago, Il 60601
Office (312) 605-8800
Facsimile (312) 605-8808
Cell (312) 835-8052
jpmckaylaw@gmail.com
jim@tkklaw.com

MONITOR00237244

## THE POLICE BOARD OF THE CITY OF CHICAGO

IN THE MATTER OF CHARGES      )
AGAINST      )
     )
OFFICER DAVID TAYLOR, Star # 18525      )      CASE NO. 21 PB 2990 - 1
     )
             Respondent      )

### MOTION FOR DISCOVERY

     NOW COMES the Respondent, Officer David Taylor, by and through his attorney, James P. McKay, Jr., and moves this Honorable Police Board to order the City of Chicago, Department of Law and the appointed Special Assistant Corporation Counsel, if any, to disclose and produce the following items of discovery, including but not limited to:

1. Any and all written statements made by the Respondent concerning the charges filed, which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability (formerly I.P.R.A.), the Cook County State's Attorney's Office, the Corporation Counsel's Office and Special Assistant Corporation Counsel, if any.

2. Any and all oral statements made by the Respondent concerning the charges filed which have been reduced to writing or summaries of which have been reduced to writing which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability (formerly I.P.R.A.), the Cook County State's Attorney's Office, the Corporation Counsel's Office and Special Assistant Corporation Counsel, if any.

3. Any and all oral statements of the Respondent concerning the charges filed which have been in any way mechanically recorded and which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability (formerly I.P.R.A.), the Cook County State's Attorney's Office, the Corporation Counsel's Office and Special Assistant Corporation Counsel, if any.

4. Any and all recorded statements, written statements or written summaries of oral statements of any witness to be produced by the City and the Superintendent in the prosecution's case-in chief at the hearing of said charges and any other persons unknown to Respondent at this time that were interviewed by any investigators or prosecutors in this case.

5. Results or reports of physical or mental examinations or medical examinations of Terrell Eason including any toxicology reports, and reports of scientific tests or experiments made in connection with this particular case which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability (formerly I.P.R.A.), the Cook County State's Attorney's Office, the Corporation Counsel's Office and Special Assistant Corporation Counsel, if any, and the identity and reports of any expert witnesses on a police officer's use of force, or treaters the City, the Superintendent and the prosecution plans on calling at the hearing.

1

6. Any evidence within the custody or control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability (formerly I.P.R.A.), the Cook County State's Attorney's Office, the Corporation Counsel's Office and Special Assistant Corporation Counsel, if any, which is favorable to the Respondent in terms of guilt or innocence to the charges filed against the Respondent, including but not limited to:

a) Any and all unredacted written documentation, notes, memos, affidavits, emails and text messages, by any witness present for any communication between the Civilian Office of Police Accountability (formerly I.P.R.A.), the Cook County State's Attorney's Office, the City of Chicago, Department of Law and the Superintendent of Police regarding Officer David Taylor, Officer Larry Lanier and other individuals in this case from July 3, 2018 to the present.

b) A complete set of the unredacted Chicago Police reports listed under RD# JB334215.

c) Any and all affidavits, declination to prosecute reports, video recordings of all body worn cameras and dash cameras from the date of the incident, and all video recordings from cell phones and surveillance cameras from the date of the incident.

d) A complete copy of Officer David Taylor's personnel file with the Chicago Police Department.

e) The complete unredacted criminal history of Terrell Eason, including his juvenile history, and all *Lynch* material pursuant to *People v. Lynch,* 104 Ill. 2d 194, 470 N.E. 2d 1018, 83 Ill. Dec. 598 (1984).

f) Any and all offers of leniency to any witness in this case, any benefit extended to any witness in this case, and any agreements between any agency in this case and any witness in exchange for their cooperation and/or testimony in this case.

7. A list of witnesses the City and the Department of Police may call at the hearing, their unredacted last known addresses, phone numbers, other identifying relevant information including any criminal history they may have and whether there are any cases pending against any of the witnesses.

8. A copy of the unredacted complaint register file(s), if any, and files listed under Log# 1090087 that pertain to this case.

9. All documents, pleadings and discovery, including but not limited to deposition transcripts from 1:18-cv-05362.

10. Any and all recordings, photographs or video tapes, and exhibits which the City, the Superintendent and the prosecution have in their possession, whether they plan on introducing them into evidence at the hearing or not.

11. Any and all police reports, GPRs, notes, memorandum, inventory reports, search warrants and documents prepared by any and all agencies in this case, including but not limited to the Chicago

2

Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability (formerly I.P.R.A.), the Cook County State's Attorney's Office, the Corporation Counsel's Office and Special Assistant Corporation Counsel, if any.

WHEREFORE, the Respondent respectfully requests this Honorable Police Board to enter an Order requiring the City of Chicago, Department of Law and the appointed Special Assistant Corporation Counsel, if any, to disclose and tender all of the above discovery requests at the earliest reasonable time possible.

Respectfully submitted,

/x/ James P. McKay, Jr.

