# EXHIBIT 18 (PART 2)

## CHARGES AGAINST POLICE OFFICER BERNARD D. BUTLER

Police Officer Bernard D. Butler, Star Number 3036, is charged with violating the following rules contained in Article V of the Rules and Regulations of the Chicago Police Department ("Department"), which were in full force and effect on the date of the alleged violations.

Rule 2:  Any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department.

Rule 3:  Any failure to promote the Department's efforts to implement its policy or accomplish its goals.

Rule 6:  Disobedience of an order or directive, whether written or oral.

Rule 8:  Disrespect to or maltreatment of any person, while on or off duty.

Rule 9  Engaging in any unjustified verbal or physical altercation with any person, while on or off duty.

Rule 10:  Inattention to duty.

Rule 11:  Incompetency or inefficiency in the performance of duty.

## SPECIFICATIONS

1. On or about February 28, 2020, at approximately 4:11 p.m., at or near 521 N. State St., Chicago, Illinois, in the Chicago Transit Authority's ("CTA") Red Line Train Station, Police Officer Bernard Butler ("Butler"), while in public stated to his partner Officer Melvina Bogard ("Bogard") "shoot him," or words to that effect, referring to Ariel Roman ("Roman"), after which Officer Bogard deployed Oleoresin Capsicum Spray and/or a firearm in the direction of Roman. Officer Butler thereby violated:

   a. Rule 2 which prohibits any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department; and/or

   b. Rule 11, which prohibits incompetency or inefficiency in the performance of duty.

2. On or about February 28, 2020, at approximately 4:11 p.m., at or near 521 N. State St., Chicago, Illinois, in the CTA's Red Line Train Station, Officer Butler failed to comply with Department policy regarding Taser use when he discharged his Taser against Roman. Officer Butler thereby violated:

   a. Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department;

   b. Rule 6, which prohibits disobedience of an order or directive, whether written or oral, to wit: General Order 03-02-04 ("Taser Use Incidents");

MONITOR00237276

    c. Rule 8, which prohibits disrespect to or maltreatment of any person, while on or off duty;

    d. Rule 9, which prohibits engaging in any unjustified verbal or physical altercation with any person, while on or off duty; and/or

    e. Rule 11, which prohibits incompetency or inefficiency in the performance of duty.

3. On or about February 28, 2020, at approximately 4:11 p.m., at or near 521 N. State St., Chicago, Illinois, in the CTA's Red Line Train Station, Officer Butler grabbed Roman by his arm without justification and thus used unauthorized force against Roman. Officer Butler thereby violated:

    a. Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department;

    b. Rule 6, which prohibits disobedience of an order or directive, whether written or oral, to wit: General Order 03-02 ("Use of Force");

    c. Rule 8, which prohibits disrespect to or maltreatment of any person, while on or off duty; and/or

    d. Rule 9, which prohibits engaging in any unjustified verbal or physical altercation with any person, while on or off duty.

4. On or about February 28, 2020, at approximately 4:11 p.m., at or near 521 N. State St., Chicago, Illinois, in the CTA's Red Line Train Station, Officer Butler recklessly grabbed Roman by his arm while Roman was standing along the edge of the platform next to the train tracks, placing Roman in danger of falling off the platform. Officer Butler thereby violated:

    a. Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department;

    b. Rule 8, which prohibits disrespect to or maltreatment of any person, while on or off duty;

    c. Rule 9, which prohibits engaging in any unjustified verbal or physical altercation with any person, while on or off duty;

    d. Rule 10, which prohibits inattention to duty; and/or

    e. Rule 11, which prohibits incompetency or inefficiency in the performance of duty.

5. On or about February 28, 2020, at approximately 4:11 p.m., or at or near 521 N. State St., Chicago, Illinois, in the CTA's Red Line Train Station, Officer Butler failed to use de-escalation techniques when he attempted to stop and/or detain Roman Officer Butler thereby violated:

    a. Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department;

b. Rule 3, which prohibits any failure to promote the Department's efforts to implement its policy or accomplish its goals;

c. Rule 6, which prohibits disobedience of an order or directive, whether written or oral, to wit: General Order 03-02-01 ("Force Options"); and/or

d. Rule 11, which prohibits incompetency or inefficiency in the performance of duty.

Based on the foregoing charges and specifications, the Superintendent recommends that Police Officer Bernard D. Butler, Star Number 3036, be discharged from the Chicago Police Department.

DAVID O. BROWN
Superintendent of Police

APPROVED AS TO FORM:

/s/ Theresa Smith Conyers
THERESA SMITH CONYERS
Senior Counsel
Labor Division

FILED: April 06, 2021
POLICE BOARD
Case No. 21 PB 2991-2

MONITOR00237278

HEARING
April 26, 2021

BEFORE THE POLICE BOARD
OF THE CITY OF CHICAGO


IN THE MATTER OF CHARGES   )
FILED AGAINST              )
P.O. MELVINA BOGARD        )  Case No. 21 PB 2991-1
P.O. BERNARD BUTLER        )  Case No. 21 PB 2991-2


REPORT OF PROCEEDINGS (Via teleconference)

had at the status in the above-entitled matter before

MR. MICHAEL PANTER, HEARING OFFICER, taken on April

26, 2021, at the hour of 11:10 o'clock a.m.

\* \* \* \* \* \* \* \* \*

REMOTE APPEARANCES:


MS. THERESA SMITH-CONYERS,
(Via teleconference),
MS. MARIA VUOLO-MILAN,
(Via teleconference),

          on behalf of the Superintendent;

MR. TIMOTHY GRACE,
(Via teleconference),
MR. JAMES THOMPSON,
(Via teleconference),

          on behalf of Respondent Bogard;

MR. WILLIAM FAHY,
(Via teleconference),

          on behalf of Respondent Butler;

POLICE BOARD OF THE CITY OF CHICAGO
MR. MAX CAPRONI, Executive Director,
(Via teleconference.)

HEARING
April 26, 2021

1        HEARING OFFICER PANTER:  This is Hearing Officer

2    Mike Panter, and we're calling the case of Officer

3    Bernard D. Butler and Officer Melvina Bogard, case is

4    21 PB 2991-1 and 2.

5            Can the attorneys for the Superintendent

6    introduce themselves, please?

7        MS. SMITH-CONYERS:  Thank you.  Theresa

8    Smith-Conyers; last name is spelled Smith, and then,

9    C-o-n-y-e-r-s, on behalf of the Superintendant.

10       MS. VUOLO-MILAN:  Good morning.  This is Maria

11   Vuolo-Milan; V, like Victor, u-o-l-o, dash,

12   M-i-l-a-n, also on behalf of the Superintendant.

13       HEARING OFFICER PANTER:  Okay, thank you.  And by

14   the way, we haven't asked this, but how do you all

15   want to be addressed, first or last names, do you

16   have any preferences?

17       MS. SMITH-CONYERS:  This is Theresa

18   Smith-Conyers.  I don't have a preference.

19       HEARING OFFICER PANTER:  Okay.  Maria?

20       MS. VUOLO-MILAN:  This is Maria.  Same thing,

21   whatever is easiest for everybody else.

