# EXHIBIT 19

## CHARGES AGAINST OFFICER TONACIA GRANADO

Officer Tonacia Granado, Star Number 5091, is charged with violating the following rules contained in Article V of the Rules and Regulations of the Chicago Police Department, which were in full force and effect on the date of the alleged violations:

Rule 2: Any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department.

Rule 3: Any failure to promote the Department's efforts to implement its policy or accomplish its goals.

Rule 14: Making a false report, written, or oral.

## SPECIFICATIONS

1. On or about June 25, 2018, at approximately 09:00 a.m., while at or near the location of 1136 S. Central Park Ave., Chicago, Illinois, Officer Tonacia Granado ("Granado") provided false, misleading, incomplete, and/or inaccurate statements which were related to her on-duty traffic crash, to Chicago Police Officer Edward Poppish ("Poppish"), that were used to complete Illinois Traffic Crash report, no. RDJB321, to wit:  Granado stated that she had her left hand turning signal on and/or she was reversing and Shajuanta Johnson ran into her vehicle, and/or bumped into her vehicle, or words to that effect.  Granado thereby violated:

   a. Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy or goals or brings discredit upon the Department;

   b. Rule 3, which prohibits any failure to promote the Department's efforts to implement its policy or accomplish its goals; and/or

   c. Rule 14, which prohibits making a false report, written or oral.

2. On or about June 25, 2018, at approximately 09:00 a.m., while at or near the location of 1136 S. Central Park Ave., Chicago, Illinois, Granado provided false, misleading, incomplete, and/or inaccurate statements which were related to her on-duty traffic crash, to Officer Poppish, that were used to complete Vehicle Crash/Damage report, no. 1458, to wit:  Granado stated that she had her left hand turning signal on and/or she was reversing and Shajuanta Johnson ran into her vehicle, and/or bumped into her vehicle, or words to that effect.  Granado thereby violated:

   a. Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy or goals or brings discredit upon the Department;

MONITOR00264806

    b.   Rule 3, which prohibits any failure to promote the Department's efforts to implement its policy or accomplish its goals; and/or

    c.   Rule 14, which prohibits making a false report, written or oral

3.   On or about June 25, 2018, at approximately 09:00 a.m., while at or near the location of 1136 S. Central Park Ave., Chicago, Illinois, Granado provided false, misleading, incomplete, and/or inaccurate statements which were related to her on-duty traffic crash, to Chicago Police Sergeant Joseph Kusar ("Kusar"). Those statements were used to complete an Injured on Duty ("IOD") report, that was signed by Granado, to wit: Granado stated that she was stopped near 1136 S. Central Park, and/or reversed approximately 1 to 2 feet to turn left down the alley, and/or stopped again with an activated turn signal, and/or began to turn left when she was struck from behind in traffic, or words to that effect. Granado thereby violated:

    a.   Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy or goals or brings discredit upon the Department;

    b.   Rule 3, which prohibits any failure to promote the Department's efforts to implement its policy or accomplish its goals; and/or

    c.   Rule 14, which prohibits making a false report, written or oral

4.   On or about June 27, 2018, Officer Granado provided false, misleading, incomplete, and/or inaccurate statements in an IOD To-From report which related to her on-duty traffic crash when she documented that she "slightly reversed about a foot or two and was struck by unit #1 in a very hard impactful manner" or words to that effect. Officer Granado thereby violated:

    a.   Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy or goals or brings discredit upon the Department;

    b.   Rule 3, which prohibits any failure to promote the Department's efforts to implement its policy or accomplish its goals; and/or

    c.   Rule 14, which prohibits making a false report, written or oral.

Based on the foregoing charges and specifications, the Superintendent recommends that Officer Tonica Granado, Star Number 5091, be discharged from the Chicago Police Department.

DAVID O. BROWN
Superintendent of Police

3

APPROVED AS TO FORM

THERESA SMITH CONYERS
Senior Counsel
Labor Division

FILED: August 25, 2021
POLICE BOARD
Case No. 21 PB 2996

4

MONITOR00264808

## BEFORE THE POLICE BOARD OF
## THE CITY OF CHICAGO

| | | |
|---|---|---|
| In the Matter of the Charges Against | ) | |
| | ) | |
| Officer Tonocia Granado, | ) | Nos. 21-PB-2996 |
| Respondent. | ) | |
| | ) | |

## NOTICE OF PRODUCTION OF COMPLAINT REGISTER FILE PURSUANT TO SECTION II.A OF THE BOARD'S RULES OF PROCEDURE

David Brown, Superintendent of Police of the City of Chicago, by and through his attorney, Celia Meza, Acting Corporation Counsel of the City of Chicago, hereby states that, pursuant to Section II.A of the Police Board Rules of Procedure, effective April 28, 2021, the Superintendent is producing to Respondent Officer Tonocia Granado a copy of the Complaint Register investigation file pertaining to the charges filed against Respondent in the above captioned case.

Respectfully submitted,

CELIA MEZA
Acting Corporation Counsel
of the City of Chicago

By: */S/ Theresa Smith Conyers*
Theresa Smith Conyers
Senior Counsel

City of Chicago, Department of Law
2 North LaSalle Street, Suite 660
Chicago, Illinois 60602
(312) 744-5395 (office)
(312) 742-9029 (fax)
theresa.smithconyers@cityofchicago.org          Dated: September 20, 2021

*Notice of Production of Complaint Register File, case no. 21-PB-2996* | Page 1 of 1

## BEFORE THE POLICE BOARD
## OF THE CITY OF CHICAGO

| | | |
|---|---|---|
| **In the Matter of the Charges Against** | ) | |
| | ) | |
| **Officer Tonocia Granado,** | ) | **Nos. 21-PB-2996** |
| **Respondent.** | ) | |
| | ) | |

**To:** **James McKay**
jpmckaylaw@gmail.com
jim@tkklaw.com

### NOTICE OF FILING

PLEASE TAKE NOTICE that I have on this day caused to be electronically filed with the Police Board of the City of Chicago, a **Notice of Production of Complaint Register File Pursuant to Section II.A of the Board's Rules of Procedure**, a copy of which is attached hereto and served upon the named above individuals.

### CERTIFICATE OF SERVICE

I hereby certify that I have on today's date caused a true and correct copy of the attached **Notice of Production of Complaint Register File Pursuant to Section II.A of the Board's Rules of Procedure** and **Notice of Filing** to be served upon the above named individuals by sending copies *via* email.

DATED at Chicago, Illinois, this 20th day of September, 2021.

|  |  |
|---|---|
| | */S/ Theresa Smith Conyers* |
| City of Chicago, Department of Law | Theresa Smith Conyers |
| 2 North LaSalle Street, Suite 660 | Senior Counsel |
| Chicago, Illinois 60602 | |
| (312) 744-5395 (office) | |
| (312) 742-9029 (fax) | |
| theresa.smithconyers@cityofchicago.org | |

## THE POLICE BOARD OF THE CITY OF CHICAGO

| | | |
|---|---|---|
| IN THE MATTER OF CHARGES | ) | |
| AGAINST | ) | |
| | ) | |
| Officer Tonacia Granado, Star # 5091 | ) | Case No. 21 PB 2996 |
| | ) | |
| Respondent. | ) | |

### NOTICE OF FILING

To: Max Caproni
Police Board
max.caproni@cityofchicago.org
Jazmyne Rollins
jazmyne.rollins@cityofchicago.org

PLEASE TAKE NOTICE that on **September 17, 2021, at 3:00pm at 2 North LaSalle St., Suite M800, Chicago, Il 60602,** I filed before the Police Board of the City of Chicago the attached **Appearance and Motion for Discovery** on behalf of the Respondent, a copy of which is served upon you.

_____
James P. McKay, Jr.

### CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2021, I electronically served this Notice and the attached Appearance and Motion for Discovery on behalf of the Respondent to the above parties via their respective email addresses.

_____
James P. McKay, Jr.

1

MONITOR00264811

James P. McKay, Jr.
Of Counsel
Tomasik Kotin Kasserman
161 North Clark Street, Suite 3050
Chicago, Il 60601
(312) 605-8800 - office
(312) 605-8808 – fax
(312) 835-8052 - cell
jpmckaylaw@gmail.com
jim@tkklaw.com

2

# THE POLICE BOARD OF THE CITY OF CHICAGO

IN THE MATTER OF CHARGES )
AGAINST )
                                )
Officer Tonacia Granado. Star # 5091    )      Case No.  21 PB 2996
                                )
           Respondent        )

## MOTION FOR DISCOVERY

NOW COMES the Respondent, Officer Tonacia Granado, by and through her attorney, James P. McKay, Jr., and moves this Honorable Police Board to order the City of Chicago, Department of Law and any appointed Assistant Corporation Counsel, to disclose and produce the following items of discovery, including but not limited to:

1. Any and all written statements made by the Respondent concerning the charges filed, which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability and the Corporation Counsel's Office.

2. Any and all oral statements made by the Respondent concerning the charges filed which have been reduced to writing or summaries of which have been reduced to writing which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability and the Corporation Counsel's Office.

3. Any and all oral statements of the Respondent concerning the charges filed which have been in any way mechanically recorded and which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability and the Corporation Counsel's Office.

4. Any and all recorded statements, written statements or written summaries of oral statements of any witness to be produced by the City and the Superintendent in the prosecution's case-in-chief at the hearing of said charges, including but not limited to statements of Shajuanta Johnson, Officer Edward Poppish and Sgt. Joseph Kusar.

5. Results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with this particular case which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability and the Corporation Counsel's Office and the identity and reports of any expert witnesses the City, the Superintendent and the prosecution plans on calling at the hearing.

