# Exhibit 6



**City of Chicago**
**Brandon Johnson, Mayor**

**Department of Law**
**Mary Richardson-Lowry,**
**Corporation Counsel**

**121 North LaSalle Street**
**Suite 600**
**Chicago, Illinois 60602**
**(312) 744-0220**
**(312) 744-5185 fax**

www.cityofchicago.org

October 13, 2023

Independent Monitoring Team
c/o Maggie Hickey, Independent Monitor
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Maggie.Hickey@afslaw.com

Office of the Attorney General of Illinois
c/o Christopher Wells, Chief of Public Interest Division
100 West Randolph Street, 12th Floor
Chicago, IL 60601
Christopher.Wells@ilag.gov

**VIA EMAIL**

    **RE:**    *State of Illinois v. City of Chicago*, **17 cv 6260**
              **Response to Conditional No Objection Notices**
              **regarding CPD BWC Policy (S03-14)**

*The City requests that the entirety of this production be afforded confidential treatment under the Freedom of Information Act ("FOIA"), 5 U.S.C. Section 552, the Illinois Freedom of Information Act, 5ILCS 140/1 and other applicable law, rule or regulation. As the production of these materials is subject to the confidentiality orders entered in the above-captioned case, such production is not intended to, and does not, waive any applicable privilege, work product protection or other legal protection. Any transmission of protected information shall be considered inadvertent and covered by the Order of the District Court under Federal Rule of Evidence 502(d). Finally, the materials may contain confidential information covered by the Illinois Juvenile Court Act, which are being provided subject to the requirements of Administrative Special Order 19-04 entered by the Circuit Court of Cook County, Illinois, on April 25, 2019.*

IMT and OAG:

        On June 15, 2023, the City and CPD produced the latest draft of CPD's Body Worn Camera Policy (S03-14) and related documents. The OAG and IMT provided written comments to the City on July 26, 2023, and August 6, 2023, respectively. In addition to the written comments, both the IMT and OAG requested a meeting to discuss the policy revisions and timelines. On August 25, 2023, the City submitted a written response to certain comments made by the IMT and OAG. On September 12, 2023, during the IMT's site visit, members of the IMT, CPD, and the OAG met to discuss the outstanding issues related to S03-14. Following that discussion, the IMT provided a "Conditional No Objection" to the policy on October 5, 2023. On October 6, 2023, the OAG provided a "Conditional No Objection" to the policy. Neither "Conditional No Objection

Notice" resolved the outstanding issues raised by the IMT and OAG and the City's written responses. One of the conditions raised by the IMT was that the City continue to work with the OAG to resolve the outstanding issue related to the "Public Safety Questions." One of the conditions raised by the OAG was that the City present the "Public Safety Question" issue to the Court at the scheduled November status hearing. Based upon these conditions, the City believes that outstanding objections exist regarding the policy that require resolution by the IMT under the Consent Decree.

Consent Decree paragraphs 627 – 630 set forth the process by which CPD policy is to be reviewed by the IMT and OAG and the process to be followed to resolve identified objections. Specifically, Consent Decree paragraph 630 states the following:

> In the event the Monitor or OAG provides an objection notice, the Monitor will convene the Parties and attempt to resolve the identified objections within 30 days of the objection notice being received by the City ("workout period"). The Monitor will issue a proposed resolution of remaining objections in writing at the conclusion of the workout period. If either Party disagrees with the Monitor's resolution of an objection, either Party may ask the Court to resolve such dispute. Subject to the limited extraordinary circumstances exception set out below, CPD will not publish or implement new or revised policies or procedures required by this Agreement until the Monitor and OAG have reviewed and commented on such policies or procedures, or until the workout period and related resolution processes have occurred.

The City and CPD believe that the meeting requirement of paragraph 630 occurred on September 12, 2023 during the site visit. At this time, the City and CPD request that the IMT issue a proposed resolution of the remaining objections as dictated by paragraph 630.

The City and CPD recognize the importance of implementing an updated BWC policy as expeditiously as possible and appreciate the time and attention that the IMT and OAG have put into reviewing this policy to allow for the implementation of S03-14 as soon as possible. Because of the importance of this policy to Department Members and the public, the City and CPD wish to move on parallel tracks of resolving the outstanding issues pursuant to paragraph 630 and posting the existing version of the policy for public comment so that the policy can be implemented before the end of the year.

Please feel free to contact me with any questions or concerns.

Sincerely,

*/s/ Jennifer K. Bagby*
Deputy Corporation Counsel
City of Chicago Department of Law
Public Safety Reform Division