# Exhibit 8



**City of Chicago**
**Brandon Johnson, Mayor**

**Department of Law**
**Mary Richardson-Lowry,**
**Corporation Counsel**

121 North LaSalle Street
Suite 600
Chicago, Illinois 60602
(312) 744-0220
(312) 744-5185 fax

www.cityofchicago.org

August 25, 2023

Independent Monitoring Team
c/o Maggie Hickey, Independent Monitor
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Maggie.Hickey@afslaw.com

Office of the Attorney General of Illinois
c/o Christopher Wells, Chief of Public Interest Division
100 West Randolph Street, 12th Floor
Chicago, IL 60601
Christopher.Wells@ilag.gov

**VIA EMAIL**

    **RE:**    ***State of Illinois v. City of Chicago*, 17 cv 6260**
                  **<span style="color:red">Response to Comments regarding CPD BWC Policy</span>**
                  **<span style="color:red">(S03-14)</span>**

***The City requests that the entirety of this production be afforded confidential treatment under the Freedom of Information Act ("FOIA"), 5 U.S.C. Section 552, the Illinois Freedom of Information Act, 5 ILCS 140/1 and other applicable law, rule or regulation. As the production of these materials is subject to the confidentiality orders entered in the above-captioned case, such production is not intended to, and does not, waive any applicable privilege, work product protection or other legal protection. Any transmission of protected information shall be considered inadvertent and covered by the Order of the District Court under Federal Rule of Evidence 502(d). Finally, the materials may contain confidential information covered by the Illinois Juvenile Court Act, which are being provided subject to the requirements of Administrative Special Order 19-04 entered by the Circuit Court of Cook County, Illinois, on April 25, 2019.***

IMT and OAG:

On June 15, 2023, the City and CPD produced the latest draft of CPD's Body Worn Camera Policy (S03-14) and related documents. The OAG and IMT provided written comments to the City on July 26, 2023, and August 6, 2023, respectively. In addition to the written comments, both the IMT and OAG requested a meeting to discuss the policy revisions and timelines. On August 9, 2023, the City responded that a meeting would be beneficial but indicated that a written response to certain IMT and OAG comments was necessary in order for the meeting to be productive. The City writes now to provide those written responses to the IMT and OAG comments.

121 NORTH LASALLE STREET * SUITE 600
CHICAGO, ILLINOIS 60602
Jenifer.Bagby@CityofChicago.Org (312)742-6408

**History of CPD's S03-14 (Body Worn Cameras) Productions**

On November 20, 2020, the City and CPD produced the then current versions of S03-14 and S03-05 (In-Car Video Systems) solely to address the requirements of Consent Decree paragraph 576, which sets forth requirements for random audits of body-worn and in-car camera recordings. (*See* Monitor 576). The OAG provided comments to this production on December 23, 2020.

On April 28, 2021, the City and CPD produced the updated draft of S03-14 to the IMT and OAG for review and comment towards preliminary compliance with Consent Decree paragraphs 58, 236 – 241, 451, and 576. (*See* MONITOR 845). The OAG and IMT provided written comments to S03-14 on May 26, 2021, and May 28, 2021, respectively.

On May 19, 2022, the City and CPD produced an updated draft S03-14 as well as responses to the IMT and OAG comments from May 2021. (*See* MONITOR 1339). The OAG and IMT provided written comments to the May 2022 S03-14 draft on June 16, 2022, and August 22, 2022, respectively.

On November 17, 2022, the CPD produced CPD's updated draft of S03-14 which included revisions based upon the previous IMT and OAG comments as well as written responses to those comments. (*See* CPD 1158). The OAG and IMT provided responses to this draft of S03-14 on December 9, 2022, and December 31, 2022, respectively.

On June 15, 2023, the City and CPD produced the latest revised draft of S03-14 which included revisions and responses to the IMT and OAG comments. As this was the fifth production of a draft of this policy, the City requested any written responses by July 3, 2023. (*See* MONITOR 1584). The OAG provided written comments to the City on July 26, 2023, (42 days after submission) and the IMT provided written comments to the City on August 6, 2023 (52 days after submission). Neither the IMT nor OAG requested additional time for review of this latest submission of S03-14.

**Responses to Certain IMT and OAG Comments**

The written responses received from the OAG and IMT in July and August 2023 contain comments the City believes are inaccurate statements of the law or misleading description of CPD's efforts to provide guidance to its officers concerning Body-Worn Cameras.

***OAG Comment***

The OAG's comment letter from July 26, 2023, contains the following:

> As OAG has previously requested, please delete and/or revise Section V.B.2 of this directive related to the deactivation of body-worn camera equipment when officers respond to public safety questions during a public safety investigation for an incident involving a firearm discharge and/or officer-involved death.

