UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STATE OF ILLINOIS,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF CHICAGO,<br><br>    Defendant. | Case No. 17-cv-6260<br><br>Hon.. Rebecca R. Pallmeyer |

### NOTICE OF THE COALITION'S INTENT TO
### INITIATE ENFORCEMENT PROCEEDINGS

  In anticipation of the upcoming Democratic National Convention ("DNC") in August 2024, the Chicago Police Department has released a draft Coordinated Multiple Arrest Policy Suite (Special Orders S06-06X – S06-06-03XX) (the "mass arrest policy"), which governs CPD's "response to crowds, protests, and civil disturbances." S06-06X, Sec. I. CPD's mass arrest policy violates numerous provisions of the Consent Decree and insufficiently protects protesters' First Amendment rights.

  Specifically, the mass arrest policy violates the provisions of the Consent Decree (¶¶ 217-19, 228-35, 571(h), 574-75) regarding use of force reporting and investigations. It fails to comply with Consent Decree provisions on impartial policing (¶¶ 50-51) and sanctity of life (¶¶ 156, 163). It fails to comply with statutory and Consent Decree requirements for providing disability and language accommodations (¶¶ 64, 68-69). Further, CPD violated the Consent Decree's community engagement requirements applicable to this policy (¶ 633).

  Equally concerning, the mass arrest policy eviscerates protections required by the First Amendment, the Consent Decree, and CPD's existing First Amendment policy to protect people

1

engaged in First Amendment expression and activity. It fails to, *inter alia*, (1) provide adequate guidance regarding when CPD can declare a "coordinated multiple arrest" incident directed toward protesters; (2) prohibit officers from arresting protesters unless they pose an immediate danger to other people or to property; (3) prohibit retaliatory arrests; (4) prohibit "kettling" and use of canines against protesters in all circumstances; and (5) require individualized probable cause before authorizing mass arrests.

For these reasons, pursuant to ¶ 709 of the Consent Decree, the Coalition, the group of organizations that represents Chicago's communities most affected by abusive policing, has requested by letter dated today that the City engage in expedited settlement talks to revise the mass arrest policy and ensure compliance with the U.S. Constitution, the Consent Decree, CPD's First Amendment policy, and best practices. Ex. 1. Should the City refuse, the Coalition will file an emergency enforcement action.

The urgency of this matter cannot be overstated. CPD's failures during the summer of 2020 protests are well documented, including through a report submitted by the the Independent Monitoring Team in this case (Doc. 964). In 2020, CPD officers consistently targeted protesters with unlawful, retaliatory, and lethal force. Officers' animus against protesters was unmistakable. They regularly referred to protesters with terms that are vile, misogynistic, and anti-gay. CPD's abusive, unlawful response to the 2020 protests—including its practices of striking people in the head when unprovoked and in an indiscriminate manner and using chemical restraints (*i.e.*, tear gas and pepper spray) on peaceful crowds—places DNC protesters at great risk of serious injury and even death in August 2024.

Consent Decree ¶ 695 provides that, under normal circumstances, the Coalition cannot initiate enforcement proceedings until the expiration of a 90-day cure period. Given the serious

threat that CPD's mass arrest policy poses to protesters—and the need to train officers in advance of the DNC—this policy cannot remain unchallenged for 90 days.

Ideally, the Coalition and the City will work collaboratively to redress the serious deficiencies in the mass arrest policy. But should efforts at a mutually amicable resolution fail, the Coalition will be forced to request emergency relief from this Court.

DATED: March 13, 2024                    Respectfully Submitted,

/s/ Joshua M. Levin
Alexandra K. Block (ablock@aclu-il.org)
Michelle T. García (mgarcia@aclu-il.org)
Joshua M. Levin (jlevin@aclu-il.org)
Roger Baldwin Foundation of ACLU, Inc.
150 N. Michigan Ave., Suite 600
Chicago, IL 60601
(312) 201-9740

Amanda Antholt (amanda@equipforequality.org)
Ruben Bautista (ruben@equipforequality.org)
Equip for Equality
20 N. Michigan Ave., Suite 300
Chicago, IL 60602
(312) 341-0022

Sheila A. Bedi (sheila.bedi@law.northwestern.edu)
Community Justice and Civil Rights Clinic
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611-3609
312-503-2492

Craig B. Futterman (futterman@uchicago.edu)
Mandel Legal Aid Clinic
University of Chicago Law School
6020 S. University Ave.
Chicago, IL 60637
(773) 702-9611

**Counsel for the Coalition**