**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **STATE OF ILLINOIS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 C 6260 |
| | ) | |
| **CITY OF CHICAGO,** | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |

**ORDER**

The City is directed, within seven days, to provide further information concerning officers' use of the Sig Sauer P320, as explained below.

**STATEMENT**

The Fraternal Order of Police Lodge No.7 (the "Lodge") has moved for leave to intervene in this case to ensure compliance with Paragraphs 156(a), 298, 379, and 491 of the Consent Decree. Those paragraphs, among other things, call on the City to ensure that Chicago Police Officers are equipped with equipment that is safe and effective. The motion was prompted by the Lodge's concerns about potential safety hazards posed by the use of the Sig Sauer P320 firearm, then in use by a large number of Chicago Police officers. The Lodge initially sought collective bargaining over this issue but filed its motion when it learned that the City did not intend to remove the P320 firearm immediately from service.

On August 15, 2025, the court ordered the City to provide information about this matter, specifically (a) the number of officers who have not yet submitted evidence that they have obtained a replacement firearm and (b) whether officers who have not yet taken this step are still on duty. The affidavit submitted by the City in response [1335] does not fully answer these questions. In his September 15, 2025 affidavit, Sergeant Wasim M. Said stated that 780 officers are still waiting for their weapons; specifically, that 780 officers have purchased replacement guns but are not yet using them "due to holster availability or schedule firearm pickups," meaning, as the court understands Sgt. Said, that these 780 officers may still be carrying the P320 on active duty.

The Lodge contends that any officer who is in possession of an alternative weapon that meets appropriate standards should be required immediately to use that alternative weapon. The court agrees and directs the City, within seven days, to provide further information, specifically: (1) how many officers are currently carrying the P320 while on active duty; and, if the answer is greater than zero, (2) when all CPD officers will cease the use of the P320 while on duty. If officers are indeed still armed with the Sig Sauer P320, the court directs the City to confirm, by way of a further affidavit, when it is clear that no officers are carrying the P320 on active duty.

ENTER:

Dated: September 30, 2025

_____
REBECCA R. PALLMEYER
United States District Judge