IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STATE OF ILLINOIS<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO,<br><br>    Defendant | Case No. 17-cv-6260<br><br>Judge Rebecca R. Pallmeyer |

**SIG SAUER INC.'S MOTION FOR LEAVE TO RESPOND TO THE LODGE'S SUR-REPLY TO AFFIDAVIT OF SGT. WASIM M. SAID**

    Sig Sauer Inc. ("Sig Sauer") respectfully requests leave to respond to proposed intervener, the Chicago John Dineen Lodge #7's ("Lodge"), sur-reply through filing the attached response brief (Exhibit A), and for a hearing and oral argument on the issues raised therein. Sig Sauer states as follows in support:

    1. The Lodge's request for an order declaring – as a matter of law – that CPD officers utilizing the Sig Sauer P320 as their primary service weapon is an infringement on the sanctity of human life is both extraordinary and without any forensic and evidentiary support.

    2. Notably, this extraordinary request is made without support or substantiation, or even proposing to conduct any discovery into this highly technical issue – i.e. the mechanical engineering of a firearm and whether it in fact poses an unreasonable safety risk to the officers carrying them and to the public. Rather, the Lodge cites to anecdotal allegations and media reports, while ignoring the only actual testing of the P320 that was performed by anyone at the CPD which found that they "*could not replicate*" any problems. (Doc. 1293-1, at ¶ 7.)

    3. This Court should reject the Lodge's request, not only because it is without a factual basis, but because it would result in extreme prejudice to Sig Sauer. Sig Sauer has not had any opportunity to

present any defense of their product. And to be clear, Sig Sauer submits that it has a compelling defense, vehemently denies that the P320 is defective, or that it poses an unreasonable risk to the CPD officers who carry it or to the public. Moreover, this Court should take notice that its order on this issue may have far reaching consequences that could prejudice Sig Sauer even further. As noted in both the Lodge and City's respective filings, Sig Sauer is a defendant in various product defect cases.[1] Should this Court enter the order that the Lodge requests, there is no doubt others will attempt to use that order against Sig Sauer in litigation. The Court should not entertain the idea of entering such an order without at least providing Sig Sauer with the opportunity to defend itself from these unsubstantiated allegations.

4.  It is also worth noting that though the City opposed the Lodge's request to intervene, the City's opposition was not based on a defense of the P320. Rather, the City argued (in sum) that there was no need to allow the Lodge to intervene because the CPD had already taken steps to "phase out" the Sig Sauer P320 as a CPD approved firearm. (Doc. 1293). And though Sig Sauer filed its related motion to intervene on August 8, 2025, arguing that it should be allowed to present evidence that the P320 does not pose an unreasonable risk safety risk to CPD officers or the public, the Court has not ruled on Sig Sauer's request. As a result, the Lodge continues to unfairly take advantage of the fact that Sig Sauer has not been afforded the opportunity to put on a defense by continuing to assert unsubstantiated and conclusory allegations about the P320. (Doc. 1338, at ¶¶ 11, 12, 13, and 18.)

5.  Again, Sig Sauer vehemently disputes these allegations and requests the opportunity to present evidence and argument demonstrating that these allegations lack any merit whatsoever.

WHEREFORE, intervenor Sig Sauer requests:

1)  leave to file the attached brief in response to the Lodge's sur-reply, (Exhibit A); and

---

[1] Notably, the Lodge and the City fail to inform the Court that the allegations against Sig Sauer in numerous cases **were dismissed on summary judgment**, **voluntarily dismissed by plaintiffs,** and in others, **found not liable at trial.**

2

    2)   a hearing and oral argument on these issues.

                                                 Respectfully submitted,

                                          By:     */s/ Carter Grant*

                                                     Attorneys for Sig Sauer

Carter Grant
**HART MCLAUGHLIN & ELDRIDGE, LLC**
One South Dearborn Street, Suite 1400
Chicago, Illinois 60603
Tel: (312) 955-0545
cgrant@hmelegal.com

Christopher Emch (*pro hac vice* forthcoming)
Julia Doherty (*pro hac vice* forthcoming)
**Foster Garvey PC**
111 Third Avene, Suite 3000
Seattle, Washington 98101
Tel: (206) 447-4400
chris.emch@foster.com
julia.doherty@foster.com