James P. McKay, Jr.
Attorney for the Respondent
Officer David Taylor

James P. McKay, Jr.
Of Counsel, Tomasik Kotin Kasserman
161 North Clark Street
Suite 3050
Chicago, Il 60601
Office: (312) 605-8800
Facsimile: (312) 605-8808
Cell: (312) 835-8052
jpmckaylaw@gmail.com
jim@tkklaw.com

3

MONITOR00237247

**BEFORE**
**THE POLICE BOARD**
**OF THE CITY OF CHICAGO**

| | | |
|---|---|---|
| In the Matter of Charges Against | ) | |
| | ) | |
| POLICE OFFICER LARRY LANIER and, | ) | Case No.: 21 PB 2990 |
| DAVID TAYLOR, | ) | |
| | ) | |
| *Respondent.* | ) | |

**DISCOVERY PRODUCTION REQUESTS**

NOW COMES, the Respondent, OFFICER LARRY LANIER, by and through his attorneys, GRACE & THOMPSON, and propounds the following Discovery Production Requests to the Superintendent of the City of Chicago:

1.     Any and all written statements made by the Respondent concerning the charges filed, which are within the custody and control of the Department of Police or any independent investigating agency that conducted the Complaint Register investigation pertaining to the charges filed against the Respondent, including but not limited to the Civilian Office of Police Accountability, the Office of the Inspector General, etc.

**Response:**

2.     Any and all oral statements made by the Respondent concerning the charges filed which have been reduced to writing or summaries of which have been reduced to writing which are witin the custody and control of the Department of Police or any independent investigating agency.

**Response:**

3.     Any and all oral statements of the Respondent concerning the charges filed which have been in any way mechanically recorded and which are within the custody and control of the Department of Police or any independent investigating agency.

1

MONITOR00237248

**Response:**

     4.     Any and all written statements, recorded statements in their native format, transcripts of statements including but not limited to deposition transcripts and trial transcripts, or written summaries of statements made by Respondent, any and all witnesses, or persons purporting to be witnesses concerning the charges filed and/or the events giving rise thereto within the custody and control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago. For any requested statement known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said statements.

**Response:**

     5.     Results and reports of physical and/or mental examinations, scientific tests, reconstructions or experiments made in connection with the particular case at issue which are within the custody and control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago. For any requested document known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said documents.

**Response:**

     6.     Any and all evidence including but not limited to expert opinion within the custody or control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago which

is favorable to the Respondent in terms of guilt or innocence to the charges filed against the Respondent.

**Response:**

7.    A true and complete copy of the complaint register and/or log file created and maintained by the Chicago Police Department regarding this investigation.

**Response:**

8.    Any and all documents, photographs, videos, reports, emails, correspondence, diagrams or other depictions regardless of form which depict or otherwise purport to illustrate the scene of the occurrence giving rise to the charges against Respondent or the parties or witnesses involved within the custody or control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago.  For any requested document known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said documents.

**Response:**

9.    A true and complete copy of Respondent Officer Larry Lanier's complete disciplinary file and complimentary and disciplinary history file maintained by the Chicago Police Department.

**Response:**

10.    A copy of any and all Chicago Police Department orders or Illinois Statutes intended to be used during the hearing in this matter.

**Response:**

3

11.     A list of witnesses and the subject matter of their testimony, the conclusions and opinions of each witness and the qualifications of each witness.

**Response:**

12.     Any and all news media, social media or other related reports relating to the charges against Respondent or the underlying occurrence giving rise to the charges filed against the Respondent within the custody or control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago.  For any requested document known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said documents.

**Response:**

13.     A complete list of all agencies known to have conducted some form of investigation relating to the charges alleged together with all documents produced or exchanged relating the occurrence giving rise to the charges and all correspondence within the possession and control of the Department of Police, the City of Chicago and all associated entities.  Please be advised this request includes but is not limited to the Independent Police Review Authority, Civilian Office of Police Accountability, Department of Police, Office of the Cook County State's Attorney, Cook County Medical Examiner, Illinois State Police Crime Lab and/or Forensic Section, and the Illinois State's Attorneys Appellate Prosecutor's Office.

**Response:**

14.     Based upon reasonable information and belief an investigation was conducted by the Office of the Cook County State's Attorney and at the request of Cook County State's

4

MONITOR00237251

Attorney Kim Foxx, the Illinois State's Attorneys Appellate Prosecutor's Office in which both found the Respondent's use of force justified. Please provide any and all documents, including but not limited to correspondence, memorandums, notes reduced to writing, audio, video or photographs exchanged, provided and/or otherwise disclosed regarding the above-mentioned investigation together with all contact information relative to said investigations.

**Response:**

Respectfully Submitted,

/s/ Robert Ryan Arroyo
*Attorneys for Respondent, Larry Lanier*

Timothy M. Grace (connorgrace@aol.com)
James E. Thompson (jthompson@ggtlegal.com)
Robert Ryan Arroyo (robarroyo@ggtlegal.com)
GRACE & THOMPSON
311 W. Superior St., Ste. 215
Chicago, Illinois 60654
P: (312) 943-0600
F: (312) 943-7133

5

MONITOR00237252

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that on this **26th day of April 2021**, I caused copies of this **CERTIFICATE OF SERVICE** and accompanying **PRODUCTION REQUESTS TO THE SUPERINTENDENT FROM RESPONDENT LARRY LANIER** to be sent to the above listed parties at their listed addresses via electronic mail:

Jazmyne Rollins (via email jazmyne.rollins@cityofchicago.org)
Chicago Police Board
2 North LaSalle St., M800
Chicago, IL 60602

Special Assistant Corporation Counsels
Elizabeth S. Ralph (via email ralphe@gtlaw.com)
Julia D. Riedel Emfinger (via email emfingerj@gtlaw.com)
Christine Dulaney (via email dulaneyc@gtlaw.com)
GreenbergTraurig
77 W. Wacker Dr., Ste. 3100
Chicago, IL 60601