22       HEARING OFFICER PANTER:  Okay, and then for

23   Officer Butler, who do we have?

24       MR. FAHY:  Good morning, Judge.  My name is Will

HEARING
April 26, 2021

1      Fahy.  My last name is spelled, F-a-h-y.

2          HEARING OFFICER PANTER:  Okay.  And may we -- do

3      you like to be called Will?

4          MR. FAHY:  Yes, Will is fine.

5          HEARING OFFICER PANTER:  Okay, and then for

6      Officer Bogard?

7          MR. GRACE:  Good morning, Judge.  For the record,

8      my name is Tim, T-i-m; Grace, G-r-a-c-e; and Jim

9      Thompson, T-h-o-m-p-s-o-n, on behalf of Officer

10     Bogard, and you can refer to us as Tim and Jim.

11         HEARING OFFICER PANTER:  All right, sounds good.

12             Are any of the officers present on the call?

13         MR. GRACE:  I don't believe Ms. Bogard is.

14         HEARING OFFICER PANTER:  Okay.

15         MR. FAHY:  This is Will Fahy.  My client is not

16     on the call.

17         HEARING OFFICER PANTER:  Thank you, Mr. Fahy,

18     thank you, Will.

19             Let me ask, Jim and Tim, have you two filed

20     appearances for Officer Bogard?

21         MR. GRACE:  We have not.  We will do that once

22     this call ends, your Honor.

23         HEARING OFFICER PANTER:  Okay.  So today you'll

24     file your appearances?

HEARING
April 26, 2021

1       MR. GRACE:  Yes, sir.

2       HEARING OFFICER PANTER:  And we are to proceed

3   under that understanding as we go ahead today, you

4   are representing her?

5       MR. GRACE:  Yes, we are.

6       HEARING OFFICER PANTER:  Okay.  You're

7   representing Ms. Bogard.

8           So pursuant to Rule 2-A, has the

9   Superintendant -- well, we have a motion for a

10  protective order again, is that right, is that right,

11  Theresa and Maria?

12      MS. SMITH-CONYERS:  Yes, this is Theresa, I did

13  file a motion for a protective order.  I did know

14  that Mr. -- that Will had filed an appearance for

15  Officer Butler, but I did not know if anyone filed an

16  appearance for Officer Bogard, so I filed a motion

17  and an order instead of having an agreed order from

18  the parties.

19      HEARING OFFICER PANTER:  Okay.  So Tim and Jim,

20  you have not seen the motion for the protective order

21  then, is that right?

22      MR. GRACE:  We have not, and I imagine it's a

23  standard motion, and we do not object to it if it's a

24  standard motion.

HEARING
April 26, 2021

```
 1          MS. SMITH-CONYERS:  This is Theresa.  It would be
 2     the standard motion.
 3          HEARING OFFICER PANTER:  Okay.  And Will, what's
 4     your position on the motion for protective order?
 5          MR. FAHY:  No objection, Judge.
 6          HEARING OFFICER PANTER:  Okay.  Can we enter --
 7     can we grant that motion today, everybody?
 8          MR. GRACE:  No objection from Officer Bogard.
 9     This is Tim Grace.
10          MR. FAHY:  This is Will Fahy.  I have no
11     objection on behalf of Officer Butler.
12          HEARING OFFICER PANTER:  Okay, that is granted.
13     So then having granted that, I'm sure we'll get you
14     the formal orders.
15               Theresa, when can you tender the CR files to
16     Will and Jim and Tim?
17          MS. SMITH-CONYERS:  The file has already been
18     redacted, and I didn't redact information like
19     addresses or telephone numbers, I redacted personal
20     security -- I redacted social security numbers,
21     personal financial information and I think passport
22     information.
23               That file has already been redacted, and I
24     have also written a response to Mr. Fahy's motion for
```

HEARING
April 26, 2021

1    discovery.  I can get that motion for discovery and

2    the CR file over no later than tomorrow as well as

3    the CR file over to Jim and Tim.

4        HEARING OFFICER PANTER:  Great, okay, sounds

5    good.  So files will be tendered to the Respondents

6    by Monday, so by the 28th or the -- does that sound

7    right, Theresa?

8        MS. SMITH-CONYERS:  That's fine, I will have it

9    to them by the 28th.

10       HEARING OFFICER PANTER:  Okay, sounds good.

11             And what about a timeline?

12       MS. SMITH-CONYERS:  I filed the timeline with the

13   Board.  I sent a copy to Mr. Fahy.  I will also send

14   a copy to Jim and Tim today.

15       HEARING OFFICER PANTER:  Okay, can that be done

16   by the -- all right, sounds good.

17             And Will and Jim and Tim, motions for

18   discovery?

19       MR. FAHY:  This is Will Fahy on behalf of Officer

20   Butler.  I did file a motion for discovery and sent

21   that to Theresa.

22       HEARING OFFICER PANTER:  Okay, got it.

23             And Theresa, how long do you need to answer

24   Officer Butler's motion for discovery?

HEARING
April 26, 2021

1      MS. SMITH-CONYERS:  I am prepared to file my

2   motion -- my answer to discovery to Officer Butler's

3   discovery requests by the 28th.  Just one caveat.  I

4   think that it is possible that we may be securing an

5   expert in this case.

6      HEARING OFFICER PANTER:  Okay.

7      MS. SMITH-CONYERS:  That's the only information

8   that is not included in the response.

9      HEARING OFFICER PANTER:  Okay.  Well, let's

10  tackle experts in just a moment, but you can answer

11  the discovery otherwise by April 28th?

12     MS. SMITH-CONYERS:  Yes.

13     HEARING OFFICER PANTER:  Okay, good.

14          And Jim and Tim, what about your motions for

15  discovery, are you going to file?

16     MR. GRACE:  We'll get that on file today,

17  Theresa, if you could include us in your response

18  what's pertinent to us.

19     HEARING OFFICER PANTER:  Okay, that sounds good.

20     MS. SMITH-CONYERS:  Thank you.

21     HEARING OFFICER PANTER:  So does everybody have

22  -- I'm sorry, Will and Jim and Tim, do you have the

23  report of review of charges, the filing of charges

24  and the reports of Respondents' complimentary and

HEARING
April 26, 2021

1     disciplinary histories?

2         MR. FAHY:  On behalf of Officer Butler, this is

3     Will Fahy.  I acknowledge the e-mail that Max sent to

4     me, and I did receive those items.

5         HEARING OFFICER PANTER:  And Tim and Jim, did you

6     get those?

7         MR. GRACE:  We did not.  We'll get this

8     appearance on file, but Max, if you could shoot that

9     over to us upon our filing of our appearance today?

10        MR. CAPRONI:  I will, yes.

11        HEARING OFFICER PANTER:  Okay, that sounds good.

12             And then so Will and Jim and Tim, you

13    understand how to get the entire disciplinary files

14    should you so desire?