6. Any evidence within the custody or control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability and the Corporation Counsel's Office which is favorable to the Respondent in terms of guilt or innocence to the charges filed against the Respondent, including but not limited to:

1

MONITOR00264813

a) Any and all written documentation, notes, memos, affidavits, emails and text messages for any communication between the City of Chicago, Department of Law and the Superintendent of Police and his counsel, and the Bureau of Internal Affairs regarding Officer Tonacia Granado and other individuals in this case from June 25, 2018 to the present;

b) A complete set of the Chicago Police reports listed under RD# JB321585 including but not limited to the Illinois Traffic Crash report, the Vehicle Crash/Damage report and the Injured on Duty report;

c) Any and all video recordings of all body worn cameras, dash cameras and POD cameras from the date of the incident, and all video recordings from cell phones and surveillance cameras from the date of the incident;

d) A complete copy of Officer Tonacia Granado's personnel file and a list of all awards, accommodations, etc. she earned with the Chicago Police Department.

e) All disciplinary records, complaints and/or reports of Officer Edward Poppish's and Sgt. Joseph Kusar's misconduct, if any exist.

7. A list of witnesses the City, the Superintendent and the Department of Law may call at the hearing, their last known addresses, phone numbers, other identifying relevant information including any criminal history they may have and whether there are any cases pending against any of the witnesses.

8. A complete copy of the reports listed under Log Number 1092037 and/or the complete CR file in this case.

9. Any and all recordings, photographs or video tapes, and exhibits which the City, the Superintendent and the prosecution have in their possession, whether they plan on introducing them into evidence at the hearing or not.

10. Any other police reports, GPRs, notes, memorandum, inventory reports, search warrants and documents prepared by any and all police agencies in this case, including but not limited to the Chicago Police Department, that pertain to this case.


WHEREFORE, the Respondent respectfully requests this Honorable Police Board to enter an Order requiring the City of Chicago, Department of Law and any appointed Assistant Corporation Counsel to disclose and tender all of the above discovery requests at the earliest reasonable time possible.

Respectfully submitted,


/x/ James P. McKay, Jr.

James P. McKay, Jr.
Attorney for the Respondent
Officer Tonacia Granado, Star # 5091


James P. McKay, Jr.
Of Counsel, Tomasik Kotin Kasserman
161 North Clark Street
Suite 3050
Chicago, Il 60601
Office: (312) 605-8800
Facsimile: (312) 605-8808
Cell: (312) 835-8052
jpmckaylaw@gmail.com
jim@tkklaw.com

3

MONITOR00264815

**BEFORE THE POLICE BOARD**
**OF THE CITY OF CHICAGO**

| | |
|---|---|
| IN THE MATTER | ) |
| OF CHARGES AGAINST | ) |
| | ) |
| TONACIA GRANADO, | )      Case No. 21 PB 2996 |
| | ) |
| Respondent. | ) |
| | ) |

**NOTICE OF FILING**

To:     James P. McKay, Jr.                    Police Board
        Of Counsel                              of the City of Chicago
        Tomasik Kotin Kasserman                 2 North LaSalle Street, Suite M800
        161 North Clark Street, Suite 3050      Chicago, IL 60602
        Chicago, IL 60601                       max.caproni@cityofchicago.org
        jpmckaylaw@gmail.com                    jazmyne.rollins@cityofchicago.org

**PLEASE TAKE NOTICE THAT** on October 19, 2021, I caused to be filed with the Police Board of the City of Chicago the **Superintendent's Response to Respondent's Motion for Discovery.**

Dated at Chicago, Illinois, this 19th date of October, 2021.

Respectfully submitted,

By:     _____
        Melina Rozzisi
        Assistant Corporation Counsel

CELIA MEZA
City of Chicago, Corporation Counsel
2 North LaSalle Street, Suite 660
Chicago, IL 60602
(312) 742-7034 (phone)
(312) 742-9029 (fax)
melina.rozzisi @cityofchicago.org

**BEFORE THE POLICE BOARD**
**OF THE CITY OF CHICAGO**

| | |
|---|---|
| IN THE MATTER | ) |
| OF CHARGES AGAINST | ) |
| | ) |
| TONACIA GRANADO, | )    Case No. 21 PB 2996 |
| | ) |
| Respondent. | ) |
| | ) |

**CERTIFICATE OF SERVICE**

To:     James P. McKay, Jr.                       Police Board
        Of Counsel                                of the City of Chicago
        Tomasik Kotin Kasserman                   2 North LaSalle Street, Suite M800
        161 North Clark Street, Suite 3050        Chicago, IL 60602
        Chicago, IL 60601                         max.caproni@cityofchicago.org
        jpmckaylaw@gmail.com                      jazmyne.rollins@cityofchicago.org

    **I HEREBY CERTIFY** that I caused true and correct copies of the **Notice of Filing** and **Superintendent's Response to Respondent's Motion for Discovery** to be sent *via* e-mail to the above-identified individuals before 5:00 p.m. on October 19, 2021.

Respectfully submitted,

By: _____
    Melina Rozzisi
    Assistant Corporation Counsel

CELIA MEZA
City of Chicago, Corporation Counsel
2 North LaSalle Street, Suite 660
Chicago, IL 60602
(312) 742-7034 (phone)
(312) 742-9029 (fax)
melina.rozzisi @cityofchicago.org

BEFORE THE POLICE BOARD OF
THE CITY OF CHICAGO

| | |
|---|---|
| IN THE MATTER ) | |
| OF CHARGES AGAINST ) | |
| ) | |
| TONACIA GRANADO, ) | Case No. **21 PB 2996** |
| ) | |
| Respondent. ) | |

## RESPONSE TO RESPONDENT GRANADO'S MOTION FOR DISCOVERY

NOW COMES David O. Brown, Superintendent of the Chicago Police Department

("Superintendent"), by and through his attorney, Celia Meza, Corporation Counsel of the City of

Chicago, and in response to Police Officer Tonacia Granado's ("Respondent") Motion for

Discovery states the following:

1. Any and all written statements made by the Respondent concerning the charges filed, which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability and the Corporation Counsel's Office.

   **Response:** The Superintendent objects to this request to the extent that it seeks material that is beyond the discovery provisions of the Police Board Rules of Procedure. Without waiving any objections, see the CR file tendered by the Superintendent for any material that might be responsive to this request.

2. Any and all oral statements made by the Respondent concerning the charges filed which have been reduced to writing which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability and the Corporation Counsel's Office.

   **Response:** The Superintendent objects to this request to the extent that it seeks material that is beyond the discovery provisions of the Police Board Rules of Procedure. Without waiving any objections, see the CR file tendered by the Superintendent for any material that might be responsive to this request.

3. Any and all oral statements of the Respondent concerning the charges filed which have been in any way mechanically recorded and which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability and the Corporation Counsel's Office.

**Response:** The Superintendent objects to this request to the extent that it seeks material that is beyond the discovery provisions of the Police Board Rules of Procedure. Without waiving any objections, see the CR file tendered by the Superintendent for any material that might be responsive to this request.

4. Any and all recorded statements, written statements or written summaries of oral statements of any witness to be produced by the City and the Superintendent in the prosecution's case-in-chief at the hearing of said charges, including but not limited to the statements of Shajuanta Johnson, Officer Edward Poppish and Sgt. Joseph Kusar.

**Response:** The Superintendent objects to this request to the extent that it seeks material that is beyond the discovery provisions of the Police Board Rules of Procedure. Without waiving any objections, see the CR file tendered by the Superintendent for any material that might be responsive to this request.

5. Results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with this particular case which are within the custody and control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability and the Corporation Counsel's Office and the identity and reports of any expert witnesses the City, the Superintendent and the prosecution plans on calling at the hearing.

**Response:** The Superintendent objects to this request to the extent that it seeks material that is beyond the discovery provisions of the Police Board Rules of Procedure. Without waiving any objections, see the CR file tendered by the Superintendent for any material that might be responsive to this request. The Superintendent will tender the identity and reports of any expert witnesses or treaters pursuant to the time period set forth in the relevant provisions of the Police Board Rules of Procedure.

6. Any evidence within the custody or control of the Chicago Police Department, the Bureau of Internal Affairs, the Civilian Office of Police Accountability and the Corporation Counsel's Office which is favorable to the Respondent in terms of guilt or innocence to the charges filed against the Respondent but not limited to:

**Response:** The Superintendent objects to this request to the extent that it requests material that is beyond the discovery provisions of the Police Board Rules of Procedure. Without waiving any objections, see the CR file tendered by the Superintendent for any material that might be responsive to this request.

(a) Any and all written documentation, notes, memos, affidavits, emails and text messages for any communication between the City of Chicago, Department of Law and the Superintendent of Police and his counsel, and the Bureau of Internal Affairs regarding Officer Tonacia Granado and other individuals in this case from June 25, 2018 to present;

**Response:** The Superintendent objects to this request as beyond the discovery provisions of the Police Board Rules of Procedure, and as vague, overly broad, and burdensome. Additionally, this request seeks documents that might protected by the deliberative process privilege, attorney-client privilege, and/or work-product doctrine.

(b) A complete set of the Chicago Police reports listed under RD# JB321585 including but not limited to the Illinois Traffic Crash report, the Vehicle Crash/Damage report and the Injured-on-Duty report.

**Response:** See CR file tendered by the Superintendent for any material that might be responsive to this request. Investigation continues. To the extent that any additional documents are received, such documents will be tendered to Respondent upon receipt.

(c) Any and all video recordings of all body worn cameras, dash cameras and POD cameras from the date of the incident, and all video recordings from cell phones and surveillance cameras from the date of the incident.