> Paragraph 238(b) of the Consent Decree requires CPD to implement a policy that requires officers "to activate their cameras when responding to calls for service and during all law enforcement-related activities that occur while on duty, and to continue recording until the conclusion of the incident(s)." The Illinois Law Enforcement Officer Worn Body Camera Act

defines law enforcement-related activities broadly. These activities include stops, searches, pursuits, interrogations, investigations, and "any other instance in which the officer is enforcing the laws of the municipality, county or state."

50 ILCS 706/10-10. Moreover, the purpose of a public safety statement is to gather information in the immediate aftermath of an incident to determine whether further law enforcement action is necessary (e.g., whether there are suspects to pursue, ongoing threats, basis for charges, etc.). State law and the Consent Decree do not support an exception to the requirement that an officer record an ongoing law enforcement related activity.

**Response:**

As the OAG notes in the comment, the Illinois Law Enforcement Officer Worn Body Camera Act ("Act") (50 ILCS 706 / 10-1 et seq) sets forth the requirements for when an officer's body worn camera must be turned on: "Cameras must be turned on at all times when the officer is in uniform and is ***responding to calls for service or engaged in any law-enforcement related encounter or activity*** that occurs while the officer is on duty." 50 ILCS 706/10-20(A)(3) (West 2022) (emphasis added). In addition to specifying when a body worn camera must be turned on, the Act also specifies what constitutes a law-enforcement related encounter or activity, stating:

> "Law enforcement-related encounters or activities" include, but are not limited to, traffic stops, pedestrian stops, arrests, searches, interrogations, investigations, pursuits, crowd control, traffic control, non-community caretaking interactions with an individual while on patrol, or any other instance in which the officer is enforcing the laws of the municipality, county, or State. **"Law enforcement-related encounter or activities" does not include when the officer is completing paperwork alone, is participating in training in a classroom setting, or is only in the presence of another law enforcement officer.**

50 ILCS 706/10-10 (emphasis added). Based upon the plain language of the Act, the public safety questions by one officer to another do not meet the definition of law enforcement-related encounters or activities and an officer's camera is not required to be turned on during the public safety questions. Accordingly, CPD's policy is consistent with applicable Illinois law.

*IMT Comment*

The IMT's comment letter from August 6, 2023, states that "[t]he CPD has not updated its Body Worn Cameras policy since April 2018." This statement fails to recognize CPD's efforts regarding this policy. As described above, CPD as produced, revised, and re-produced this policy five (5) times to the IMT and OAG in addition to the innumerable discussions among the City, CPD, IMT, OAG and the Court including but not limited to the policy, distribution of equipment and their use, and access to recordings and related issues, questions and concerns. The IMT's statement also fails to recognize CPD's ongoing updates to its procedures related to body-worn cameras and to promptly inform its members of changes to procedure related to body-worn cameras through legal and training updates. These efforts are summarized below:

AMCs / Legal Bulletins:

1. On January 20, 2021, a Bureau of Patrol Announcement (BOP) was issued to all Department members with the following message:

   *Department Members will activate the BWC system to event mode at the beginning of an incident and will record the entire incident for all law enforcement related activities. Law enforcement related activities include but are not limited to: arrests, traffic stops, investigatory stops, any encounter with the public that becomes adversarial after initial contact, searches of people, items vehicles, buildings & places, and any other instances when enforcing the law. S03-14 III.A.2 has a non exhaustive list of incidents where Department Members will activate their BWC. Please refer to the entire Special Order 03-14 for additional guidance on this policy. To be read at roll call for seven (7) days.*

2. On June 30, 2021, an AMC message was issued to all Department members by the Office of Legal Affairs (OLA) along with a Legislative Update. The AMC contained the following message:

   *This message informs Department members of selected revisions/additions to the Illinois Compiled Statutes. It only provides a brief synopsis (see attached) of the selected revisions/additions and does not provide statutory text. The effective date of the selected revisions/additions to the Illinois Compiled Statutes is 01 July 2021. For the actual statutory language, go to www.ilga.gov. If there are any questions, call the Legal Affairs Division at 312-745-6115 or PAX 0245. To be read at roll call for five (5) consecutive days.*

   Among the updates were changes related to Body Worn Cameras.