Date:   April 26, 2021             Signed: /s/ Robert Ryan Arroyo
                                   *Attorneys for Respondent, Larry Lanier*


Attorneys for Respondent Larry Lanier
Timothy M. Grace (connorgrace@aol.com)
James E. Thompson (jthompson@ggtlegal.com)
Robert Ryan Arroyo (robarroyo@ggtlegal.com)
GRACE & THOMPSON
311 W. Superior St., Ste. 215
Chicago, Illinois 60654
P: (312) 943-0600
F: (312) 943-7133

6

BEFORE THE POLICE BOARD OF
THE CITY OF CHICAGO

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| CHARGES AGAINST | ) | |
| | ) | **Case No. 21 PB 2990** |
| OFFICER DAVID TAYLOR and | ) | |
| OFFICE LARRY LANIER, | ) | |
| Respondents. | ) | |

### SUPERINTENDENT'S RESPONSE TO RESPONDENT DAVID TAYLOR'S MOTION FOR DISCOVERY

David Brown, Superintendent of the Chicago Police Department, by his attorney Celia Meza, Acting Corporation Counsel for the City of Chicago, and for his Responses and Objections to Respondent David Taylor's Motion for Discovery, states as follows:

1.  **Any and all written statements made by the Respondent concerning the charges filed, which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability (formerly I.P.R.A.), the Cook County State's Attorney's Office, the Corporation Counsel's Office and Special Assistant Corporation Counsel, if any.**

**RESPONSE:** The Superintendent objects to this request to the extent it exceeds the scope of discovery required by Rule II.C. The Superintendent further objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. Subject to and without waiving these objections, the Superintendent states that all responsive materials received by the undersigned counsel of record from COPA and/or CPD relating to this case have been produced to Respondent. Discovery is ongoing, and the Superintendent reserves his right to supplement this response as necessary.

2.  **Any and all oral statements made by the Respondent concerning the charges filed which have been reduced to writing or summaries of which have been reduced to writing which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability (formerly I.P.R.A.), the Cook County State's Attorney's Office, the Corporation Counsel's Office and Special Assistant Corporation Counsel, if any.**

1

**RESPONSE:** The Superintendent objects to this request to the extent it exceeds the scope of discovery required by Rule II.C. The Superintendent further objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. Subject to and without waiving the foregoing objections, the Superintendent states that all responsive materials received by the undersigned counsel of record from COPA and/or CPD relating to this case have been produced to Respondent. Discovery is ongoing, and the Superintendent reserves his right to supplement this response as necessary.

3. **Any and all oral statements of the Respondent concerning the charges filed which have been in any way mechanically recorded and which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability (formerly I.P.R.A.), the Cook County State's Attorney's Office, the Corporation Counsel's Office and Special Assistant Corporation Counsel, if any.**

**RESPONSE:** The Superintendent objects to this request to the extent it exceeds the scope of discovery required by Rule II.C. The Superintendent further objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. Subject to and without waiving the foregoing objections, the Superintendent states that all responsive materials received by the undersigned counsel of record from COPA and/or CPD relating to this case have been produced to Respondent. Discovery is ongoing, and the Superintendent reserves his right to supplement this response as necessary.

4. **Any and all recorded statements, written statements or written summaries of oral statements of any witness to be produced by the City and the Superintendent in the prosecution's case-in chief at the hearing of said charges and any other persons unknown to Respondent at this time that were interviewed by any investigators or prosecutors in this case.**

**RESPONSE:** The Superintendent objects to this request because it exceeds the scope of discovery required by Rule II.C and the requirements of Rules II.I and II.J relating to identification of witnesses and exhibits. The Superintendent further objects to the extent the request seeks

2

documents protected by the attorney client privilege and/or work product doctrine. To the extent this request asks the Superintendent to identify witnesses he expects to call at the hearing, Respondent's request is premature. The Superintendent will identify his witnesses in accordance with Rule II.I and Rule II.J and any scheduling order entered by the Hearing Officer. Subject to and without waiving the foregoing objections, the Superintendent states that all responsive materials received by the undersigned counsel of record from COPA and/or CPD relating to this case have been produced to Respondent. Discovery is ongoing, and the Superintendent reserves his right to supplement this response as necessary.

5. **Results or reports of physical or mental examinations or medical examinations of Terrell Eason including any toxicology reports, and reports of scientific tests or experiments made in connection with this particular case which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability (formerly I.P.R.A.), the Cook County State's Attorney's Office, the Corporation Counsel's Office and Special Assistant Corporation Counsel, if any, and the identity and reports of any expert witnesses on a police officer's use of force, or treaters the City, the Superintendent and the prosecution plans on calling at the hearing.**

**RESPONSE:** The Superintendent objects to this request to the extent it exceeds the scope of discovery required by Rule II.C. The Superintendent further objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. The Superintendent also objects to this request as premature to the extent it calls for expert witness disclosures beyond the requirements of Rule II.I. The Superintendent will make his expert witness disclosures, if any, in accordance with Rule II.I and II.J and any scheduling order entered by the Hearing Officer. Subject to and without waiving the foregoing objections, the Superintendent states that all responsive materials received by the undersigned counsel of record from COPA and/or CPD relating to this case have been produced to Respondent. Discovery is ongoing, and the Superintendent reserves his right to supplement this response as necessary.