15        MR. GRACE:  Yes.

16        MR. FAHY:  Yes.

17        HEARING OFFICER PANTER:  Okay, you all do?

18        MR. FAHY:  Yes.

19        MR. GRACE:  Yes.

20        HEARING OFFICER PANTER:  All right.  Are there

21    any other pending motions or anticipated motions,

22    Superintendent?

23        MS. SMITH-CONYERS:  On behalf of the

24    Superintendent, not at this time.

HEARING
April 26, 2021

1          HEARING OFFICER PANTER:  Okay.  Will?

2          MR. FAHY:  This is Will Fahy.  Judge, I'm new to

3     this case, so without seeing the discovery, I don't

4     have any motions that I'm contemplating at this point

5     so far.

6          HEARING OFFICER PANTER:  Jim and Tim, any

7     anticipated motions so far?

8          MR. GRACE:  So Judge, this is what we've got

9     going on.  This case there is -- a U.S. attorney is

10    investigating -- has opened up a Grand Jury

11    investigation on this matter.  The Cook County

12    State's Attorney's Office has opened and is

13    investigating this matter.

14          The Federal Judge on the civil lawsuit has

15    told Officer Bogard -- required to give a deposition

16    on this matter pursuant to her Fifth Amendment

17    Rights.

18          So there was also, just to make things a

19    little more complicated, an unfair labor practice,

20    you know, complaint that was filed that has been

21    litigated, and we're waiting for the administrative

22    law Judge to give a ruling on it due to the fact that

23    COPA read my client her administrative rights and

24    refused to give her her constitutional rights where

HEARING
April 26, 2021

1    she invoked her right to remain silent under the

2    Fifth Amendment, and that ended up being I believe

3    one of the charges that are before your Honor here

4    today.

5           So with all that, here we are.  We're

6    dealing with United States attorneys and Cook County

7    State's attorneys that are investigating the case.

8    There's a very active, very active Grand Jury

9    investigation going on by the Federal Government.

10          I would imagine that we will be filing some

11   type of motion to stay.  She has no Garrity rights at

12   a Police Board hearing.

13          I just don't know where we're at.  I know

14   the Federal Judge on the civil matter is getting

15   anxious to find out when they can proceed on their

16   discovery.  So that's where we're at, Judge.

17      HEARING OFFICER PANTER:  Okay.  Theresa, anything

18   you wanted to say in response to what, was it Tim I

19   think spoke?

20      MR. GRACE:  It was Tim Grace that just made the

21   comments about the Fifth Amendment, that was me.

22      HEARING OFFICER PANTER:  Got it.  Theresa,

23   anything you wanted to say in response?

24      MS. SMITH-CONYERS:  I'm sorry, this is Theresa,

HEARING
April 26, 2021

1    and in terms of -- I'm assuming that if Tim is going

2    to ask for a stay, then he's going to file a motion,

3    and then we will respond to that motion.

4        HEARING OFFICER PANTER:  Yep, that's how I would

5    imagine it.

6            Maria, did you want to say something in

7    addition?

8        MS. VUOLO-MILAN:  This is Maria.  No, I agree

9    with Theresa, we would just ask, of course, for time

10   to respond to any motions that are filed.

11       HEARING OFFICER PANTER:  Got it.

12           So let me ask you, Tim, it sounds as though

13   you are contemplating a motion, and I am wondering

14   what your thoughts are and when you think you could

15   file your motion?

16       MR. GRACE:  This is Tim Grace.  There are very,

17   very active discussions with the United States

18   Attorney's Office, and I believe that I will know

19   something within the next two weeks.

20           There's also active discussions with Officer

21   Bogard's civil attorneys regarding the -- what's

22   going on on the civil side of things, so I'm hoping

23   within two weeks I should have a better understanding

24   about where my client stands, and I think your

HEARING
April 26, 2021

1    predilection is correct, that I will probably be

2    filing a motion to stay knowing how the Federal

3    Government and the Cook County State's Attorney's

4    Office move at a glacial pace sometimes.

5         HEARING OFFICER PANTER:  Yeah.  So Tim, do you

6    think we could say that you'll have your motion on

7    file in two weeks?

8         MR. GRACE:  I think that's -- maybe can you give

9    me three weeks, your Honor?  I don't think that that

10   should stop our fact disclosure though.  The written

11   disclosure is done.

12        HEARING OFFICER PANTER:  Okay, that sounds

13   reasonable.  So I just want to make sure that before

14   our next status you have filed your motion and we

15   give the Superintendant time to answer.

16        MR. GRACE:  Yes, sir.

17        HEARING OFFICER PANTER:  You want three weeks to

18   file your motion for stay?

19        MR. GRACE:  Yes, sir.

20        HEARING OFFICER PANTER:  And that would give us

21   until let's say May, what do you think, 21, 14?

22        MR. GRACE:  21 should give me plenty of time.

23        HEARING OFFICER PANTER:  All right, but it will

24   not interfere with the factual discovery we've

HEARING
April 26, 2021

1    discussed so far, is that right?

2        MR. GRACE:  This is Tim Grace.  I do not believe

3    so, no, I don't think.

4        HEARING OFFICER PANTER:  So everything we've

5    talked about up until now will proceed, and by May

6    27th you will file your motion for stay, is that

7    right, Tim?

8        MR. GRACE:  I think that was 21, May 21st I'll

9    get that on file.

10       HEARING OFFICER PANTER:  May 21, May 21.

11       MR. GRACE:  And give the Superintendant time to

12   respond.

13       HEARING OFFICER PANTER:  Sure.

14           Theresa, what do you say?

15       MS. SMITH-CONYERS:  That's fine.  If we could

16   have -- May 21.  If I could have two weeks to respond

17   to his motion?

18       HEARING OFFICER PANTER:  Okay, so that gives you

19   until what is that, June 4?

20       MS. SMITH-CONYERS:  Yes.

21       HEARING OFFICER PANTER:  June 4, okay.

22           And then Tim, are you going to need time to

23   reply?

24       MR. GRACE:  Yes, just a very short amount of

HEARING
April 26, 2021

1   time.

2       HEARING OFFICER PANTER:  How long?

3       MR. GRACE:  About five business days.  I don't

4   have the calendar in front of me, but seven days or

5   something, not much.

6       HEARING OFFICER PANTER:  All right.  So we'll say

7   June 11th to reply.

8       MR. GRACE:  That's fine, that's fine.

9       HEARING OFFICER PANTER:  All right.

10      MS. SMITH-CONYERS:  I'm sorry, I hate to

11  interrupt.

12      HEARING OFFICER PANTER:  Sure.  Is this Theresa?

13      MS. SMITH-CONYERS:  Yes, this is Theresa.  I just

14  realized I'm going to have a hearing and a prehearing

15  during that period of time.  I apologize, but can I

16  have one more week than three weeks to respond?

17      HEARING OFFICER PANTER:  Of course.  So you want

18  until June 11th?

19      MS. SMITH-CONYERS:  Yes.  Sorry, sorry.

20      HEARING OFFICER PANTER:  No worries.

21          And then Tim, do you want until June 18?

22      MR. GRACE:  That's fine, Judge.

23      HEARING OFFICER PANTER:  All right.  Now, in the

24  meantime, Mr. Fahy, Will, what do you say about this?