**Response:** See CR file tendered by the Superintendent for any material that might be responsive to this request.

(d) A complete copy of Officer Tonacia Granado's personnel file and a list of all awards, accommodations [sic], etc. she earned with the Chicago Police Department

**Response:** The Superintendent objects to the term "personnel file" as vague and ambiguous. Without waiving any objections, see attached for a copy of Respondent's complimentary and complaint history. Additionally, the undersigned will tender additional records upon receipt.

(e) All disciplinary records, complaints and/or reports of Officer Edward Poppish's and Sgt/ Joseph Kusar's misconduct, if any exist.

**Response:** The Superintendent objects to this request as beyond the discovery provisions of the Police Board Rules of Procedure and irrelevant to the present matter. Additionally, the Superintendent objects to this request as vague, subject to multiple interpretations, and ambiguous.

7. A list of witnesses the City, the Superintendent and the Department of Law may call at the hearing, their last known addresses, phone numbers, other identifying relevant information including any criminal history they may have and whether there are any cases pending against any of the witnesses.

**Response:** The Superintendent objects to this request as it seeks material that is beyond the discovery provisions of the Police Board Rules of Procedure. The Superintendent will produce a witness list pursuant to the Police Board Rules of Procedure at the pre-hearing conference.

MONITOR00264820

8.   A complete copy of the reports listed under Log Number 1092037 and/or the complete CR file in this case.

     **Response:**  The Superintendent objects to this request as vague, ambiguous, and subject to multiple interpretations.  Without waiving any objections, upon information and belief, the complete CR file has been tendered.

9.   Any and all recordings, photographs or video tapes, and exhibits which the City, the Superintendent and the prosecution have in their possession, whether they plan on introducing them into evidence at hearing or not.

     **Response:**  The Superintendent objects to this request as beyond the discovery provisions of the Police Board Rules of Procedure, and as vague, overly broad, and burdensome. Without waiving any objection, see the CR file for any material that may be responsive to this request.

10.  Any other police reports, GPRs, notes, memorandum, inventory reports, search warrants and documents prepared by any and all police agencies in this case, including but not limited to the Chicago Police Department, that pertain to this case.

     **Response:**  The Superintendent objects to this request to the extent that it seeks material beyond the discovery provisions of the Police Board Rules of Procedure and not within the custody or control of the Chicago Police Department.  The Superintendent further objects to this request as vague, overly broad, and burdensome.  Additionally, the Superintendent objects to this request to the extent that it seeks documents that are protected by the deliberative process privilege, attorney-client privilege, or work-product doctrine.  Without waiving any objection, see the CR file for any material that may be responsive to this request.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

Respectfully submitted,

CELIA MEZA
Corporation Counsel of the City of Chicago

By: _____

_____
Melina Rozzisi
Assistant Corporation Counsel

City of Chicago, Department of Law
Labor Division
2 N. LaSalle Street, Suite 660
Chicago, Illinois 60602
(312) 742-7034

MONITOR00264822

## CHARGES AGAINST POLICE OFFICER MARC A. JAROCKI

Police Officer Marc A. Jarocki, Star No. 2778, ("Officer Jarocki") is charged with violating the following rules contained in Article V of the Rules and Regulations of the Chicago Police Department ("Department"), which were in full force and effect on the date of the alleged violations:

| | |
|---|---|
| Rule 2: | Any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department. |
| Rule 3: | Any failure to promote the Department's efforts to implement its policy or accomplish its goals. |
| Rule 5: | Failure to perform any duty. |
| Rule 21: | Failure to report promptly to the Department any information concerning any crime or other unlawful action. |

## SPECIFICATIONS

1. On or about October 30, 2014, at a parking garage located at or near 172 West Madison Street, Chicago, Illinois, Officer Michael Kelly and/or Sergeant Patrick Gilmore were injured and/or battered, and/or Sergeant Gilmore's gun was taken and/or stolen during an altercation. Officer Jarocki failed to timely call 911 and/or otherwise notify the Chicago Police Department; and/or Officer Jarocki failed to render aid to Officer Kelly and/or Sergeant Gilmore; and/or Officer Jarocki relocated from the scene of the altercation. Officer Jarocki thereby violated:

   a. Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department;

   b. Rule 3, which prohibits any failure to promote the Department's efforts to implement its policy or accomplish its goals;

   c. Rule 5, which prohibits failing to perform any duty; and/or

   d. Rule 21, which prohibits failing to report promptly to the Department any information concerning any crime or other unlawful action.

[Remainder of this page intentionally left blank.]

1 of 4

MONITOR00264823

Based on the foregoing charges and specifications, the Superintendent recommends that Police Officer Marc A. Jarocki, Star No. 2778, be discharged from the Chicago Police Department.

DAVID O. BROWN
Superintendent of Police

APPROVED AS TO FORM:

/s/ Maria C. Vuolo-Milan

Maria C. Vuolo-Milan
Assistant Corporation Counsel

FILED: August 25, 2021
POLICE BOARD
Case No. 21 PB 2997-1

2 of 4

MONITOR00264824

## CHARGES AGAINST POLICE OFFICER MICHAEL R. KELLY

Police Officer Michael R. Kelly, Star No. 6950, ("Officer Kelly") is charged with violating the following rules contained in Article V of the Rules and Regulations of the Chicago Police Department ("Department"), which were in full force and effect on the date of the alleged violations:

| | |
|---|---|
| Rule 2: | Any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department. |
| Rule 3: | Any failure to promote the Department's efforts to implement its policy or accomplish its goals. |
| Rule 5: | Failure to perform any duty. |
| Rule 6: | Disobedience of an order or directive, whether written or oral. |
| Rule 11: | Incompetency or inefficiency in the performance of duty. |
| Rule 21: | Failure to report promptly to the Department any information concerning any crime or other unlawful action. |

## SPECIFICATIONS

1. On or about October 30, 2014, at or near 30 North LaSalle Street, Chicago, Illinois, Officer Kelly called in to the Court Section and/or Operations Command to report for duty at an office of the City of Chicago, Department of Law, at approximately 9:00 a.m. Officer Kelly was released from and/or otherwise left the City of Chicago, Department of Law, at approximately 11:00 a.m. and thereafter went to Cactus Bar & Grill. Officer Kelly failed to call out and/or notify the Court Section and/or Operations Command of his approximately 11:00 a.m. release until approximately 2:00 p.m. Officer Kelly thereby violated:

   a. Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department;

   b. Rule 3, which prohibits any failure to promote the Department's efforts to implement its policy or accomplish its goals;

   c. Rule 5, which prohibits failing to perform any duty;

   d. Rule 6, which prohibits disobeying an order or directive, whether written or oral, to wit, Employee Resource E02-02-02 ("Payroll and Timekeeping-Overtime / Compensatory Time"), eff. September 27, 1994; and/or

   e. Rule 11, which prohibits incompetency or inefficiency in the performance of duty.

2. On or about October 30, 2014, at a parking garage located at or near 172 West Madison Street, Chicago, Illinois, Sergeant Patrick Gilmore was injured and/or battered, and/or Sergeant Gilmore's gun was taken and/or stolen during an altercation. Officer Kelly failed to timely

MONITOR00264825

call 911 and/or otherwise notify the Chicago Police Department and/or Officer Kelly relocated from the scene of the altercation. Officer Kelly thereby violated:

a. Rule 2, which prohibits any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department;

b. Rule 3, which prohibits any failure to promote the Department's efforts to implement its policy or accomplish its goals;

c. Rule 5, which prohibits failing to perform any duty; and/or

d. Rule 21, which prohibits failing to report promptly to the Department any information concerning any crime or other unlawful action.

Based on the foregoing charges and specifications, the Superintendent recommends that Police Officer Michael R. Kelly, Star No. 6950, be discharged from the Chicago Police Department.

DAVID O. BROWN
Superintendent of Police

APPROVED AS TO FORM:

/s/ Maria C. Vuolo-Milan
Maria C. Vuolo-Milan
Assistant Corporation Counsel

FILED: August 25, 2021
POLICE BOARD
Case No. 21 PB 2997-2

4 of 4

MONITOR00264826

**BEFORE THE POLICE BOARD**
**OF THE CITY OF CHICAGO**

| | | |
|---|---|---|
| **In the Matter of the Charges Against** | ) | |
| | ) | |
| **Officer Marc A. Jarocki &** | ) | |
| **Officer Michael R. Kelly,** | ) | **Nos. 21-PB-2997-1** |
| | ) | **& 21-PB-2997-2** |
| **Respondents.** | ) | |

**To:**   James E. Thompson          Timothy M. Grace          Robert Arroyo
         JThompson@GGTlegal.com    ConnorGrace@aol.com      RobArroyo@GGTlegal.com

**NOTICE OF FILING**

    PLEASE TAKE NOTICE that I have on this day caused to be electronically filed with the Police Board of the City of Chicago, a **Notice of Production of Complaint Register File**, a copy of which is attached hereto and served upon the named above individuals.

**CERTIFICATE OF SERVICE**

    I hereby certify that I have on today's date caused a true and correct copy of the attached **Notice of Production of Complaint Register File** and **Notice of Filing** to be served upon the above named individuals by sending copies *via* email.

DATED at Chicago, Illinois, this 23rd day of September, 2021.