3. Also on June 30, 2021, an AMC message was issued to all Department members along with an R&D update that specifically addressed the changes to BWC policy and procedure based upon the SAFE-T Act, which was effective July 1, 2021. The AMC contained the following message:

   *Department members are informed that Public Act 101-0652 titled the SAFE-T Act (Safety, Accountability, Fairness and Equity – Today), provides for a number of changes to the criminal justice systems in Illinois. Additionally, Public Act 102-0028 revised the SAFE-T Act and delays a number of the provisions that will be implemented over a number of years. However, the Department has identified specific topics that require immediate revisions to Department policy beginning 01 July 2021. Department members and supervisors will ensure compliance with the provisions of the law. The attached Update: R&D is a summary of the revisions required to Department policies based on the 01 July 2021 implementation of the SAFE-T Act. Revised directives in the Department Directives System will be forthcoming. \*\*\* NOTE: As a result of these changes, the Body Worn Camera Program eLearning that many members were recently enrolled in will need to be updated to conform with the new law. Therefore, the eLearning will be temporarily unavailable. Any portions of the eLearning viewed by Department members that conflict with the attached document or the SAFE-T*

5

*ACT should be disregarded. \*\*\* To be posted in the C.O. book and read at roll call for seven consecutive days.*

4. On February 23, 2023, an AMC message was issued to all Department members, containing the following:

> *In accordance with Special Order S03-14, Department members will securely attach their Body Worn Cameras (BWC) to the front of their person consistent with training and ensure the BWC is on buffering mode prior to leaving the station. Department members must ensure their BWC remains on and in buffering mode throughout the entirety of their tour of duty except for appearances at court or hearings (S03-14 IV.A.3). Per the Law Enforcement Officer-Worn Body Camera Act (50 ILCS 706/10-20.a.3), "Cameras must be turned on at all times when the officer is in uniform and is responding to calls for service or engaged in any law enforcement-related encounter or activity that occurs while the officer is on duty." Knowingly and intentionally failing to activate your BWC may result in Class 3 Felony charges Please refer to Special Order S03-14 and 50 ILCS 706 for further guidance. To be read at roll call for seven (7) days.*

A link to the Law Enforcement Officer-Worn Body Camera Act (50 ILCS 706) was also provided.

5. On April 7, 2023, an AMC message was issued to all Department members along with a Body Worn Camera update from OLA. The AMC contained the following:

> *Members should re-familiarize themselves with the notification requirements found in General Orders 03-01-01 (Radio Communications) and 04-01 (Preliminary Investigations). Proper notifications to dispatch are necessary to ensure officer safety and accountability when responding to calls or incidents. Proper notifications also allow OEMC to assign the appropriate Event number to responding officers, which is critical for ensuring that captured BWC footage is properly tagged to an Event. Mislabeling or failing to properly tag BWC video to an Event may jeopardize investigations and prosecutions, as well as prevent members and the Department from preserving necessary evidence and records. Use these tips to help ensure videos will be matched with the proper event: ·Activate your BWC when assigned to a call, as required by Special Order S03-14· If you are assisting on a call notify dispatch that you are providing back up and have them place you on the event. · If there is a change in your beat number or car number, ensure the A&A's are changed to reflect the correct information. · If more than one beat is assigned to the same car (i.e. Tact), then all beats need to be assigned to each event. · For self-initiated activity, obtain an event number from OEMC. \*\*TO BE READ AT ROLL CALL FOR 7 CONSECUTIVE DAYS\*\**

Training – Mandatory eLearnings and Streaming Videos to reflect changes to law and policy:

1. AMC message issued on June 18, 2021 related to BWC eLearning for Detectives

6

2. AMC message issued on June 25, 2021 related to BWC eLearning for Department members
3. AMC message issued on July 2, 2021 related to BWC eLearning for Department members
4. AMC message issued on January 24, 2022 related to BWC eLearning and streaming video
5. AMC message issued March 31, 2022 related to BWC streaming video.

Accordingly, the IMT's remark that CPD has not updated the BWC policy since April 2018 is incorrect and misleading, is inappropriate as part of the 627 process, and deso not foster collaborative engagement between CPD, the IMT, and the OAG.

The City and CPD look forward to meeting to discuss finalizing this suite of policies. The City and CPD propose using the BWC Policy meeting set for September 12, 2023, during the IMT's site visit as the first meeting to discuss this policy. If this is acceptable to the IMT and OAG, the City and CPD request that the IMT and OAG confirm what specific topics they wish to discuss so that CPD can ensure the appropriate individuals are in attendance. If this date does not work, we request that the IMT and OAG please suggest dates for the requested meeting.

Please feel free to contact me with any questions or concerns.

Sincerely,

*/s/ Jennifer K. Bagby*
Deputy Corporation Counsel
City of Chicago Department of Law
Public Safety Reform Division