3

6. **Any evidence within the custody or control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability (formerly I.P.R.A.), the Cook County State's Attorney's Office, the Corporation Counsel's Office and Special Assistant Corporation Counsel, if any, which is favorable to the Respondent in terms of guilt or innocence to the charges filed against the Respondent, including but not limited to:**

**RESPONSE:** The Superintendent objects to this request because it exceeds the scope of discovery required by Rule II.C. The Superintendent further objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. Subject to and without waiving the foregoing objections, the Superintendent states that all responsive materials received by the undersigned counsel of record from COPA and/or CPD relating to this case have been produced to Respondent. Discovery is ongoing, and the Superintendent reserves his right to supplement this response as necessary.

> a) **Any and all unredacted written documentation, notes, memos, affidavits, emails and text messages, by any witness present for any communication between the Civilian Office of Police Accountability (formerly I.P.R.A.), the Cook County State's Attorney's Office, the City of Chicago, Department of Law and the Superintendent of Police regarding Officer David Taylor, Officer Larry Lanier and other individuals in this case from July 3, 2018 to the present.**

**RESPONSE:** The Superintendent objects to this request because it exceeds the scope of discovery required by Rule II.C. The Superintendent further objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. The Superintendent objects to the extent this request seeks documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. The Superintendent also objects that this request is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, the Superintendent states that all responsive materials received by the undersigned counsel of record from COPA and/or CPD relating to this case have been produced

*ACTIVE 57560950v4*

to Respondent. Discovery is ongoing, and the Superintendent reserves his right to supplement this response as necessary.

**b) A complete set of the unredacted Chicago Police reports listed under RD# JB334215.**

**RESPONSE:** The Superintendent objects to this request to the extent it exceeds the scope of discovery required by Rule II.C. Subject to and without waiving the foregoing objections, the Superintendent states that all responsive materials received by the undersigned counsel of record from COPA and/or CPD relating to this case have been produced to Respondent. Discovery is ongoing, and the Superintendent reserves his right to supplement this response as necessary.

**c) Any and all affidavits, declination to prosecute reports, video recordings of all body worn cameras and dash cameras from the date of the incident, and all video recordings from cell phones and surveillance cameras from the date of the incident.**

**RESPONSE:** The Superintendent objects to this request to the extent it exceeds the scope of discovery required by Rule II.C. The Superintendent further objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. Subject to and without waiving the foregoing objections, the Superintendent states that all responsive materials received by the undersigned counsel of record from COPA and/or CPD relating to this case have been produced to Respondent. Discovery is ongoing, and the Superintendent reserves his right to supplement this response as necessary.

**d) A complete copy of Officer David Taylor's personnel file with the Chicago Police Department.**

**RESPONSE:** The Superintendent objects to this request to the extent it exceeds the scope of discovery required by Rule II.C. Subject to and without waiving the foregoing objection, the Superintendent has produced documents responsive to this request.

5

**e) The complete unredacted criminal history of Terrell Eason, including his juvenile history, and all *Lynch* material pursuant to *People v. Lynch*, 104 Ill. 2d 194,470 N.E. 2d 1018, 83 Ill. Dec. 598 (1984).**

**RESPONSE:** The Superintendent objects to this request to the extent it exceeds the scope of discovery required by Rule II.C. The Superintendent further objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. The Superintendent also objects to this request to the extent it seeks documents that are not relevant to this case or the Charges against the Respondent. Subject to and without waiving the foregoing objections, the Superintendent states that all responsive materials received by the undersigned counsel of record from COPA and/or CPD relating to this case have been produced to Respondent.

**f) Any and all offers of leniency to any witness in this case, any benefit extended to any witness in this case, and any agreements between any agency in this case and any witness in exchange for their cooperation and/or testimony in this case.**

**RESPONSE:** The Superintendent objects to this request to the extent it exceeds the scope of discovery required by Rule II.C. The Superintendent further objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. The Superintendent also objects to this request to the extent it seeks documents that are not relevant to this case or the Charges against the Respondent. Subject to and without waiving the foregoing objections, the Superintendent states that all materials received by the undersigned counsel of record from COPA and/or CPD relating to this case have been produced to Respondent.

7. **A list of witnesses the City and the Department of Police may call at the hearing, their unredacted last known addresses, phone numbers, other identifying relevant information including any criminal history they may have and whether there are any cases pending against any of the witnesses.**

**RESPONSE:** The Superintendent objects to this request because it exceeds the scope of discovery required by Rule II.C and the requirements of Rules II.I and II.J relating to identification of witnesses. The Superintendent further objects to this request as premature. The Superintendent

will identify his witnesses in accordance with Rule II.I and II.J and any scheduling order entered by the Hearing Officer.

8. **A copy of the unredacted complaint register file(s), if any, and files listed under Log# 1090087 that pertain to this case.**

**RESPONSE:** The Superintendent objects to this request to the extent it exceeds the scope of discovery required by Rule II.C. Subject to and without waiving the foregoing objections, the Superintendent states that he produced the Complaint Register File for Log Number 1090087 to Respondent on April 29, 2021.

9. **All documents, pleadings and discovery, including but not limited to deposition transcripts from 1: l 8-cv-05362.**

**RESPONSE:** The Superintendent objects to this request to the extent it exceeds the scope of discovery required by Rule II.C. The Superintendent objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. The Superintendent objects that this request is overly broad and unduly burdensome. The Superintendent further objects to the extent this request seeks documents and information that are publicly available and/or equally available to Respondent. The Superintendent also objects to the extent this request seeks documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to and without waiving the foregoing objections, the Superintendent has produced responsive documents, including all deposition transcripts and sworn interrogatory answers by parties to the referenced litigation, received by the undersigned counsel of record. Discovery is ongoing, and the Superintendent reserves his right to supplement this response as necessary.