HEARING
April 26, 2021

1      MR. FAHY:  Well, Judge, I know Tim and Jim and

2    Theresa are -- have been involved in the case for a

3    while.  I am new to the case.  There is a good chance

4    that I may be joining Mr. Grace's motion to stay, but

5    I really can't -- it's difficult for me to say one

6    way or the other at this point in time.

7      HEARING OFFICER PANTER:  Does your client have

8    other ancillary litigation as well?

9      MR. FAHY:  Yes, yes.

10     HEARING OFFICER PANTER:  Okay.

11     MR. FAHY:  Because, as Mr. Grace has indicated,

12    there is an active Grand Jury investigation at both

13    the State and the Federal level.

14          Where my client is in that mix, other than

15    saying, you know, he's in the mix, it's difficult for

16    me to say one way or the other what my position is,

17    but I think there's a good chance that I may be

18    joining Mr. Grace's motion to stay.

19     HEARING OFFICER PANTER:  All right.  Well, can

20    you abide by the same dates that we gave to Tim and

21    Theresa?

22     MR. FAHY:  Certainly, Judge.

23     HEARING OFFICER PANTER:  All right.  So

24    everything we said as to Officer Bogard will apply to

HEARING
April 26, 2021

1    Officer Butler, is that right, Will?

2         MR. FAHY:  Yes, that's fine.

3         HEARING OFFICER PANTER:  Okay.  And Theresa, is

4    that okay with you?

5         MS. SMITH-CONYERS:  That's fine.

6         HEARING OFFICER PANTER:  Okay.  So the discovery

7    we have discussed should be complete, and the motions

8    should be fully briefed by June 18.  Is that right,

9    Theresa?

10        MS. SMITH-CONYERS:  That is correct, yes.

11        HEARING OFFICER PANTER:  And all right with you,

12   Tim and Will?

13        MR. GRACE:  This is Tim.  Yes, that is correct.

14        HEARING OFFICER PANTER:  Will?

15        MR. FAHY:  And this is Will Fahy.  Yes, that is

16   correct.

17        HEARING OFFICER PANTER:  All right, that sounds

18   fine.

19             So I don't know, it sounds like we should

20   set another status for after June 18.  Max, do you

21   have a date that you would like?

22        MR. CAPRONI:  We're open June 21 through 23 and

23   then the following week.

24        HEARING OFFICER PANTER:  How is June 21 for

1     everybody?

2         MR. GRACE:  That's fine for Officer Bogard.

3         MR. FAHY:  This is Will Fahy.  If -- the 21 day

4     is not good, but the 22nd and 23rd are fine.

5         HEARING OFFICER PANTER:  All right.  So Will, you

6     vote for the 22nd.

7             Tim, does that work for you?

8         MR. GRACE:  6-22 is fine.

9         HEARING OFFICER PANTER:  Theresa?

10        MS. SMITH-CONYERS:  6-22 works for me.

11            Maria, does that date work for you?

12        MS. VUOLO-MILAN:  This is Maria.  6-22 is also

13    good for me, thank you.

14        HEARING OFFICER PANTER:  Max, could we set it for

15    6-22 at 10:00?

16        MR. CAPRONI:  Yep, that's great.

17        HEARING OFFICER PANTER:  Okay.  And by that time

18    everyone will have finished the factual discovery

19    we've discussed.

20            Again, if anybody wants the -- if the

21    Respondents want the full disciplinary files, Tim,

22    you know how to request that, correct?

23        MR. GRACE:  That's correct, this is Tim.

24        HEARING OFFICER PANTER:  And Will, you know how

HEARING
April 26, 2021

1    to request that if you so choose?

2        MR. FAHY:  I haven't done it yet, but I'm sure

3    I'll be able to figure it out I think.  That won't be

4    a problem.

5        HEARING OFFICER PANTER:  Okay, there's a yes.

6            So we're going to meet on the 22nd with a

7    fully briefed motion and the discovery completed as

8    we've discussed.

9            Theresa, can you think of anything else we

10   should discuss right now?

11       MS. SMITH-CONYERS:  This is Theresa.  I just have

12   one other request, and that is if either Respondent

13   is going to be subpoenaing the Superintendent for

14   information in relationship to this case, I would

15   just ask for a copy of the subpoena.

16       HEARING OFFICER PANTER:  Tim, is that okay?

17       MR. GRACE:  Yes, that's fine, this is Tim.

18       HEARING OFFICER PANTER:  Will?

19       MR. FAHY:  That's fine with me, thank you.

20       HEARING OFFICER PANTER:  Okay.  Theresa, can you

21   think of anything else you should talk about today?

22   It sounds like it may be too early to start talking

23   about discovery cutoffs and experts and exhibits.

24   What do you think, Theresa?

HEARING
April 26, 2021

1        MS. SMITH-CONYERS:  This is Theresa.  I do think

2    it's too early because we're not sure, I mean, there

3    might be a whole other set of things happening

4    depending on what happens with the stay, so I think

5    it should wait until the next date.

6        HEARING OFFICER PANTER:  Okay.  So Tim, is there

7    anything else you can think of we should talk about

8    today?

9        MR. GRACE:  Just quickly, just Theresa, there's a

10   lot of civil discovery that corp counsel or whoever

11   is handling the civil defense for the City that's out

12   there, so keep your eye on that.

13        And the other thing, your Honor, is one of

14   the charges is the fact that my client invoked her

15   right to remain silent.  I talked about that at her

16   COPA interview.

17        There is going to be a ruling by an

18   administrative law Judge who testified in February

19   about that.  I would imagine that that ruling is

20   going to come out sometime June, July.  If that

21   ruling is obviously favorable for us, that's going to

22   trigger us filing another motion, but I suppose I

23   could put that all in my stay also, stay request.

24        HEARING OFFICER PANTER:  Sure, sure, I think that

HEARING
April 26, 2021

1    sounds appropriate.  Whatever reasons you have to

2    request a stay should be in your stay, and then the

3    Superintendant can respond.

4        MR. GRACE:  Okay.  Besides that, your Honor,

5    nothing else on our side on behalf of Bogard.

6        HEARING OFFICER PANTER:  Just in the case that it

7    may happen, Tim and Will, if you intend to file any

8    supplemental requests for discovery in this case, can

9    you both agree to have those filed before our June

10   22nd status?

11       MR. GRACE:  This is Tim Grace.  That's fine.

12       MR. FAHY:  This is Will Fahy.  That's fine.

13       HEARING OFFICER PANTER:  Okay.  Theresa, is there

14   anything else you can think of?

15       MS. SMITH-CONYERS:  This is Theresa.  Nothing

16   further for the Superintendent.

17       HEARING OFFICER PANTER:  Okay.

18       MS. SMITH-CONYERS:  I guess unless Maria has

19   anything extra, sorry.

20       HEARING OFFICER PANTER:  Sorry, Maria, anything?

21       MS. VUOLO-MILAN:  This is Maria.  No, nothing

22   else, thank you.

23       HEARING OFFICER PANTER:  Okay, Tim.

24       MR. GRACE:  I will bring up no more problems,

HEARING
April 26, 2021

1    your Honor, no, nothing else.