                                        */s/ Maria C. Vuolo-Milan*
                                        Maria C. Vuolo-Milan
                                        Assistant Corporation Counsel


City of Chicago, Department of Law
2 North LaSalle Street, Suite 660
Chicago, Illinois 60602
(312) 742-7049 (office)
(312) 742-9029 (fax)
maria.vuolo-milan@cityofchicago.org

**BEFORE THE POLICE BOARD OF**
**THE CITY OF CHICAGO**

| | | |
|---|---|---|
| In the Matter of the Charges Against | ) | |
| | ) | |
| Officer Marc A. Jarocki & | ) | Nos. 21-PB-2997-1 |
| Officer Michael R. Kelly, | ) | & 21-PB-2997-2 |
| | ) | |
| Respondents. | ) | |

**NOTICE OF PRODUCTION OF COMPLAINT REGISTER FILE PURSUANT TO**
**SECTION II.A OF THE BOARD'S RULES OF PROCEDURE**

David Brown, Superintendent of Police of the City of Chicago, by and through his attorney,

Celia Meza, Corporation Counsel of the City of Chicago, hereby states that, pursuant to Section

II.A of the Police Board Rules of Procedure, effective February 18, 2021, the Superintendent is

producing to Respondent Officer Marc A. Jarocki and Respondent Officer Michael R. Kelly

(collectively, "Respondents") a copy of the Complaint Register investigation file pertaining to the

charges filed against Respondents in the above captioned case, and related documents.[1]

This production includes Bates numbered pages "Jarocki_Kelly_000001" through

"Jarocki_Kelly_004276" and electronic files (*e.g.*, audio and video files). The Superintendent is

designating the aforementioned materials and information as Confidential Information, as defined

in the Agreed Protective Order entered on September 21, 2021; any and all documents and records

produced by the Superintendent hereafter shall similarly be designated as Confidential

Information.

[Remainder of page intentionally left blank.]

---

[1] The Superintendent states that he is requesting and will produce to Respondents Attachment 50 and the remaining pages of Attachment 78 upon receipt. The Superintendent further states that, at this time, portions of Attachments 277-282, containing medical information relating to a non-party, is not being tendered; the undersigned counsel for the Superintendent will confer with Respondents' counsel regarding this matter and the appropriate method of tendering said records if needed.

Respectfully submitted,

CELIA MEZA
Corporation Counsel
of the City of Chicago

City of Chicago, Department of Law
2North LaSalle Street, Suite 660
Chicago, Illinois 60602
(312) 742-7049 (office)
(312) 742-9029 (fax)
maria.vuolo-milan@cityofchicago.org

By: _/s/ Maria C. Vuolo-Milan_
Maria C. Vuolo-Milan
Assistant Corporation Counsel

MONITOR00264829

**BEFORE**
**THE POLICE BOARD**
**OF THE CITY OF CHICAGO**

In the Matter of Charges Against     )
         )
POLICE OFFICER MARC JAROCKI and    )
POLICE OFFICER MICHAEL KELLY     )    Case No.:  21 PB 2997 - 1
         )                 21 PB 2997 - 2
         )
      Respondent.    )

## DISCOVERY PRODUCTION REQUESTS

NOW COMES, the Respondents, OFFICER MARC JAROCKI and MICHAEL KELLY, by and through his attorneys, GRACE & THOMPSON, and propounds the following Discovery Production Requests to the Superintendent of the City of Chicago:

1.     Any and all unredacted written statements made by the Respondents concerning the charges filed, which are within the custody and control of the Department of Police or any independent investigating agency that conducted the Complaint Register investigation pertaining to the charges filed against the Respondents, including but not limited to the Civilian Office of Police Accountability, the Office of the Inspector General, etc.

**Response:**

2.     Any and all unredacted oral statements made by the Respondents concerning the charges filed which have been reduced to writing or summaries of which have been reduced to writing which are within the custody and control of the Department of Police or any independent investigating agency.

**Response:**

1

3.     Any and all unredacted oral statements of the Respondents concerning the charges filed which have been in any way mechanically recorded and which are within the custody and control of the Department of Police or any independent investigating agency.

**Response:**

4.     Any and all unredacted written statements, recorded statements in their native format, transcripts of statements including but not limited to deposition transcripts and trial transcripts, or written summaries of statements made by Respondents, any and all witnesses, or persons purporting to be witnesses concerning the charges filed and/or the events giving rise thereto within the custody and control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago.  For any requested statement known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said statements.

**Response:**

5.     Unredacted Results and reports of physical and/or mental examinations, scientific tests, reconstructions or experiments made in connection with the particular case at issue which are within the custody and control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago.  For any requested document known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said documents.

MONITOR00264831

**Response:**

6.    Any and all unredacted evidence including but not limited to expert opinion within the custody or control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago which is favorable to the Respondents in terms of guilt or innocence to the charges filed against the Respondent.

**Response:**

7.    A true and complete copy of the unredacted complaint register and/or log file created and maintained by the Chicago Police Department regarding this investigation.

**Response:**

8.    Any and all unredacted documents, photographs, videos, reports, emails, correspondence, diagrams or other depictions regardless of form which depict or otherwise purport to illustrate the scene of the occurrence giving rise to the charges against Respondents or the parties or witnesses involved within the custody or control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago.  For any requested document known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said documents.

**Response:**

9.    A true and complete copy of Respondent Officer Marc Jarocki's and Michael Kelly's complete disciplinary file and complimentary and disciplinary history file maintained by the Chicago Police Department.

3

MONITOR00264832

**Response:**

10.    A copy of any and all Chicago Police Department orders or Illinois Statutes intended to be used during the hearing in this matter.

**Response:**

11.    A list of witnesses and the subject matter of their testimony, the conclusions and opinions of each witness and the qualifications of each witness.  Please provide a complete criminal background that is in the possession of the Chicago Police Department for each civilian witness.

**Response:**

12.    Any and all news media, social media or other related reports relating to the charges against Respondents or the underlying occurrence giving rise to the charges filed against the Respondent within the custody or control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago.  For any requested document known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said documents.

**Response:**

13.    A complete list of all agencies known to have conducted some form of investigation relating to the charges alleged together with all unredacted documents produced or exchanged relating the occurrence giving rise to the charges and all correspondence within the possession and control of the Department of Police, the City of Chicago and all associated entities.  Please be advised this request includes but is not limited to the Independent Police Review Authority, Civilian Office of Police Accountability, Department of Police, Office of the Cook County State's

4

Attorney, Cook County Medical Examiner, Illinois State Police Crime Lab and/or Forensic Section, and the Illinois State's Attorneys Appellate Prosecutor's Office.

**Response:**

Respectfully Submitted,

/s/ James E. Thompson
Attorney James E. Thompson

James E. Thompson (jthompson@ggtlegal.com)
Timothy M. Grace (connorgrace@aol.com)
Robert Ryan Arroyo (robarroyo@ggtlegal.com)
GRACE & THOMPSON
311 W. Superior St., Ste. 215
Chicago, Illinois 60654
P: (312) 943-0600
F: (312) 943-7133

5

MONITOR00264834

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, hereby certify that on this **17th day of September 2021**, I caused copies of this **CERTIFICATE OF SERVICE** and accompanying **PRODUCTION REQUESTS TO THE SUPERINTENDENT FROM RESPONDENT MARC JAROCKI and MICHAEL KELLY** to be sent to the above listed parties at their listed addresses via electronic mail:

Jazmyne Rollins (via email jazmyne.rollins@cityofchicago.org)
Chicago Police Board
2 North LaSalle St., M800
Chicago, IL 60602

Maria Vuolo-Milan
Assistant Corporation Counsel
City of Chicago, Department of Law – Labor Division
2 North LaSalle Street, Suite 660, Chicago, IL 60602
maria.vuolo-milan@cityofchicago.org


Date:   17 September 2021                    Signed:/s/ James E. Thompson
                                                    Attorney James E. Thompson


Timothy M. Grace (connorgrace@aol.com)
James E. Thompson (jthompson@ggtlegal.com)
Robert Ryan Arroyo (robarroyo@ggtlegal.com)
GRACE & THOMPSON
311 W. Superior St., Ste. 215
Chicago, Illinois 60654
P:  (312) 943-0600
F:  (312) 943-7133

6

MONITOR00264835

# BEFORE THE POLICE BOARD
# OF THE CITY OF CHICAGO

| | |
|---|---|
| In the Matter of the Charges Against | ) |
| | ) |
| **Officer Marc A. Jarocki &** | ) |
| **Officer Michael R. Kelly,** | )     Nos. 21-PB-2997-1 |
| | )       & 21-PB-2997-2 |
| **Respondents.** | ) |

**To:**    James E. Thompson     Timothy M. Grace     Robert Arroyo
        JThompson@GGTlegal.com   ConnorGrace@aol.com   RobArroyo@GGTlegal.com

## NOTICE OF FILING

PLEASE TAKE NOTICE that I have on this day caused to be electronically filed with the Police Board of the City of Chicago, the **Superintendent's Response to Discovery Production Requests**, a copy of which is attached hereto and served upon the named above individuals.

## CERTIFICATE OF SERVICE

     I hereby certify that I have on today's date caused a true and correct copy of the attached **Superintendent's Response to Discovery Production Requests** and **Notice of Filing** to be served upon the above named individuals by sending copies *via* email.

     DATED at Chicago, Illinois, this 12th day of October, 2021.


                              */s/ Maria C. Vuolo-Milan*
                              Maria C. Vuolo-Milan
                              Assistant Corporation Counsel


City of Chicago, Department of Law
2 North LaSalle Street, Suite 660
Chicago, Illinois 60602
(312) 742-7049 (office)
(312) 742-9029 (fax)
maria.vuolo-milan@cityofchicago.org

**BEFORE THE POLICE BOARD OF
THE CITY OF CHICAGO**

| | | |
|---|---|---|
| In the Matter of the Charges Against | ) | |
| | ) | |
| Officer Marc A. Jarocki & | ) | Nos. 21-PB-2997-1 |
| Officer Michael R. Kelly, | ) | & 21-PB-2997-2 |
| | ) | |
| Respondents. | ) | |

**SUPERINTENDENT'S RESPONSE TO DISCOVERY PRODUCTION REQUESTS**

David Brown, Superintendent of Police of the City of Chicago, by and through his attorney, Celia Meza, Corporation Counsel of the City of Chicago, hereby submits the following as his response to the Respondents' Discovery Production Requests. The Superintendent states that any materials produced in response to this request are designated as Confidential Information, as defined in the September 20, 2021, Agreed Protective Order entered in the above captioned case.