10. **Any and all recordings, photographs or video tapes, and exhibits which the City, the Superintendent and the prosecution have in their possession, whether they plan on introducing them into evidence at the hearing or not.**

7

**RESPONSE:** The Superintendent objects to this request to the extent it exceeds the scope of discovery required by Rule II.C. The Superintendent further objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. The Superintendent further objects to this request to the extent it seeks documents that are not relevant to this case or the Charges against Respondent. To the extent this request seeks for the Superintendent to identify exhibits he will introduce at the hearing, Respondent's request is premature. The Superintendent will identify exhibits to be introduced at the hearing in accordance with Rule II.J and any scheduling order that is entered by the Hearing Officer. Subject to and without waiving the foregoing objections, the Superintendent states that all responsive materials received by the undersigned counsel of record from COPA and/or CPD relating to this case have been produced to Respondent. Discovery is ongoing, and the Superintendent reserves his right to supplement this response as necessary.

> 11. **Any and all police reports, GPRs, notes, memorandum, inventory reports, search warrants and documents prepared by any and all agencies in this case, including but not limited to the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability (formerly I.P.R.A.), the Cook County State's Attorney's Office, the Corporation Counsel's Office and Special Assistant Corporation Counsel, if any.**

**RESPONSE:** The Superintendent objects to this request to the extent it exceeds the scope of discovery required by Rule II.C. The Superintendent further objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. The Superintendent further objects to this request to the extent it seeks documents that are not relevant to this case or the Charges against Respondent. Subject to and without waiving the foregoing objections, the Superintendent states that all responsive materials received by the undersigned counsel of record from COPA and/or CPD relating to this case have been produced to Respondent.

8

*ACTIVE 57560950v4*

MONITOR00237261

Discovery is ongoing, and the Superintendent reserves his right to supplement this response as necessary.

The Superintendent reserves the right to supplement and/or amend these Responses and Objections as needed during the pendency of the instant matter before the Chicago Police Board.

Respectfully Submitted on May 20, 2021,

Elizabeth S. Ralph

_____

Elizabeth S. Ralph
Julia D. Riedel Emfinger
Christine Dulaney
Special Assistant Corporation Counsel
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Tel. (312) 456-8400
Fax. (312) 456-8435

9

## BEFORE THE POLICE BOARD OF
## THE CITY OF CHICAGO

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| CHARGES AGAINST | ) | |
| | ) | **Case No. 21 PB 2990** |
| OFFICER DAVID TAYLOR and | ) | |
| OFFICE LARRY LANIER, | ) | |
| Respondents. | ) | |

### NOTICE OF FILING

PLEASE TAKE NOTICE that on this day I have caused to be filed with the Police Board of the City of Chicago the **Superintendent's Responses and Objections to Respondent Taylor's Motion for Discovery.**

### CERTIFICATE OF SERVICE

I hereby certify that I have on this day caused a true and correct copy of the above and foregoing to be served via email on the individuals listed below.

TO:

James P. McKay, Jr.
Tomasik Kotin Kasserman
161 N. Clark St., Suite 3050
Chicago, IL 60601
jpmckaylaw@gmail.com

Timothy M. Grace
James E. Thompson
Robert Ryan Arroyo
Grace & Thompson
311 W. Superior St., Ste. 215
Chicago, IL  60654
Fax: (312) 943-0600
Email: connorgrace@aol.com
Jthompson@ggtlegal.com
robarroyo@ggtlegal.com

Dated: May 20, 2021

Respectfully submitted,

_____

Elizabeth S. Ralph
Julia D. Reidel Emfinger
Christine Dulaney
Special Assistant Corporation Counsel
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Tel. (312) 456-8400
Fax. (312) 456-8435

10

BEFORE THE POLICE BOARD OF
THE CITY OF CHICAGO

IN THE MATTER OF            )
CHARGES AGAINST            )
                           )        **Case No. 21 PB 2990**
OFFICER DAVID TAYLOR and   )
OFFICE LARRY LANIER,       )
          Respondents.     )

## <u>SUPERINTENDENT'S RESPONSE TO RESPONDENT LARRY LANIER'S DISCOVERY PRODUCTION REQUESTS</u>

David Brown, Superintendent of the Chicago Police Department, by and through by his

attorney Celia Meza, Acting Corporation Counsel of the City of Chicago, and for his Responses

and Objections to Respondent Larry Lanier's Discovery Production Requests, states as follows:

1. **Any and all written statements made by the Respondent concerning the charges filed, which are within the custody and control of the Department of Police or any independent investigating agency that conducted the Complaint Register investigation pertaining to the charges filed against the Respondent, including but not limited to the Civilian Office of Police Accountability, the Office of the Inspector General, etc.**

**<u>RESPONSE:</u>** The Superintendent states that all responsive materials received by the undersigned

counsel of record from the Civilian Office of Police Accountability ("COPA") and/or the Chicago

Police Department ("CPD") have been produced to Respondent. Discovery is ongoing, and the

Superintendent reserves his right to supplement this response as necessary

2. **Any and all oral statements made by the Respondent concerning the charges filed which have been reduced to writing or summaries of which that have been reduced in writing which are within the custody and control of the Department of Police or any independent investigating agency.**