2         HEARING OFFICER PANTER:  Will?

3         MR. FAHY:  Judge, I have nothing further.  Thank

4    you.

5         HEARING OFFICER PANTER:  Let me check with Max.

6    Max, is there anything else we should talk about

7    today?

8         MR. CAPRONI:  I just want to note one thing for

9    the record, and that's Appendix A to the Board's

10   Rules of Procedure on the Respondent's complete

11   disciplinary file.

12        In addition to noting how the Respondent is

13   to request access to that, there's also a section in

14   there on the Superintendant requesting access to that

15   file, so I just want to note that for the record.

16        HEARING OFFICER PANTER:  Thank you, Max.

17        Anything else by anyone else?

18        MR. GRACE:  Not on behalf of Bogard.

19        HEARING OFFICER PANTER:  Okay.  We are adjourned,

20   and we will speak again on the 22nd at 10:00.

21        MR. FAHY:  Thanks, Judge.

22        MR. GRACE:  Thanks, Judge.

23        MS. SMITH-CONYERS:  Thank you.

24        MS. VUOLO-MILAN:  Thank you.

HEARING
April 26, 2021

```
 1        STATE OF ILLINOIS     )
                                )  ss:
 2        COUNTY OF W I L L      )

 3

 4               I, NANCY DECOLA EATINGER, a Certified

 5        Shorthand Reporter, do hereby certify:

 6               That said proceedings were taken remotely

 7        before me at the time and places therein set forth

 8        and were taken down by me in shorthand and thereafter

 9        transcribed into typewriting;

10               I further certify that I am neither

11        counsel for, nor related to, any party to said

12        proceedings and not in any way interested in the

13        outcome thereof.

14               In witness whereof, I have hereunto

15        subscribed my name.

16        Dated:  May 4, 2021

17

18        _____
          Nancy DeCola Eatinger
19        CSR No. 084-003451

20

21

22

23

24
```

**BEFORE**
**THE POLICE BOARD**
**OF THE CITY OF CHICAGO**

In the Matter of Charges Against      )
                                           )

POLICE OFFICER MELVINA BOGARD and   )    Case No.:  21 PB 2991-1
BERNARD BUTLER,                  )    Cons. w/ 21 PB 2991-2
                                           )

           *Respondent.*           )

## DISCOVERY PRODUCTION REQUESTS

NOW COMES, the Respondent, OFFICER MELVINA BOGARD, by and through her attorneys, GRACE & THOMPSON, and propounds the following Discovery Production Requests to the Superintendent of the City of Chicago:

1.    Any and all written statements made by the Respondent concerning the charges filed, which are within the custody and control of the Department of Police or any independent investigating agency that conducted the Complaint Register investigation pertaining to the charges filed against the Respondent, including but not limited to the Civilian Office of Police Accountability, the Office of the Inspector General, etc.

**Response:**

2.    Any and all oral statements made by the Respondent concerning the charges filed which have been reduced to writing or summaries of which have been reduced to writing which are within the custody and control of the Department of Police or any independent investigating agency.

**Response:**

3.    Any and all oral statements of the Respondent concerning the charges filed which have been in any way mechanically recorded and which are within the custody and control of the Department of Police or any independent investigating agency.

1

MONITOR00237301

**Response:**

4. Any and all written statements, recorded statements in their native format, transcripts of statements including but not limited to deposition transcripts and trial transcripts, or written summaries of statements made by Respondent, any and all witnesses, or persons purporting to be witnesses concerning the charges filed and/or the events giving rise thereto within the custody and control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago. For any requested statement known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said statements.

**Response:**

5. Results and reports of physical and/or mental examinations, scientific tests, reconstructions or experiments made in connection with the particular case at issue which are within the custody and control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago. For any requested document known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said documents.

**Response:**

6. Any and all evidence including but not limited to expert opinion within the custody or control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago which

is favorable to the Respondent in terms of guilt or innocence to the charges filed against the Respondent.

**Response:**

7.    A true and complete copy of the complaint register and/or log file created and maintained by the Chicago Police Department regarding this investigation.

**Response:**

8.    Any and all documents, photographs, videos, reports, emails, correspondence, diagrams or other depictions regardless of form which depict or otherwise purport to illustrate the scene of the occurrence giving rise to the charges against Respondent or the parties or witnesses involved within the custody or control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago.  For any requested document known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said documents.

**Response:**

9.    A true and complete copy of Respondent Officer Melvina Bogard's complete disciplinary file and complimentary and disciplinary history file maintained by the Chicago Police Department.

**Response:**

10.    A copy of any and all Chicago Police Department orders or Illinois Statutes intended to be used during the hearing in this matter.

**Response:**

MONITOR00237303

11.     A list of witnesses and the subject matter of their testimony, the conclusions and opinions of each witness and the qualifications of each witness.

**Response:**

12.     Any and all news media, social media or other related reports relating to the charges against Respondent or the underlying occurrence giving rise to the charges filed against the Respondent within the custody or control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago.  For any requested document known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said documents.

**Response:**

13.     A complete list of all agencies known to have conducted some form of investigation relating to the charges alleged together with all documents produced or exchanged relating the occurrence giving rise to the charges and all correspondence within the possession and control of the Department of Police, the City of Chicago and all associated entities.

**Response:**


Respectfully Submitted,


/s/ Robert Ryan Arroyo
*Attorneys for Respondent, Melvina Bogard*

4

Timothy M. Grace (connorgrace@aol.com)
James E. Thompson (jthompson@ggtlegal.com)
Robert Ryan Arroyo (robarroyo@ggtlegal.com)
GRACE & THOMPSON
311 W. Superior St., Ste. 215
Chicago, Illinois 60654
P: (312) 943-0600
F: (312) 943-7133

5

MONITOR00237305

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that on this **26th day of April 2021**, I caused copies of this **CERTIFICATE OF SERVICE** and accompanying **PRODUCTION REQUESTS TO THE SUPERINTENDENT FROM RESPONDENT MELVINA BOGARD** to be sent to the above listed parties at their listed addresses via electronic mail:

Jazmyne Rollins (via email jazmyne.rollins@cityofchicago.org)
Chicago Police Board
2 North LaSalle St., M800
Chicago, IL 60602

Attorneys for Superintendent of Police
Maria Vuolo-Milan (Maria.Vuolo-Milan@cityofchicago.org)
Theresa Smith-Conyers (Theresa.SmithConyers@cityofchicago.org)
City of Chicago - Department of Law
2 N. LaSalle St., Ste. 660
Chicago, IL 60602


Date:   April 26, 2021                    Signed:_/s/ Robert Ryan Arroyo_____
                                          *Attorneys for Respondent, Melvina Bogard*


Attorneys for Respondent Melvina Bogard
Timothy M. Grace (connorgrace@aol.com)
James E. Thompson (jthompson@ggtlegal.com)
Robert Ryan Arroyo (robarroyo@ggtlegal.com)
GRACE & THOMPSON
311 W. Superior St., Ste. 215
Chicago, Illinois 60654
P:  (312) 943-0600
F:  (312) 943-7133

6

                                                                 MONITOR00237306

# Law Offices of William N. Fahy, Ltd

206 S. Jefferson Street, Suite 100
Chicago, IL 60661
312-655-1100 • Fax: 312-655-7661

April 12, 2021

Max Caproni, Executive Director
Police Board of the City of Chicago
30 N. LaSalle, Suite 1220
Chicago, IL 60602

Re: Police Board Case No. 21 PB 2991-2 Officer Bernard D. Butler
VIA EMAIL AND U.S. MAIL

Dear Mr. Caproni,

Enclosed is my Notice of Appearance for the Police Board hearing for Officer Bernard D. Butler.