1. **Any and all unredacted written statements made by the Respondents concerning the charges filed, which are within the custody and control of the Department of Police or any independent investigating agency that conducted the Complaint Register investigation pertaining to the charges filed against the Respondents, including but not limited to the Civilian Office of Police Accountability, the Office of the Inspector General, etc.**

**RESPONSE:**

The Superintendent objects to this request to the extent that it seeks material that is beyond the discovery provisions of the Police Board Rules of Procedure. Without waiving any objections, see documents (Bates numbered pages "Jarocki_Kelly_000001" through "Jarocki_Kelly_004276") and electronic files produced by the Superintendent on September 23, 2021, for any material that may be responsive to this request.

2. **Any and all unredacted oral statements made by the Respondents concerning the charges filed which have been reduced to writing or summaries of which have been reduced to writing which are within the custody and control of the Department of Police or any independent investigating agency.**

**RESPONSE:**

The Superintendent objects to this request to the extent that it seeks material that is beyond the discovery provisions of the Police Board Rules of Procedure. Without waiving any objections, see documents (Bates numbered pages "Jarocki_Kelly_000001" through "Jarocki_Kelly_004276") and electronic files produced by the Superintendent on September 23, 2021, for any material that may be responsive to this request.

3. **Any and all unredacted oral statements of the Respondents concerning the charges filed which have been in any way mechanically recorded and which are within the custody and control of the Department of Police or any independent investigating agency.**

**RESPONSE:**

The Superintendent objects to this request to the extent that it seeks material that is beyond the discovery provisions of the Police Board Rules of Procedure. Without waiving any objections, see documents (Bates numbered pages "Jarocki_Kelly_000001" through "Jarocki_Kelly_004276") and electronic files produced by the Superintendent on September 23, 2021, for any material that may be responsive to this request.

4. **Any and all unredacted written statements, recorded statements in their native format, transcripts of statements including but not limited to deposition transcripts and trial transcripts, or written summaries of statements made by Respondents, any and all witnesses, or persons purporting to be witnesses concerning the charges filed and/or the events giving rise thereto within the custody and control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago. For any requested statement known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said statements.**

**RESPONSE:**

The Superintendent objects to this request to the extent that it seeks material that is beyond the discovery provisions of the Police Board Rules of Procedure. Respondent further objects to the requests for deposition transcripts and trial transcripts as vague and ambiguous, overly broad and unduly burdensome. Without waiving any objections, see documents (Bates numbered pages "Jarocki_Kelly_000001" through "Jarocki_Kelly_004276") and electronic files produced by the Superintendent on September 23, 2021, for any material that may be responsive to this request. At this time, the undersigned counsel does not possess deposition transcripts from related cases.

5. **Unredacted Results and reports of physical and/or mental examinations, scientific tests, reconstructions or experiments made in connection with the particular case at issue which are within the custody and control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago. For any requested document**

MONITOR00264838

known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said documents.

**RESPONSE:**

The Superintendent objects to this request to the extent that it seeks material that is beyond the discovery provisions of the Police Board Rules of Procedure. Without waiving any objections, see documents (Bates numbered pages "Jarocki_Kelly_000001" through "Jarocki_Kelly_004276") and electronic files produced by the Superintendent on September 23, 2021, for any material that may be responsive to this request.

6. **Any and all unredacted evidence including but not limited to expert opinion within the custody and control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago which is favorable to the Respondents in terms of guilt or innocence to the charges filed against the Respondent.**

**RESPONSE:**

The Superintendent objects to this request to the extent that it seeks material that is beyond the discovery provisions of the Police Board Rules of Procedure. Without waiving any objections, see documents (Bates numbered pages "Jarocki_Kelly_000001" through "Jarocki_Kelly_004276") and electronic files produced by the Superintendent on September 23, 2021, for any material that may be responsive to this request.

7. **A true and complete copy of the unredacted complaint register and/or log file created and maintained by the Chicago Police Department regarding this investigation.**

**RESPONSE:**

The Superintendent objects to this request to the extent that it seeks material that is beyond the discovery provisions of the Police Board Rules of Procedure. Without waiving any objections, see documents (Bates numbered pages "Jarocki_Kelly_000001" through "Jarocki_Kelly_004276") and electronic files produced by the Superintendent on September 23, 2021, for any material that may be responsive to this request. The Superintendent is also producing to Respondents Attachment 51 (Bates numbered "Jarocki_Kelly_004277-4310") of CR file 1072311, and, upon receipt, a complete copy of Attachment 78 of CR file 1072311.

8. **Any and all unredacted documents, photographs, videos, reports, emails, correspondence, diagrams or other depictions regardless of form which depict or otherwise purport to illustrate the scene of the occurrence giving rise to the charges against Respondents or the parties or witnesses involved within the custody or control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago. For any requested document known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities**

**please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said documents.**

**RESPONSE:**

The Superintendent objects to this request to the extent that it seeks material that is beyond the discovery provisions of the Police Board Rules of Procedure. Without waiving any objections, see documents (Bates numbered pages "Jarocki_Kelly_000001" through "Jarocki_Kelly_004276") and electronic files produced by the Superintendent on September 23, 2021, for any material that may be responsive to this request.

9. **A true and complete copy of Respondent Officer Marc Jarocki's and Michael Kelly's complete disciplinary file and complimentary and disciplinary history file maintained by the Chicago Police Department.**

**RESPONSE:**

The Superintendent objects to this request to the extent that it seeks material that is beyond the discovery provisions of the Police Board Rules of Procedure. Without waiving any objections, see documents (Bates numbered pages "Jarocki_Kelly_000001" through "Jarocki_Kelly_004276") and electronic files produced by the Superintendent on September 23, 2021, for any material that may be responsive to this request. The Superintendent is producing to Respondent Kelly, via his attorney Tim Grace, the following, as Bates numbered pages "Jarocki_Kelly_004311-004316":
- Employee Complaint History from CMS for Respondent Kelly;
- Post 2000 Employee Complaint History from CRMS for Respondent Kelly;
- SPAR History Report (Sustained Findings) for Respondent Kelly;
- CLEAR Search/Edit SPAR printout for Respondent Kelly; and
- Complimentary History for Respondent Kelly.

The Superintendent is producing to Respondent Jarocki, via his attorney James Thompson, the following, as Bates numbered pages "Jarocki_Kelly_004317-004323":
- Employee Complaint History from CMS for Respondent Jarocki;
- Post 2000 Employee Complaint History from CRMS for Respondent Jarocki;
- SPAR History Report (Sustained Findings) for Respondent Jarocki;
- CLEAR Search/Edit SPAR printout for Respondent Jarocki; and
- Complimentary History for Respondent Jarocki.

10. **A copy of any and all Chicago Police Department orders or Illinois Statutes intended to be used during the hearing in this matter.**

**RESPONSE:**

The Superintendent objects to this request to the extent that it seeks material that is beyond the discovery provisions of the Police Board Rules of Procedure. Without waiving any objections,

MONITOR00264840

see documents (Bates numbered pages "Jarocki_Kelly_000001" through "Jarocki_Kelly_004276") and electronic files produced by the Superintendent on September 23, 2021, for any material that may be responsive to this request. The Superintendent states that he will tender an exhibit list and any remaining exhibits at the pre-hearing conference following the procedures set forth in the Police Board's Rules of Procedure.

**11. A list of witnesses and the subject matter of their testimony, the conclusions and opinions of each witness and the qualifications of each witness. Please provide a complete criminal background that is in the possession of the Chicago Police Department for each civilian witness.**

**RESPONSE:**

The Superintendent objects to this request to the extent that it seeks material that is beyond the discovery provisions of the Police Board Rules of Procedure. Without waiving any objections, the Superintendent states that he will provide a witness list at the pre-hearing conference following the procedures set forth in the Police Board's Rules of Procedure.

**12. Any and all news media, social media or other related reports relating to the charges against Respondents or the underlying occurrence giving rise to the charges filed against the Respondent within the custody or control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago. For any requested document known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said documents.**

**RESPONSE:**

The Superintendent objects to this request to the extent that it seeks material that is beyond the discovery provisions of the Police Board Rules of Procedure. The Superintendent further objects to this request as vague, ambiguous, subject to varying interpretations (*e.g.*, the request for "other related reports"), and overly broad and unduly burdensome. The Superintendent further objects to the request because the requested materials are public materials which are as accessible to Respondents as they are to the Superintendent. Without waiving any objections, see documents (Bates numbered pages "Jarocki_Kelly_000001" through "Jarocki_Kelly_004276") and electronic files produced by the Superintendent on September 23, 2021, for any material that may be responsive to this request.

**13. A complete list of all agencies known to have conducted some form of investigation relating to the charges alleged together with all unredacted documents produced or exchanged relating [] the occurrence giving rise to the charges and all correspondence within the possession and control of the Department of Police, the City of Chicago and all associated entities. Please be advised this request includes but is not limited to the Independent Police Review Authority, Civilian Office of Police Accountability, Department of Police, Office of the Cook County State's Attorney, Cook County**

MONITOR00264841

**Medical Examiner, Illinois State Police Crime Lab and/or Forensic Section, and the Illinois State's Attorneys Appellate Prosecutor's Office.**

**RESPONSE:**

The Superintendent objects to this request to the extent that it seeks material that is beyond the discovery provisions of the Police Board Rules of Procedure, is overly broad and unduly burdensome, requests information from the Superintendent which is beyond the scope of materials which are within the custody and control of the Superintendent or the City of Chicago, and to the extent that it is in effect, an interrogatory (and propounding interrogatories is not provided for under the Board's Rules relating to discovery).