**<u>RESPONSE:</u>** The Superintendent states that all responsive materials received by the undersigned

counsel of record from COPA and/or CPD have been produced to Respondent. Discovery is

ongoing, and the Superintendent reserves his right to supplement this response as necessary

1

3. **Any and all oral statements of the Respondent concerning the charges filed which have been in any way mechanically recorded and which are within the custody and control of the Department of Police or any independent investigating agency.**

**RESPONSE:** The Superintendent states that all responsive materials received by the undersigned counsel of record from COPA and/or CPD have been produced to Respondent. Discovery is ongoing, and the Superintendent reserves his right to supplement this response as necessary

4. **Any and all written statements, recorded statements in their native format, transcripts of statements including but not limited to deposition transcripts and trial transcripts, or written summaries of statements made by Respondent, any and all witnesses, or persons purporting to be witnesses concerning the charges filed and/or the events giving rise thereto within the custody and control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known divisions or department of the City of Chicago. For any requested statement known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entitie(s) believed to be in custody and control of said statements.**

**RESPONSE:** The Superintendent objects to this request to the extent it exceeds the scope of discovery required by Police Board Rule of Procedure ("Rule") II.C. The Superintendent further objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. The Superintendent also objects to the extent this request seeks documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to and without waiving these objections, the Superintendent states that all responsive materials received by the undersigned counsel of record from COPA and/or CPD have been produced to Respondent. Discovery is ongoing, and the Superintendent reserves his right to supplement this response as necessary.

5. **Results and reports of physical and/or mental examinations, scientific tests, reconstructions or experiments made in connection with the particular case at issue which are within the custody and control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago. For any requested document known by the Superintendent of Police to exist but which is not within the custody or control**

2

of any aforementioned entities please provide the contact information for person(s) or entity(s) believed to be in custody and control of said documents.

**RESPONSE:** The Superintendent objects to this request to the extent it exceeds the scope of discovery required by Rule II.C. The Superintendent further objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. Subject to and without waiving the foregoing objections, the Superintendent states that all responsive materials received by the undersigned counsel of record from COPA and/or CPD relating to this case have been produced to Respondent. Discovery is ongoing, and the Superintendent reserves his right to supplement this response as necessary.

6. **Any and all evidence including but not limited to expert opinion within the custody or control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago which is favorable to the Respondent in terms of guilt or innocence to the charges filed against the Respondent.**

**RESPONSE:** The Superintendent objects to this request because it exceeds the scope of discovery required by Rule II.C and the requirements of Rules II.I and II.J relating to identification of witnesses. The Superintendent further objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. The Superintendent further objects to this request as premature. The Superintendent will identify his witnesses in accordance with Rules. II.I and II.J and any scheduling order entered by the Hearing Officer. Subject to and without waiving the foregoing objections, the Superintendent states that all responsive materials received by the undersigned counsel of record from COPA and/or CPD relating to this case have been produced to Respondent. Discovery is ongoing, and the Superintendent reserves his right to supplement this response as necessary.

7. **A true and complete copy of the complaint register and/or log file created and maintained by the Chicago Police Department regarding this investigation.**

*ACTIVE 57666835v1*

 MONITOR00237266

**RESPONSE:** The Superintendent states he produced the Complaint Register File for Log Number 1090087 to Respondent on April 29, 2021.

8. **Any and all documents, photographs, videos, reports, emails, correspondence, diagrams or other depictions regardless of form which depict or otherwise purport to illustrate the scene of the occurrence giving rise to the charges against Respondent or the parties or witnesses involved within the custody or control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago. For any requested document known by the Superintendent of Police to exist but which is not within the custody of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said documents.**

**RESPONSE:** The Superintendent objects to this request to the extent it exceeds the scope of discovery required by Rule II.C. The Superintendent further objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. Subject to and without waiving the foregoing objections, the Superintendent states that all responsive materials received by the undersigned counsel of record for COPA and/or CPD relating to this case have been produced to Respondent. Discovery is ongoing, and the Superintendent reserves his right to supplement this response as necessary.

9. **A true and complete copy of Respondent Office Larry Lanier's complete disciplinary file and complimentary and disciplinary history file maintained by the Chicago Police Department.**

**RESPONSE:** The Superintendent states that responsive materials to this request were produced to all Parties on April 26, 2021 as to Respondent's request for his complimentary and disciplinary histories. The Superintendent further states that he has requested access to and produced a copy of Respondent's disciplinary file in accordance with Rule II.D and Appendix A of the Police Board's Rules of Procedure.

10. **A copy of any and all Chicago Police Department orders or Illinois Statutes intended to be used during the hearing in this matter.**

*ACTIVE 57666835v1*

4

**RESPONSE:** The Superintendent objects to this request to the extent it exceeds the scope of discovery required by Rule II.C. The Superintendent further objects that Respondent's request is premature. The Superintendent will identify exhibits to be used during the hearing in this matter pursuant to Rule II.J and any scheduling order that is entered by the Hearing Officer. Subject to and without waiving the foregoing objections, the Superintendent has produced responsive materials received by the undersigned counsel of record for COPA and/or CPD. Discovery is ongoing, and the Superintendent reserves his right to supplement this response as necessary.

11. **A list of witnesses and the subject matter of their testimony, the conclusions and opinions of each witness and the qualifications of each witness.**

**RESPONSE:** The Superintendent objects to this request because it exceeds the scope of discovery required by Rule II.C and the requirements of Rules II.I and II.J relating to identification of witnesses. The Superintendent further objects to this request as premature. The Superintendent will identify his witnesses in accordance with Rule II.I and II.J and any scheduling order entered by the Hearing Officer.