Please contact me at the above number should you have any questions.

Sincerely,

William N. Fahy
Attorney for Officer Bernard D. Butler

cc: Theresa Smith-Conyers

WNF/tr

MONITOR00237307

## THE POLICE BOARD OF THE CITY OF CHICAGO

IN THE MATTER OF THE
CHARGES AGAINST

Police Officer Bernard D. Butler        Case # 21 PB 2991-2

         Respondent

### APPEARANCE

      The undersigned, attorney, hereby enters his appearance on behalf of the Respondent in the above-captioned case.

_____
William N. Fahy
Attorney for Officer Bernard D. Butler

Law Offices of William N. Fahy, Ltd
206 S. Jefferson, Suite 100
Chicago, IL 60661
Tel (312) 655-1100
Fax (312) 655-7661
wnfahy@fahylawoffice.com

MONITOR00237308

THE POLICE BOARD OF THE CITY OF CHICAGO
30 N. LASALLE STREET, 12TH FLOOR

IN THE MATTER OF THE
CHARGES AGAINST

Police Officer Bernard D. Butler                    Case # 21 PB 2991-2

                Respondent.

## MOTION FOR DISCOVERY

      The Respondent in the above-captioned case, Police Officer Bernard D. Butler, through his attorney, William N. Fahy, respectfully makes this request for discovery from the City of Chicago, Department of Law. The Respondent is seeking a copy of the complaint register file which pertains to this case. The Respondent is also asking to be provided with copies of any recordings, photographs or video-tapes which the City plans on introducing into evidence in the hearing of this matter. Finally, the Respondent is requesting any documents or information in the possession of the Chicago Police Department which is favorable to him.

                RESPECTFULLY SUBMITTED,

                _William N. Fahy (signature)_

                _____

                William N. Fahy
                Attorney for Officer Bernard D. Butler

Law Offices of William N. Fahy, Ltd
206 S. Jefferson, Suite 100
Chicago, IL 60661
Tel (312) 655-1100
Fax (312) 655-7661
wnfahy@fahylawoffice.com

**BEFORE THE POLICE BOARD**
**OF**
**THE CITY OF CHICAGO**

| | | |
|---|---|---|
| IN THE MATTER OF CHARGES AGAINST | ) ) ) | |
| Police Officer **Melvina Bogard,** | ) | Case No. 21 PB 2991-1 |
| Respondent. | ) ) ) | |

**NOTICE OF FILING**

TO:   Tim M. Grace                William N. Fahy
       connorgrace@aol.com       wnfahy@fahylawoffice.com

       James E. Thompson        Robert Arroyo
       jthompson@ggtlegal.com    robarroyo@ggtlegal.com

     PLEASE TAKE NOTICE that I caused to be filed with the Police Board of the City of Chicago the attached **Response to Respondent Officer Melvina Bogard's Motion for Discovery** on Friday, May 28, 2021.

                                          Theresa Smith

**CERTIFICATE OF SERVICE**

     I, Theresa Smith, hereby certify that I caused copies of both this and the **Response to Respondent Officer Melvina Bogard's Motion for Discovery** to be emailed to the persons identified above on Friday, May 28, 2021.

                                 Respectfully submitted,

                                   Celia Meza
            Acting Corporation Counsel of the City of Chicago

                           By:  */s/ Theresa Smith Conyers*
                                Theresa Smith Conyers
                                  Senior Counsel

City of Chicago, Department of Law
2 N. LaSalle St., Ste. 660
Chicago, IL 60602
(312) 744-5395
theresa.smithconyers@cityofchicago.org

## BEFORE THE POLICE BOARD
## OF
## THE CITY OF CHICAGO

| | | |
|---|---|---|
| IN THE MATTER OF CHARGES | ) | |
| AGAINST | ) | |
| | ) | Case No. 21 PB 2991-1 |
| Police Officer Melvina Bogard, | ) | |
| | ) | |
| Respondent. | ) | |

## RESPONSE TO RESPONDENT OFFICER MELVINA BOGARD'S MOTION FOR DISCOVERY

Now comes the Superintendent of Police, David O. Brown, by his attorney Celia Meza, Acting Corporation Counsel of the City of Chicago, and responds as follows to Respondent Melvina Bogard's ("Respondent") Motion for Discovery:

1.    **Any and all written statements made by the Respondent concerning the charges filed which are within the custody and control of the Department of Police or any independent investigating agency that conducted the Complaint Register investigation pertaining to the charges filed against the Respondent, including but not limited to the Civilian Office of Police Accountability, the Office of the Inspector General, etc.**

**RESPONSE:** The Superintendent objects to Request No. 1 to the extent it exceeds the scope of discovery required by Rule II.C. The Superintendent further objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. Subject to and without waiving these objections, the Superintendent states that all responsive documents received from COPA and/or CPD relating to this case under Complaint Register ("CR") File #2020-0000988, which contains audio and video

1

MONITOR00237311

recordings, have been produced to Respondent. In addition, the following items have also been produced to Respondent: Supplemental Reports; ISP report; Transcripts from Bogard's COPA interview on 6.25.20 and 7.8.20; Bogard's pre-statement advisement forms. Discovery is ongoing, and the Superintendent reserves the right to supplement this response as necessary.

2. **Any and all oral statements made by the Respondent concerning the charges filed which have been reduced to writing or summaries of which have been reduced to writing which are within the custody and control of the Department of Police or any independent investigating agency.**

**RESPONSE:** The Superintendent objects to Request No. 2 to the extent it exceeds the scope of discovery required by Rule II.C. The Superintendent further objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. Subject to and without waiving these objections, the Superintendent states that all responsive documents received from COPA and/or CPD relating to this case under Complaint Register ("CR") File #2020-0000988, which contains audio and video recordings, have been produced to Respondent. In addition, the following items have also been produced to Respondent: Supplemental Reports; ISP report; Transcripts from Bogard's COPA interview on 6.25.20 and 7.8.20; Bogard's pre-statement advisement forms. Discovery is ongoing, and the Superintendent reserves the right to supplement this response as necessary.

3. **Any and all oral statements of the Respondent concerning the charges filed which have been in any way mechanically recorded and which are within the**

custody and control of the Department of Police or any independent investigation agency.