Respectfully submitted,

CELIA MEZA
Corporation Counsel
of the City of Chicago

By: */s/ Maria C. Vuolo-Milan*
Maria C. Vuolo-Milan
Assistant Corporation Counsel

City of Chicago, Department of Law
2North LaSalle Street, Suite 660
Chicago, Illinois 60602
(312) 742-7049 (office)
(312) 742-9029 (fax)
maria.vuolo-milan@cityofchicago.org

Response to Discovery Production Requests | Page 6 of 6

MONITOR00264842

## CHARGES AGAINST POLICE OFFICER JOSE TROCHE-VARGAS

Police Officer Jose Troche-Vargas, Star Number 6430, is charged with violating the following rules contained in Article V of the Rules and Regulations of the Chicago Police Department, which were in full force and effect on the date of the alleged violations:

Rule 2: Any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department.

Rule 3: Any failure to promote the Department's efforts to implement its policy or accomplish its goals.

Rule 6: Disobedience of an order or directive, whether written or oral.

Rule 8: Disrespect to or maltreatment of any person, while on or off duty.

Rule 9: Engaging in any unjustified verbal or physical altercation with any person, while on or off duty.

## S P E C I F I C A T I O N S

1. On or about June 28, 2019, at or around 2202 North Kimball Avenue, Chicago, Illinois, while on duty and in uniform, Police Officer Jose Troche-Vargas said to Peter Kaschen, an arrestee, "you're lucky I have a camera on me or I would fuck you up," and/or called him, "mother fucker," or "bitch," and/or said to him, "I don't need no fucking badge; I don't need no fucking gun; I will beat your mother fucking ass, bitch," and/or "shut the fuck up," and/or "I'm not the one to fuck with, I'll tell you that right now, nigger," or said words to the effect of one or more of the above statements. Peter Kaschen was detained and/or in the back of a police car when Officer Troche-Vargas directed one or more of the above statements towards him. Officer Troche-Vargas thereby engaged in

   a. Any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department, in violation of Rule 2, and/or

   b. Failure to promote the Department's efforts to implement its policy or accomplish its goals, in violation of Rule 3, and/or

   c. Disrespect to or maltreatment of any person, while on or off duty, in violation of Rule 8, and/or

   d. Any unjustified verbal or physical altercation with any person, while on or off duty, in violation of Rule 9.

1

2. On or about June 28, 2019, at or around 2202 North Kimball Avenue, Chicago, Illinois, while on duty, Police Officer Jose Troche-Vargas failed to activate his body worn camera ("BWC") even though he was engaged in law-enforcement activity. Officer Troche-Vargas thereby engaged in

   a. Any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department, in violation of Rule 2,

   b. Failure to promote the Department's efforts to implement its policy or accomplish its goals, in violation of Rule 3, and/or

   c. Disobedience of an order or directive, whether written or oral (Special Order 03-14 Body Worn Cameras) in violation of Rule 6.

Based on the foregoing charges and specifications, the Superintendent recommends that Officer Jose Troche-Vargas, Star Number 6430, be separated from the Chicago Police Department.

David O. Brown
Superintendent of Police

APPROVED AS TO FORM

/s/ Hillina Taddesse Tamrat
HILLINA T. TAMRAT
Senior Counsel

FILED: September 22, 2021
POLICE BOARD
Case No. 21 PB 2998

2

HEARING 3
October 18, 2021

BEFORE THE POLICE BOARD
OF THE CITY OF CHICAGO

IN THE MATTER OF CHARGES      )
FILED AGAINST                 )Case No.
P.O. JOSE TROCHE-VARGAS.      )21PB2998
                              )


AUDIO CONFERENCE REPORT OF

PROCEEDINGS had at the status hearing in the

above-entitled matter before Mr. Michael Panter,

Hearing Officer, on October 18, 2021, at the hour

of 10:00 a.m.

- - - - - - - - - - - - - - -

 APPEARANCES:

    CITY OF CHICAGO
    DEPARTMENT OF LAW
    BY:  MS. HILLINA TAMRAT
         Two North LaSalle Street
         Suite 420
         Chicago, Illinois 60602,

             on behalf of the Superintendent;


     MR. ROBERT ARROYO,

             On behalf of the Respondent;

    POLICE BOARD OF THE CITY OF CHICAGO:
    EXECUTIVE DIRECTOR MAX CAPRONI


ALSO PRESENT:
    Officer Jose Troche-Vargas

HEARING 3
October 18, 2021

```
 1        HEARING OFFICER PANTER:  Good morning,

 2   everybody.  This is Hearing Officer Panter.  This

 3   is case 21 PB 2998, Police Officer Jose

 4   Troche-Vargas.  Starting with the Superintendent,

 5   do you want to identify yourself?

 6       MS. TAMRAT:  Good morning, everyone.  My

 7   name is Hillina Tamrat, T-A-M-R-A-T, on behalf of

 8   the Superintendent.

 9       HEARING OFFICER PANTER:  Thank you.

10       MS. TAMRAT:  And for the Respondent?

11       MR. ARROYO:  Rob Arroyo, A-R-R-O-Y-O,

12   attorney representing the Respondent, Jose

13   Troche-Vargas, who is also present.

14       HEARING OFFICER PANTER:  Thank you, Robert.

15   Thank you, Officer Troche-Vargas, for joining us.

16               So let me make sure that obviously

17   Officer Vargas has been served; is that right,

18   Robert?

19       MR. ARROYO:  Yes, with the charges and

20   allegations -- specifications and charge

21   allegations, he has.

22       HEARING OFFICER PANTER:  And appearances we

23   show have been entered for James Thompson, Tim

24   Grace, and you, Mr. Arroyo, right?
```

HEARING 3
October 18, 2021

1      MR. ARROYO:  That is correct.  And

2   production request has been served on the

3   Superintendent and the Police Board as well, and

4   I believe this morning we started receiving some

5   -- the timeline from the Superintendent and the

6   Superintendent's tender of the CR file.

7      HEARING OFFICER PANTER:  Great.  So you are

8   already getting the CR file?

9      MR. ARROYO:  Correct.

10      HEARING OFFICER PANTER:  Perfect.  So let me

11   cut to the Superintendent.  How long do you think

12   it will take to comply with the discovery,

13   Hillina?

14      MS. TAMRAT:  So we received the discovery

15   production request on Friday, so I would ask for

16   two weeks.

17      HEARING OFFICER PANTER:  Of course.  And the

18   timeline to finish that, same?

19      MS. TAMRAT:  The timeline has been filed

20   today and the CR has been tendered.  Both are

21   required under the Police Board's rules, and so

22   those two have been accomplished.  The only

23   remaining thing would be to respond to the

24   discovery -- separate discovery request that was

HEARING 3
October 18, 2021

```
 1   filed.
 2       HEARING OFFICER PANTER:  Do you think about
 3   14 days?
 4       MS. TAMRAT:  Let's make that three weeks, if
 5   I may.
 6       HEARING OFFICER PANTER:  Of course.  21
 7   days.
 8       MS. TAMRAT:  Okay.
 9       HEARING OFFICER PANTER:  And then the review
10   -- have the parties each received a review of
11   suspension and filing of charges?  For the
12   Superintendent, yes?
13       MR. ARROYO:  I don't believe so.
14       MS. TAMRAT:  I'm not sure, I guess, what the
15   question is exactly.
16       HEARING OFFICER PANTER:  Max?
17       EXECUTIVE DIRECTOR CAPRONI:  This is Max
18   Caproni.  I will send to the parties by e-mail
19   the review of the suspension of the officer that
20   was ordered by the Superintendent upon the filing
21   of charges.
22                We've had a hearing officer review
23   that.  I will send that report out.  And I'll
24   also send out to the parties the updated
```

1   complimentary and disciplinary histories that

2   were provided to us at the time the charges were

3   filed.

4       HEARING OFFICER PANTER:  Thanks, Max.  And

5   so then I would like to ask if both parties are

6   aware of the process for obtaining access to the

7   Respondent's complete disciplinary file,

8   Superintendent?

9       MS. TAMRAT:  Yes, your Honor.

10      HEARING OFFICER PANTER:  You are.  Okay.

11  Mr. Arroyo, yes?

12      MR. ARROYO:  Yes.

13      HEARING OFFICER PANTER:  Okay.  Well, is

14  there anything else -- does anybody -- for the

15  Respondent, Robert Arroyo, do you have any

16  motions contemplated at this time?

17      MR. ARROYO:  Yeah.  Sorry to say, at this

18  time I wouldn't be able to speak on that until we

19  receive and start to go through the CR file.  If

20  I could address that hopefully at the next -- at

21  our next date.

22      HEARING OFFICER PANTER:  Of course.  Sure.

23              For the Superintendent, can you

24  think of anything else to discuss now before we

1    set another status date, Hillina?

2        MS. TAMRAT:  Not for today.  Any other

3    things that we might have to do in this case I

4    think we can discuss at subsequent hearings.

5        HEARING OFFICER PANTER:  Okay.  And, Robert,

6    anything else we should discuss now before we set

7    another status date?

8        MR. ARROYO:  Not at present.  I think we're

9    okay for today.

10       HEARING OFFICER PANTER:  Okay.

11                   Just wondering, does anybody

12   contemplate experts?  Robert?  I know it is

13   early.

14       MR. ARROYO:  Not at the moment.

15       HEARING OFFICER PANTER:  Superintendent?

16       MS. TAMRAT:  Very unlikely.

17       HEARING OFFICER PANTER:  Max, anything else

18   we should discuss before setting another status

19   in 30 days?