12. **Any and all news media, social media or related reports relating to the charges against Respondent or the underlying occurrence giving rise to the charges filed against the Respondent within the custody or control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago. For any requested document known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said documents.**

**RESPONSE:** The Superintendent objects to this request to the extent it exceeds the scope of discovery required by Rule II.C. The Superintendent further objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. The Superintendent further objects to this request to the extent it seeks documents that are not relevant to this case or the Charges against the Respondent. The Superintendent further objects to the extent

5

this request seeks documents and information that are publicly available and/or equally available to Respondent. Subject to and without waiving the foregoing objections, the Superintendent states that all responsive materials received by the undersigned counsel of record from COPA and/or CPD relating to this case have been produced to the Respondent. Discovery is ongoing, and the Superintendent reserves his right to supplement this response as necessary.

13. **A complete list of all agencies known to have conducted some form of investigation relating to the charges alleged together with all documents produced or exchanged relating to the occurrence giving rise to the charges and all correspondence within the possession and control of the Department of Police, the City of Chicago and all associated entries. Please be advised this request includes but is not limited to the Independent Police Review Authority, Civilian Office of Police Accountability, Department of Police, Office of the Cook County State's Attorney, Cook County Medical Examiner, Illinois State Police Crime Lab and/or Forensic Section, and the Illinois State's Attorneys Appellate Prosecutor's Office.**

**RESPONSE:** The Superintendent objects to this request because it exceeds the scope of discovery required by Rule II.C. The Superintendent further objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. The Superintendent objects that the request is vague, overly broad, and unduly burdensome. The Superintendent further objects to the extent the request seeks documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. The Superintendent further objects to this request to the extent it seeks documents that are not relevant to this case or the Charges against the Respondent.

14. **Based on reasonable information and belief an investigation was conducted by the Office of the Cook County State's Attorney and at the request of the Cook County State's Attorney Kim Foxx, the Illinois State's Attorneys Appellate Prosecutor's Office in which both found the Respondent's use of force justified. Please provide any and all documents, including but not limited to correspondence, memorandums, notes reduced to writing, audio, video or photographs exchanged, provided and/or otherwise disclosed regarding the above-mentioned investigation together with all contact information relative to said investigations.**

6

                                                                                          MONITOR00237269

**RESPONSE:** The Superintendent objects to this request to the extent it exceeds the scope of discovery required by Rule II.C. The Superintendent further objects to this request to the extent it seeks documents that are not relevant to this case or the Charges against the Respondent. The Superintendent objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. The Superintendent also objects to the extent the request seeks documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.

The Superintendent reserves the right to supplement and/or amend these Responses and Objections as needed during the pendency of the instant matter before the Chicago Police Board.

Respectfully Submitted on May 20, 2021,

Elizabeth S. Ralph

_____

Elizabeth S. Ralph
Julia D. Riedel Emfinger
Christine Dulaney
Special Assistant Corporation Counsel
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Tel. (312) 456-8400
Fax. (312) 456-8435

7

BEFORE THE POLICE BOARD OF
THE CITY OF CHICAGO

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| CHARGES AGAINST | ) | |
| | ) | **Case No. 21 PB 2990** |
| OFFICER DAVID TAYLOR and | ) | |
| OFFICE LARRY LANIER, | ) | |
| Respondents. | ) | |

## NOTICE OF FILING

PLEASE TAKE NOTICE that on this day I have caused to be filed with the Police Board of the City of Chicago the **Superintendent's Responses and Objections to Respondent Lanier's Discovery Production Requests.**

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day caused a true and correct copy of the above and foregoing to be served via email on the individuals listed below.

TO:

Timothy M. Grace
James E. Thompson
Robert Ryan Arroyo
Grace & Thompson
311 W. Superior St., Ste. 215
Chicago, IL 60654
Email: connorgrace@aol.com
Jthompson@ggtlegal.com
robarroyo@ggtlegal.com

Dated: May 20, 2021

Respectfully submitted,

_____

Elizabeth S. Ralph
Julia D. Reidel Emfinger
Christine Dulaney
Special Assistant Corporation Counsel
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Tel. (312) 456-8400
Fax. (312) 456-8435

8

## CHARGES AGAINST POLICE OFFICER MELVINA BOGARD

Police Officer Melvina Bogard, Star Number 3018, is charged with violating the following rules contained in Article V of the Rules and Regulations of the Chicago Police Department ("Department"), which were in full force and effect on the date of the alleged violations:

| Rule 2: | Any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department. |
|---|---|
| Rule 3: | Any failure to promote the Department's efforts to implement its policy or accomplish its goals. |
| Rule 6: | Disobedience of an order or directive, whether written or oral. |
| Rule 7: | Insubordination or disrespect toward a supervisory member on or off duty. |
| Rule 8: | Disrespect to or maltreatment of any person, while on or off duty. |
| Rule 9 | Engaging in any unjustified verbal or physical altercation with any person, while on or off duty. |
| Rule 10: | Inattention to duty. |
| Rule 11: | Incompetency or inefficiency in the performance of duty. |
| Rule 38: | Unlawful or unnecessary use or display of a weapon. |
| Rule 51(B): | Failure to cooperate when called to give evidence or statements by any investigative branch or superior officer of the Chicago Police Department or the Police board when the evidence or statements sought relate specifically, directly and narrowly to the performance of his official duties. If the member properly asserts a constitutional privilege, he will be required to cooperate if advised that by law any evidence or statements given by him cannot be used against him in a subsequent criminal prosecution. |