**RESPONSE:** The Superintendent objects to Request No. 3 to the extent it exceeds the scope of discovery required by Rule II.C. The Superintendent further objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. Subject to and without waiving these objections, the Superintendent states that all responsive documents received from COPA and/or CPD relating to this case under Complaint Register ("CR") File #2020-0000988, which contains audio and video recordings, have been produced to Respondent. In addition, the following items have also been produced to Respondent: Supplemental Reports; ISP report; Transcripts from Bogard's COPA interview on 6.25.20 and 7.8.20; Bogard's pre-statement advisement forms. Discovery is ongoing, and the Superintendent reserves the right to supplement this response as necessary.

4.     **Any and all written statements, recorded statements in their native format, transcripts of statements including but not limited to deposition transcripts and trial transcripts, or written summaries of statements made by Respondent, any and all witnesses, or persons purporting to be witnesses concerning the charges filed and/or the events giving rise thereto within the custody and control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago. For any requested statement known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the**

**contact information for the person(s) or entity(s) believed to be in custody and control of said statements.**

**RESPONSE:** The Superintendent objects to Request No. 4 to the extent it exceeds the scope of discovery required by Rule II.C and the requirements of Rules II.I and II.J relating to identification of witnesses and exhibits. The Superintendent objects to the extent the request seeks documents protected by the deliberative process privilege, attorney client privilege, and/or work product doctrine. The Superintendent further objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. The Superintendent also objects to the extent that the request for "statement known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said statements" is an interrogatory that exceeds the scope of discovery required by Rule II.C, II.I, and II.J. Subject to and without waiving these objections, the Superintendent states that all responsive documents received from COPA and/or CPD relating to this case under Complaint Register ("CR") File #2020-0000988, which contains audio and video recordings, have been produced to Respondent. In addition, the following items have also been produced to Respondent: Supplemental Reports; ISP report; Transcripts from Bogard's COPA interview on 6.25.20 and 7.8.20; Bogard's pre-statement advisement forms. Discovery is ongoing, and the Superintendent reserves the right to supplement this response as necessary.

5. **Results and reports of physical and/or mental examinations, scientific tests, reconstructions or experiments made in connection with the particular case at**

MONITOR00237314

**issue which are within the custody and control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago. For any requested document known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said documents.**

**RESPONSE:** The Superintendent objects to Request No. 5 to the extent it exceeds the scope of discovery required by Rule II.C and the requirements of Rules II.I statement and II.J relating to identification of witnesses and exhibits. The Superintendent further objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. The Superintendent also objects to the extent that the request for "any requested document known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said document" is an interrogatory that exceeds the scope of discovery required by Rule II.C, II.I, and II.J. The Superintendent further objects to this request as premature to the extent it calls for expert witness disclosures beyond the requirement of Rule II.I. The Superintendent will make his expert witness disclosures, if any, in accordance with Rule II.I and II.J and any scheduling order entered by the Hearing Officer. Subject to and without waiving these objections, the Superintendent states that all responsive documents received from COPA and/or CPD relating to this case under Complaint Register ("CR") File #2020-0000988, which contains audio and video recordings, have been produced to

Respondent. In addition, the following items have also been produced to the respondent: Supplemental Reports; ISP report; Transcripts from Bogard's COPA interview on 6.25.20 and 7.8.20; Bogard's pre-statement advisement forms. Discovery is ongoing, and the Superintendent reserves the right to supplement this response as necessary.

6. **Any and all evidence including but not limited to expert opinion within the custody or control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago which is favorable to the Respondent in terms of guilt or innocence to the charges filed against the Respondent.**

**RESPONSE:** The Superintendent objects to Request No. 6 to the extent it exceeds the scope of discovery required by Rule II.C and the requirements of Rules II.I and II.J relating to identification of witnesses and exhibits. The Superintendent further objects to the extent this request seeks documents that are favorable to the Respondent in terms of guilt or innocence to the charges filed against the Respondent as vague, ambiguous, burdensome, and subject to multiple interpretations. The Superintendent further objects to this request as premature to the extent it calls for expert witness disclosures beyond the requirement of Rule II.I. Subject to and without waiving these objections, the Superintendent states that he will make his expert witness disclosures, if any, in accordance with Rule II.I and II.J and any scheduling order entered by the Hearing Officer. All responsive documents received from COPA and/or CPD relating to this case under Complaint Register ("CR") File #2020-0000988, which contains audio and video recordings, have been produced to Respondent. In addition, the following items have also been produced to Respondent:

MONITOR00237316

Supplemental Reports; ISP report; Transcripts from Bogard's COPA interview on 6.25.20 and 7.8.20; Bogard's pre-statement advisement forms. Discovery is ongoing, and the Superintendent reserves the right to supplement this response as necessary.

**7.     A true and complete copy of the complaint register and/or log file created and maintained by the Chicago Police Department regarding this investigation.**

**RESPONSE:** The Superintendent objects to Request No. 7 to the extent it exceeds the scope of discovery required by Rule II.C. Subject to and without waiving these objections, the Superintendent states that all responsive documents received from COPA and/or CPD relating to this case under Complaint Register ("CR") File #2020-0000988, which contains audio and video recordings, have been produced to Respondent. In addition, the following items have also been produced to Respondent: Supplemental Reports; ISP report; Transcripts from Bogard's COPA interview on 6.25.20 and 7.8.20; Bogard's pre-statement advisement forms. Discovery is ongoing, and the Superintendent reserves the right to supplement this response as necessary.

**8.     Any and all documents, photographs, videos, reports, emails, correspondence, diagrams or other depictions regardless of form which depict or otherwise purport to illustrate the scene of the occurrence giving rise to the charges against respondent or the parties or witnesses involved within the custody or control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago. For any requested document known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact**

**information for the person(s) or entity(s) believed to be in the custody and control of said documents.**

**RESPONSE:** The Superintendent objects to Request No. 8 to the extent it exceeds the scope of discovery required by Rule II.C and the requirements of Rules II.I and II.J relating to identification of witnesses and exhibits. The Superintendent objects to the extent the request seeks documents protected by the deliberative process privilege, attorney client privilege and/or work product doctrine. The Superintendent further objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA and/or CPD. The Superintendent also objects to the extent that the request for "document known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said documents" is an interrogatory that exceeds the scope of discovery required by Rule II.C, II.I, and II.J. Subject to and without waiving these objections, the Superintendent states that all responsive documents received from COPA and/or CPD relating to this case under Complaint Register ("CR") File #2020-0000988, which contains audio and video recordings, have been produced to Respondent. In addition, the following items have also been produced to Respondent: Supplemental Reports; ISP report; Transcripts from Bogard's COPA interview on 6.25.20 and 7.8.20; Bogard's pre-statement advisement forms. Discovery is ongoing, and the Superintendent reserves the right to supplement this response as necessary.

MONITOR00237318

9.      A true and complete copy of **Respondent Officer Melvina Bogard's complete disciplinary file and complimentary and disciplinary history file** maintained by the Chicago Police Department.

**RESPONSE:** The Superintendent objects to Request No. 9 to the extent it exceeds the scope of discovery required by Rule II.C, is unduly burdensome, violates the collective bargaining agreement, and is irrelevant to the extent it is not limited to these specific charges. Without waiving any objections, attached is a copy of Respondent's disciplinary file and complimentary and disciplinary history maintained by the Chicago Police Department.