20       EXECUTIVE DIRECTOR CAPRONI:  I think you

21   covered everything.  I have a few dates that I

22   can suggest for the status or you can go ahead,

23   either way.

24       HEARING OFFICER PANTER:  No, no, please.

1    EXECUTIVE DIRECTOR CAPRONI:  So we have a

2    couple of hearings scheduled the week of November

3    15th.  So I would suggest perhaps the -- a few

4    days either before Thanksgiving, the week of

5    November 22, or the week after that.

6       HEARING OFFICER PANTER:  Is the 15th okay

7    with you, Max, before I ask the parties?

8       EXECUTIVE DIRECTOR CAPRONI:  The week of the

9    15th I don't think is good.  I think at least one

10   of the counsel has another matter that's up for

11   hearing here at the Police Board that day.  So I

12   would think either the week of the 22nd, maybe

13   that week before Thanksgiving or the week of the

14   29th, which is right after Thanksgiving.

15      HEARING OFFICER PANTER:  Before I ask the

16   parties, Max, how does the 22nd look to you?

17      EXECUTIVE DIRECTOR CAPRONI:  22nd would be

18   fine for us.

19      HEARING OFFICER PANTER:  Hillina, what do

20   you say for 10:00 on the 22nd?

21      MS. TAMRAT:  I anticipate being out of the

22   office that week.

23      HEARING OFFICER PANTER:  Okay.  That's a bad

24   week for you.  So would you prefer, Hillina,

 1   after Thanksgiving?

 2        MS. TAMRAT:  Yes, please.

 3        HEARING OFFICER PANTER:  So would that be --

 4   Max, when would the next good date be for you?

 5        EXECUTIVE DIRECTOR CAPRONI:  We can do it

 6   Monday, Tuesday or Wednesday that week, the 29th,

 7   30th or December 1st.

 8        HEARING OFFICER PANTER:  Hillina, how is

 9   December 1st?

10        MS. TAMRAT:  That would work.

11        HEARING OFFICER PANTER:  Robert, how is

12   December 1st?

13        MR. ARROYO:  December 1st would work for the

14   Respondent.

15        HEARING OFFICER PANTER:  And, Officer, if

16   you choose to, we want you to be available.  You

17   don't have to, but if you'd like to, December

18   1st.

19        OFFICER TROCHE-VARGAS:  That would work

20   fine, sir.

21        HEARING OFFICER PANTER:  Max, setting this

22   for December 1st at 10:00 o'clock.

23        EXECUTIVE DIRECTOR CAPRONI:  Sounds good.

24        HEARING OFFICER PANTER:  Hillina, any old or

```
 1   new business before we adjourn?
 2        MS. TAMRAT:  No.  Thank you, your Honor.
 3        HEARING OFFICER PANTER:  Okay.  Robert, any
 4   old or new business before we adjourn?
 5        MR. ARROYO:  Thanks for asking.  Nothing at
 6   this time.
 7        HEARING OFFICER PANTER:  Okay.  So therefore
 8   we are adjourned.
 9             Again, Officer, thank you for
10   participating.  And we will talk to everybody on
11   December 1st at 10:00 o'clock.
12             If anything comes up in the
13   meantime, please contact Max.
14        MR. ARROYO:  Thank you.
15        HEARING OFFICER PANTER:  Thank you, Maureen.
16
17                  (WHEREUPON, the proceedings
18                  were adjourned at 10:12 a.m.)
19
20
21
22
23
24
```

```
 1    STATE OF ILLINOIS )
                        )  SS:
 2    COUNTY OF C O O K )

 3

 4          MAUREEN A. WOODMAN, C.S.R., being first

 5    duly sworn, says that she is a court reporter

 6    doing business in the City of Chicago; that she

 7    reported in shorthand the proceedings had at the

 8    hearing of said cause; that the foregoing is a

 9    true and correct transcript of her shorthand

10    notes, so taken as aforesaid, and contains all

11    the proceedings of said hearing.

12

13

14

15
                           MAUREEN A. WOODMAN,CSR
16                         License No. 084.002740

17

18

19

20

21

22

23

24
```

**BEFORE**
**THE POLICE BOARD**
**OF THE CITY OF CHICAGO**

In the Matter of Charges Against      )
                                         )

POLICE OFFICER JOSE TROCHE-VARGAS,   )     Case No.: 21 PB 2998
STAR NO. 6430                          )
                                         )

          *Respondent.*           )

**DISCOVERY PRODUCTION REQUESTS**

NOW COMES, the Respondent, POLICE OFFICER JOSE TROCHE-VARGAS, by and through his attorneys, GRACE & THOMPSON, and propounds the following Discovery Production Requests to the Superintendent of the City of Chicago:

1.    Any and all written statements made by the Respondent concerning the charges filed, which are within the custody and control of the Department of Police or any independent investigating agency that conducted the Complaint Register investigation pertaining to the charges filed against the Respondent, including but not limited to the Civilian Office of Police Accountability, the Office of the Inspector General, etc.

**Response:**

2.    Any and all oral statements made by the Respondent concerning the charges filed which have been reduced to writing or summaries of which have been reduced to writing which are within the custody and control of the Department of Police or any independent investigating agency.

**Response:**

3.    Any and all oral statements of the Respondent concerning the charges filed which have been in any way mechanically recorded and which are within the custody and control of the Department of Police or any independent investigating agency.

1

**Response:**

4.      Any and all written statements, recorded statements in their native format, transcripts of statements including but not limited to deposition transcripts and trial transcripts, or written summaries of statements made by Respondent, any and all witnesses, or persons purporting to be witnesses concerning the charges filed and/or the events giving rise thereto within the custody and control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago. For any requested statement known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said statements.

**Response:**

5.      Results and reports of physical and/or mental examinations, scientific tests, reconstructions or experiments made in connection with the particular case at issue which are within the custody and control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago. For any requested document known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said documents.

**Response:**

6.      Any and all evidence, including but not limited to expert opinion, within the custody or control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of

2

MONITOR00264856

Chicago which is favorable to the Respondent in terms of guilt or innocence to the charges filed against the Respondent.

**Response:**

7.      A true and complete unredacted copy of the complaint register and/or log file created and maintained by the Chicago Police Department regarding this investigation.

**Response:**

8.      Any and all documents, photographs, videos, reports, emails, correspondence, diagrams or other depictions regardless of form which depict or otherwise purport to illustrate the scene of the occurrence giving rise to the charges against Respondent or the parties or witnesses involved within the custody or control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago.  For any requested document known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said documents.

**Response:**

9.      A true and complete copy of Respondent Officer Jose Troche-Vargas' complete disciplinary file and complimentary and disciplinary history file maintained by the Chicago Police Department.

**Response:**

10.      A copy of any and all Chicago Police Department orders or Illinois Statutes intended to be used during the hearing in this matter.

**Response:**

MONITOR00264857

11.     A list of witnesses, including full legal name, known alias and contact information for each witness together with the subject matter of their testimony, the conclusions and opinions of each witness and the qualifications of each witness.

**Response:**

12.     Any and all news media, social media or other related reports relating to the charges against Respondent or the underlying occurrence giving rise to the charges filed against the Respondent within the custody or control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago.  For any requested document known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said documents.

**Response:**

13.     A complete list of all agencies known to have conducted some form of investigation relating to the charges alleged together with all documents produced or exchanged relating the occurrence giving rise to the charges and all correspondence within the possession and control of the Department of Police, the City of Chicago and all associated entities.  Please be advised this request includes but is not limited to the Independent Police Review Authority, Civilian Office of Police Accountability, Department of Police, Office of the Cook County State's Attorney, Cook County Medical Examiner, Illinois State Police Crime Lab and/or Forensic Section, and the Illinois State's Attorneys Appellate Prosecutor's Office.

**Response:**

4

MONITOR00264858

14.     Any and all correspondence, contact and attempts to contact any party or witness by and between the City of Chicago and all related entities and departments within the City of Chicago including but not limited to the Superintendent of Police of the City of Chicago, Civilian Office of Police Accountability/IPRA, Bureau of Internal Affairs, and any and all other related entities regarding the incident as alleged under this Log number.

**Response:**

Respectfully Submitted,

/s/ Robert Ryan Arroyo
*Attorneys for Respondent, Jose Troche-Vargas*

Timothy M. Grace (connorgrace@aol.com)
James E. Thompson (jthompson@ggtlegal.com)
Robert Ryan Arroyo (robarroyo@ggtlegal.com)
GRACE & THOMPSON
311 W. Superior St., Ste. 215
Chicago, Illinois 60654
P:  (312) 943-0600
F:  (312) 943-7133

5

MONITOR00264859

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that on this **15th day of October 2021**, I caused copies of this **CERTIFICATE OF SERVICE** and accompanying **PRODUCTION REQUESTS TO THE SUPERINTENDENT FROM RESPONDENT JOSE TROCHE-VARGAS** to be sent to the above listed parties at their listed addresses via electronic mail:

Jazmyne Rollins (via email jazmyne.rollins@cityofchicago.org)
Chicago Police Board
2 North LaSalle St., M800
Chicago, IL 60602

Hillina T. Tamrat (via email Hillina.Tamrat@cityofchicago.org)
City of Chicago Department of Law
2 N. LaSalle St., Ste. 660
Chicago, IL 60602


Date: October 15, 2021                    Signed: _/s/ Robert Ryan Arroyo_____
                                          _Attorneys for Respondent, Jose Troche-Vargas_


Attorneys for Respondent Jose Troche-Vargas
Timothy M. Grace (connorgrace@aol.com)
James E. Thompson (jthompson@ggtlegal.com)
Robert Ryan Arroyo (robarroyo@ggtlegal.com)
GRACE & THOMPSON
311 W. Superior St., Ste. 215
Chicago, Illinois 60654
P: (312) 943-0600
F: (312) 943-7133

6

                                                      MONITOR00264860

# BEFORE THE POLICE BOARD
## OF
# THE CITY OF CHICAGO

IN THE MATTER OF CHARGES    )
AGAINST                         )
                                    )     **Case No. 21 PB 2998**
                                    )
OFFICER JASON TROCHE-VARGAS,    )
                                    )
                **Respondent.**     )

## NOTICE OF FILING

To:    Timothy M. Grace
        James E. Thompson
        Robert Ryan Arroyo
        311 W. Superior St., Ste. 215
        Chicago, IL 60654
        connorgrace@aol.com
        jthompson@ggtlegal.com
        robarroyo@ggtlegal.com

PLEASE TAKE NOTICE that I caused to be filed via electronic mail with the Police Board of the City of Chicago the attached **Superintendent's Response to Discovery Production Requests** on November 30th, 2021.