## SPECIFICATIONS

1. On or about February 28, 2020, at approximately 4:11 p.m., at or near 521 N. State St., Chicago, Illinois, in the Chicago Transit Authority's ("CTA") Red Line Train Station, Police Officer Melvina Bogard ("Bogard") failed to comply with Department policy regarding Taser use when she discharged her Taser against Ariel Roman ("Roman"). Officer Bogard thereby violated:

   a. Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department;

    b. Rule 6, which prohibits disobedience of an order or directive, whether written or oral, to wit: General Order 03-02-04 ("Taser Use Incidents");

    c. Rule 8, which prohibits disrespect to or maltreatment of any person, while on or off duty;

    d. Rule 9, which prohibits engaging in any unjustified verbal or physical altercation with any person, while on or off duty; and/or

    e. Rule 11, which prohibits incompetency or inefficiency in the performance of duty.

2. On or about February 28, 2020, at approximately 4:11 p.m., at or near 521 N. State St., Chicago, Illinois, in the CTA's Red Line Train Station, Officer Bogard failed to comply with Department policy regarding Oleoresin Capsicum ("OC") spray when she discharged her OC spray in the direction of Roman. Officer Bogard thereby violated:

    a. Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department;

    b. Rule 6, which prohibits disobedience of an order or directive, whether written or oral, to wit: General Order 03-02-05 ("Oleoresin Capsicum (OC) Devices and Other Chemical Agency Use Incidents");

    c. Rule 8, which prohibits disrespect to or maltreatment of any person, while on or off duty;

    d. Rule 9, which prohibits engaging in any unjustified verbal or physical altercation with any person, while on or off duty; and/or

    e. Rule 11, which prohibits incompetency or inefficiency in the performance of duty.

3. On or about February 28, 2020, at approximately 4:11 p.m., at or near 521 N. State St., Chicago, Illinois, in the CTA's Red Line Train Station, Officer Bogard used deadly force that was not necessary to prevent death or great bodily harm from an imminent threat posed to Officer Bogard or another person, and was not necessary to prevent an arrest from being defeated where the person to be arrested posed an imminent threat of death or great bodily harm to Officer Bogard or another person unless arrested without delay, when she discharged her firearm and fired one or more shots in the direction of Roman striking Roman about the body. Officer Bogard thereby violated:

    a. Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department;

    b. Rule 6, which prohibits disobedience of an order or directive, whether written or oral, to wit: General Order 03-02 ("Use of Force");

    c. Rule 8, which prohibits disrespect to or maltreatment of any person, while on or off duty;

    d. Rule 9, which prohibits engaging in any unjustified verbal or physical altercation with any person, while on or off duty; and/or

    e. Rule 38, which prohibits unlawful or unnecessary use or display of a weapon.

4. On or about February 28, 2020, at approximately 4:11 p.m., at or near 521 N. State St., Chicago, Illinois, in the CTA's Red Line Train Station, Officer Bogard, without justification, fired one or more shots in the direction of Roman and in the presence of bystander(s). Officer Bogard thereby violated:

   a. Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department;

   b. Rule 10, which prohibits inattention to duty;

   c. Rule 11, which prohibits incompetency or inefficiency in the performance of duty; and/or

   d. Rule 38, which prohibits unlawful or unnecessary use of display of a weapon.

5. On or about February 28, 2020, at approximately 4:11 p.m., or at or near 521 N. State St., Chicago, Illinois, in the CTA's Red Line Train Station, Officer Bogard failed to use de-escalation techniques when she attempted to stop and/or detain Roman. Officer Bogard thereby violated:

   a. Rule 2 ,which prohibits any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department;

   b. Rule 3, which prohibits any failure to promote the Department's efforts to implement its policy or accomplish its goals;

   c. Rule 6, which prohibits disobedience of an order or directive, whether written or oral, to wit: General Order 03-02-01 ("Force Options").

6. On or about June 25, 2020, at the office of the Civilian Office of Police Accountability (COPA) located at 1615 W. Chicago Ave., Chicago, Illinois, Lieutenant Levester Denham gave Officer Bogard a direct order to cooperate with COPA's investigation regarding Log Number 2020-988 and, thereafter, Officer Bogard refused to answer questions regarding the matter which was the subject of Log Number 2020-988. Officer Bogard thereby violated:

   a. Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department

   b. Rule 6, which prohibits disobedience of an order or directive, whether written or oral, to wit: General Order 08-01-02(II)(A)(2) ("Specific Responsibilities Regarding Allegations of Misconduct");

   c. Rule 7, which prohibits insubordination or disrespect toward a supervisory member on or off duty; and/or

   d. Rule 51(B), which prohibits failure to cooperate when called to give evidence or statements by any investigative branch or superior officer of the Chicago Police Department or the Police board when the evidence or statements sought relate specifically, directly and

narrowly to the performance of his official duties. If the member properly asserts a constitutional privilege, he will be required to cooperate if advised that by law any evidence or statements given by him cannot be used against him in a subsequent criminal prosecution.

Based on the foregoing charges and specifications, the Superintendent recommends that Police Officer Melvina Bogard, Star Number 3018, be discharged from the Chicago Police Department.

[Remainder of this page intentionally left blank.]

FILED: April 06, 2021
POLICE BOARD
Case No. 21 PB 2991-1

MONITOR00237275