10.     A copy of any and all **Chicago Police Department orders or Illinois Statutes intended to be used during the hearing in** this matter.

**RESPONSE:** The Superintendent objects to Request No. 10 to the extent it exceeds the scope of discovery required by Rule II.C, is unduly burdensome and is irrelevant to the extent it is not limited to these specific charges. Without waiving any objections, refer to the previously tendered CR File #2020-0000988 which contains audio and video recordings.

11.     A list of witnesses and the **subject matter of their testimony, the conclusions and opinions of each witness and the qualifications of each witness.**

**RESPONSE:** The Superintendent objects to Request No. 11 to the extent it exceeds the scope of discovery required by Rule II.C and the requirements of Rules II.I and II.J relating to identification of witnesses and exhibits. The Superintendent further objects to this request as premature to the extent it calls for witness and expert disclosures beyond the requirement of Rule II.I. Without waiving any objections, the Superintendent states that

he will make his witness and expert disclosures, if any, in accordance with Rule II.I and II.J and any scheduling order entered by the Hearing Officer.

12. **Any and all news media, social media or other related reports relating to the charges against Respondent or the underlying occurrence giving rise to the charges filed against the Respondent within the custody or control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago. For any requested document known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said documents.**

**RESPONSE:** The Superintendent objects to Request No. 12 to the extent it exceeds the scope of discovery required by Rule II.C, is unduly burdensome and is irrelevant to the extent it is not limited to these specific charges. Without waiving any objections, refer to the attached news articles.

13. **A complete list of all agencies known to have conducted some form of investigation relating to the charges alleged together with all documents produced or exchanged relating the occurrence giving rise to the charges and all correspondence within the possession and control of the Department of Police, the City of Chicago and all associated entities.**

**RESPONSE:** The Superintendent objects to Request No. 13 to the extent it exceeds the scope of discovery required by Rule II.C. The Superintendent also objects to the extent this request seeks documents that are not in the possession, custody, or control of COPA

and/or CPD. The Superintendent further objects to the extent that the request for "a complete list of all agencies known to have conducted some form of investigation relating to the charges alleged" is an interrogatory that exceeds the scope of discovery required by Rule II.C, II.I, and II.J. Subject to and without waiving these objections, the Superintendent states that all responsive documents received from COPA and/or CPD relating to this case under Complaint Register ("CR") File #2020-0000988, which contains audio and video recordings, have been produced to Respondent. In addition, the following items have also been produced to Respondent: Supplemental Reports; ISP report; Transcripts from Bogard's COPA interview on 6.25.20 and 7.8.20; Bogard's pre-statement advisement forms.

Celia Meza
Corporation Counsel of the City of Chicago

Sincerely,

Theresa Smith Conyers
Senior Counsel
312-744-5395
theresa.smithconyers@cityofchicago.org

Maria Vuolo-Milan
Assistant Corporation Counsel
312-742-7049
Maria.Vuolo-Milan@cityofchicago.org

City of Chicago, Department of Law
Labor Division
2 N. LaSalle St., Ste. 660
Chicago, IL 60602

## BEFORE THE POLICE BOARD
## OF
## THE CITY OF CHICAGO

| | |
|---|---|
| **IN THE MATTER OF CHARGES** ) | |
| **AGAINST** ) | |
| ) | **Case No. 21 PB 2991** |
| **Police Officer Bernard Butler,** ) | |
| ) | |
| **Respondent.** ) | |

### NOTICE OF FILING

TO:    William N. Fahy
        Law Offices of William N. Fahy, Ltd.
        206 S. Jefferson, Suite 100
        Chicago, IL 60661
        wnfahy@fahylawoffice.com

       PLEASE TAKE NOTICE that I caused to be filed with the Police Board of the City of Chicago the attached **Response to Motion for Discovery** on Wednesday, April 28, 2021.

                                                 Theresa Smith

### CERTIFICATE OF SERVICE

       I, Theresa Smith, hereby certify that I caused copies of both this and the **Response to Motion for Discovery** to be hand delivered to the person identified above on Wednesday, April 28, 2021.

                                        Respectfully submitted,

                                           Celia Meza
                    Acting Corporation Counsel of the City of Chicago

By: _____
                                Theresa Smith Conyers
                                    Senior Counsel

City of Chicago, Department of Law
2 N. LaSalle St., Ste. 660
Chicago, IL 60602
(312) 744-5395
theresa.smithconyers@cityofchicago.org

BEFORE THE POLICE BOARD
OF
THE CITY OF CHICAGO

| | |
|---|---|
| IN THE MATTER OF CHARGES ) | |
| AGAINST ) | |
| ) | **Case No. 21 PB 2991** |
| **Police Officer Bernard Butler,** ) | |
| ) | |
| **Respondent.** ) | |

## RESPONSE TO MOTION FOR DISCOVERY

Now comes the Superintendent of Police, David A. Brown, by his attorney Celia Meza, Acting Corporation Counsel of the City of Chicago, and responds as follows to Respondent's Motion for Discovery:

**1.    A copy of the complaint register file which pertains to this case.**

**RESPONSE:** The Superintendent objects to Request No. 1 to the extent that the request is beyond the scope of the discovery provisions of the City of Chicago Police Board Rules of Procedure. Without waiving any objections, please refer to the attached Complaint Register ("CR") File #2020-0000988 which contains audio and video recordings.  In addition to the CR file, please refer to the attached CPD Detective Supplemental Report; ISP DNA Cancellation Report; Bogard Transcript 6.25.2020; Bogard Transcript 7.8.2020; Statement forms Bogard; Original Case Incident Report JD168628; Supplemental Report JD168628; and Supplemental Suspended Report JD168628.

**2.    Any recordings, photographs or video-tapes which the City plans on introducing into evidence in the hearing of this matter.**

**RESPONSE:** The Superintendent objects to Request No. 2 as beyond the scope of the discovery provisions of the City of Chicago Police Board Rules of Procedure, unduly

burdensome, overly broad, and irrelevant. Without waiving any objections, see response above.  Please note that a list of exhibits will be tendered at the pre-hearing conference.

3.      **Any and all documents or information in the possession of the Chicago Police Department which are favorable to him.**

**RESPONSE:** The Superintendent objects to Request No. 3 as beyond the scope of the discovery provisions of the City of Chicago Police Board Rules of Procedure, unduly burdensome and irrelevant to the extent it is not limited to these specific charges. Without waiving any objections, the Chicago Police Department is unaware of any documents that would be favorable to the respondent.  Please refer to the previously tendered CR File #2020-0000988 for any additional information.

Superintendent reserves the right to supplement this discovery as more information becomes available.

Celia Meza
Acting Corporation Counsel of the City of Chicago

Sincerely,

Theresa Smith Conyers
Senior Counsel
312-744-5395
theresa.smithconyers@cityofchicago.org

Maria Vuolo-Milan
Assistant Corporation Counsel
312-742-7049
Maria.Vuolo-Milan@cityofchicago.org

City of Chicago, Department of Law
Labor Division
2 N. LaSalle St., Ste. 660
Chicago, IL  60602