                By:    */s / Hillina Taddesse Tamrat*
                          HILLINA T. TAMRAT

## CERTIFICATE OF SERVICE

I, Hillina T. Tamrat, hereby certify that I caused copies of both this notice of filing and the **Superintendent's Response to Discovery Production Requests** to be emailed to the attorney above on November 30th, 2021.

                          Respectfully submitted,

                          Celia Meza
                          Corporation Counsel of the City of Chicago

                By:    */s / Hillina Taddesse Tamrat*
                          HILLINA T. TAMRAT
                          Senior Counsel

2 North LaSalle Street, Suite 660
Chicago, Illinois 60602
(312) 744-3447
hillina.tamrat@cityofchicago.org

1

**BEFORE THE POLICE BOARD**
**OF**
**THE CITY OF CHICAGO**

| | | |
|---|---|---|
| IN THE MATTER OF CHARGES | ) | |
| AGAINST | ) | |
| | ) | **Case No. 21 PB 2998** |
| **OFFICER JASON TROCHE-VARGAS,** | ) | |
| | ) | |
| Respondent. | ) | |

## SUPERINTENDENT'S RESPONSE TO DISCOVERY PRODUCTION REQUESTS

NOW COMES the Superintendent of Police of the City of Chicago, David O. Brown, by his attorney, Celia Meza, Corporation Counsel of the City of Chicago, and files the following response to Respondent's discovery request:

1.     Any and all written statements made by the Respondent concerning the charges filed, which are within the custody and control of the Department of Police or any independent investigating agency that conducted the Complaint Register investigation pertaining to the charges filed against the Respondent, including but not limited to the Civilian Office of Police Accountability, the Office of the Inspector General, etc.

**RESPONSE:** Please see Log Number 2019-0002386, which was tendered on October 18, 2021.

2.     Any and all oral statements made by the Respondent concerning the charges filed which have been reduced to writing or summaries of which have been reduced to writing which are within the custody and control of the Department of Police or any independent investigating agency.

**RESPONSE:** Please see Log Number 2019-0002386, which was tendered on October 18, 2021.

3.     Any and all oral statements of the Respondent concerning the charges filed which have been in any way mechanically recorded and which are within the custody and control of the Department of Police or any independent investigating agency.

2

**RESPONSE:** Please see Log Number 2019-0002386, which was tendered on October 18, 2021.

4.      Any and all written statements, recorded statements in their native format, transcripts of statements including but not limited to deposition transcripts and trial transcripts, or written summaries of statements made by Respondent, any and all witnesses, or persons purporting to be witnesses concerning the charges filed and/or the events giving rise thereto within the custody and control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago. For any requested statement known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said statements.

**RESPONSE:** Respondent objects to this request as vague and beyond the discovery provisions of the Police Board Rules of Procedure. Respondent further objects that the Police Board Rules of Procedure do not provide for interrogatories. Subject to and without waiving any objections, please see Log Number 2019-0002386, which was tendered on October 18, 2021.

5.      Results and reports of physical and/or mental examinations, scientific tests, reconstructions or experiments made in connection with the particular case at issue which are within the custody and control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago. For any requested document known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said documents.

**RESPONSE:** Respondent objects to this request as beyond the discovery provisions of the Police Board Rules of Procedure. Respondent further objects that the Police Board Rules of Procedure do

3

not provide for interrogatories. Subject to and without waiving any objections, please see Log Number 2019-0002386, which was tendered on October 18, 2021.

6.     Any and all evidence, including but not limited to expert opinion, within the custody or control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago which is favorable to the Respondent in terms of guilt or innocence to the charges filed against the Respondent.

**RESPONSE:** Upon information and belief, Respondent is not aware of any expert opinion in this matter. Please see Log Number 2019-0002386, which was tendered on October 18, 2021.

7.     A true and complete unredacted copy of the complaint register and/or log file created and maintained by the Chicago Police Department regarding this investigation.

**RESPONSE:** Please see Log Number 2019-0002386, which was tendered on October 18, 2021. The undersigned states, upon information and belief, that the customary redactions of social security numbers, employee numbers and dates of birth would have been made from the Log Number 2019-0002386 tendered on October 18, 2021.

8.     Any and all documents, photographs, videos, reports, emails, correspondence, diagrams or other depictions regardless of form which depict or otherwise purport to illustrate the scene of the occurrence giving rise to the charges against Respondent or the parties or witnesses involved within the custody or control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago. For any requested document known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said documents.

4

**RESPONSE:** Respondent objects to this request as beyond the discovery provisions of the Police Board Rules of Procedure. Respondent further objects that the Police Board Rules of Procedure do not provide for interrogatories. Subject to and without waiving any objections, please see Log Number 2019-0002386, which was tendered on October 18, 2021.

9.       A true and complete copy of Respondent Officer Jose Troche-Vargas' complete disciplinary file and complimentary and disciplinary history file maintained by the Chicago Police Department.

**RESPONSE:** Respondent objects to this request as beyond the discovery provisions of the Police Board Rules of Procedure. Subject to and without waiving any objections, please see Log Number 2019-0002386, which was tendered on October 18, 2021; documents provided by Executive Director Max Caproni to both parties on October 18, 2021; and the four-page document that is being tendered to counsel with this response to discovery.

10.       A copy of any and all Chicago Police Department orders or Illinois Statutes intended to be used during the hearing in this matter.

**RESPONSE:** Respondent objects to this request as beyond the discovery provisions of the Police Board Rules of Procedure. Subject to and without waiving any objections, please see Log Number 2019-0002386, which was tendered on October 18, 2021. Any additional documents will be tendered in time for the pre-hearing conference pursuant to the Board's Rules of Procedure.

11.       A list of witnesses, including full legal name, known alias and contact information for each witness together with the subject matter of their testimony, the conclusions and opinions of each witness and the qualifications of each witness.

**RESPONSE:** Respondent objects to this request as beyond the discovery provisions of the Police Board Rules of Procedure. Subject to and without waiving any objections, please see Log Number

5

MONITOR00264865

2019-0002386, which was tendered on October 18, 2021. Any additional information will be provided in time for the pre-hearing conference pursuant to the Board's Rules of Procedure.

12.     Any and all news media, social media or other related reports relating to the charges against Respondent or the underlying occurrence giving rise to the charges filed against the Respondent within the custody or control of the Department of Police, Civilian Office of Police Accountability, Independent Police Review Authority or any other known division or department of the City of Chicago. For any requested document known by the Superintendent of Police to exist but which is not within the custody or control of any of the aforementioned entities please provide the contact information for the person(s) or entity(s) believed to be in custody and control of said documents.

**RESPONSE:** Respondent objects to this request as beyond the discovery provisions of the Police Board Rules of Procedure. Respondent further objects that the Police Board Rules of Procedure do not provide for interrogatories. Subject to and without waiving any objections, please see Log Number 2019-0002386, which was tendered on October 18, 2021.

13.     A complete list of all agencies known to have conducted some form of investigation relating to the charges alleged together with all documents produced or exchanged relating the occurrence giving rise to the charges and all correspondence within the possession and control of the Department of Police, the City of Chicago and all associated entities. Please be advised this request includes but is not limited to the Independent Police Review Authority, Civilian Office of Police Accountability, Department of Police, Office of the Cook County State's Attorney, Cook County Medical Examiner, Illinois State Police Crime Lab and/or Forensic Section, and the Illinois State's Attorneys Appellate Prosecutor's Office.

**RESPONSE:** Respondent objects to this request as beyond the discovery provisions of the Police Board Rules of Procedure. Respondent further objects that the Police Board Rules of Procedure do

6

MONITOR00264866

not provide for interrogatories. Subject to and without waiving any objections, please see Log Number 2019-0002386, which was tendered on October 18, 2021.

14.     Any and all correspondence, contact and attempts to contact any party or witness by and between the City of Chicago and all related entities and departments within the City of Chicago including but not limited to the Superintendent of Police of the City of Chicago, Civilian Office of Police Accountability/IPRA, Bureau of Internal Affairs, and any and all other related entities regarding the incident as alleged under this Log number.

**RESPONSE:** Respondent objects to this request as beyond the discovery provisions of the Police Board Rules of Procedure. Respondent objects that the Police Board Rules of Procedure do not provide for interrogatories. Respondent further objects to this request to the extent it seeks information protected by the attorney work product doctrine, the deliberative process privilege, or another applicable privilege. Subject to and without waiving any objections, please see Log Number 2019-0002386, which was tendered on October 18, 2021.

Respectfully submitted,

Celia Meza
Corporation Counsel of the City of Chicago

By:     /s/ Hillina Taddesse Tamrat
        HILLINA T. TAMRAT
        Senior Counsel
        2 North LaSalle Street, Suite 660
        Chicago, Illinois 60602
        (312) 744-3447
        hillina.tamrat@cityofchicago.org

7